IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, <br> as Subrogee of Gallaudet University <br> 385 Washington Street, <br> St. Paul, MN 55102 <br><br> Plaintiff <br><br> vs. <br><br> CAPITOL SPRINKLER INSPECTION, INC. <br> 6550 Dobbin Road <br> Columbia, MD 21045 <br><br> Defendant | CASE NUMBER: <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, St. Paul Mercury Insurance Company, as Subrogee of Gallaudet University, by and through its undersigned counsel, hereby demands judgment against defendant, Capitol Sprinkler Inspection, Inc., and, upon information and belief, complains against defendant as follows:

## THE PARTIES

1. Plaintiff, St. Paul Mercury Insurance Company ("St. Paul"), is a corporation duly organized and existing under the laws of Minnesota with its principal place of business located at 385 Washington Street, St. Paul, Minnesota, and at all times material hereto was authorized to issue insurance policies in the State of Maryland.

2. St. Paul's insured, Gallaudet University ("Gallaudet"), was at all times material hereto the owner of the Kellog Conference Center located at 800 Florida Avenue, N.E. Washington, D.C. ("the Conference Center").

3. At all times material hereto, St. Paul insured Gallaudet for its real and personal property located at the Conference Center as well as for business interruption.

4. Defendant, Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler"), is a corporation duly organized and existing under the laws of Maryland with a principal address of 6550 Dobbin Road, Columbia, Maryland, and at all times material hereto, was engaged in the business of, among other things, inspecting, testing and maintaining fire protection systems.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked under 28 U.S.C. §1332 in view of the parties' diverse citizenship and the amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00) excluding interest and costs of this action.

6. Venue is properly laid in this judicial district because the events giving rise to plaintiff's claim occurred in it.

## FACTS

7. At all times material hereto, there was a dry fire protection sprinkler system at the Conference Center ("the System").

8. On or about April 22, 2002, Gallaudet contracted with defendant Capitol Sprinkler to do a semi-annual inspection of the System.

9. On or about January 9, 2003, Capitol Sprinkler inspected the System.

10. On or about January 9, 2003, Capitol Sprinkler certified that it had drained the valves and sprinkler lines in the System.

11. On or about January 25, 2003, a pipe fitting in the System froze, thawed and ruptured allowing water to discharge throughout the interior of the Conference Center and causing substantial damage ("the Incident").

12. It was later determined that the pipe froze because the drain valves in the System were not completely drained by defendant Capitol during its recent inspection.

13. In accordance with the terms of the above referenced insurance policy, plaintiff, St. Paul, paid its insured, Gallaudet University, an amount in excess of Seven Hundred Thousand Dollars ($700,000), representing the fair and reasonable cost of repairing and replacing its damaged property at the Conference Center and compensating it for its business interruption.

14. In accordance with the common law principles of legal and equitable subrogation, St. Paul is subrogated to the rights of its insured, Gallaudet University, regarding its claims against Capitol Sprinkler.

## COUNT I: NEGLIGENCE

15. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

16. The Incident was caused by the negligence, carelessness, gross negligence and/or reckless disregard for Gallaudet's property by defendant Capitol Sprinkler and/or its agents, workmen and/or employees acting within the scope of their employment. This negligence, carelessness, gross negligence and/or reckless disregard for the property of others consisted of, among other things, the following:

a) failing to act in a safe and proper manner with due regard for the safety and welfare of plaintiff's insured's property;

b) failing to take all necessary precautions to prevent damage to plaintiff's insured's property;

c) failing to properly inspect, test and maintain the System in accordance with applicable industry standards;

d) failing to hire competent agents, workmen and/or employees to inspect, test and maintain the System;

e) failing to properly and adequately drain the System after testing;

f) violating applicable standards, codes and/or industry customs and practices, including but not limited to NFPA 25; and

g) such other and further negligent acts and omissions which may be revealed through discovery.

17. As a direct and proximate result of the aforesaid negligence, carelessness, gross negligence and/or reckless disregard for the property of others, plaintiff's insured suffered substantial water damage to its property and business interruption, for which plaintiff has reimbursed its insured.

WHEREFORE, plaintiff, St. Paul Mercury Insurance Company, as Subrogee of Gallaudet University, demands judgment against defendant, Capitol Sprinkler Inspection, Inc., in an amount in excess of Seven Hundred Thousand Dollars ($700,000), together with interest, costs, and other relief that this court deems just and equitable.

## COUNT II:   BREACH OF CONTRACT

18.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

19.   On or about April 22, 2002, Gallaudet contracted with defendant Capitol Sprinkler to do a semi-annual inspection of the System.

20.   Under the terms of the aforementioned contract, Capitol Sprinkler agreed to "inspect, test and service the fixed fire protection equipment in a workmanlike manner in accordance with this contract, and the requirements of the National Fire Protection Association (NFPA) Care and Maintenance of Sprinkler System (No. 13-A) and American Insurance Association publication "Recommended Method for Reporting Dry Pipe Valve Tests (No. 13-C)."

21.   Defendant Capitol Sprinkler breached its contractual obligations by failing to inspect, test, and service the System in a workmanlike manner.

22.   Defendant Capitol Sprinkler breached its contractual obligations by failing to inspect, test, and service the System in accordance with the requirements of the contract.

23.   Defendant Capitol Sprinkler breached its contractual obligations by failing to inspect, test, and service the System in accordance with the requirements of NFPA 13.

24.   As a direct and proximate result of the aforesaid breaches of contract, the Incident occurred resulting in substantial damage to plaintiff's insured's property and business interruption, for which plaintiff has reimbursed its insured.

WHEREFORE, plaintiff, St. Paul Mercury Insurance Company, as Subrogee of Gallaudet University, demands judgment against defendant, Capitol Sprinkler Inspection, Inc., in an amount in excess of Seven Hundred Thousand Dollars ($700,000), together with interest, costs, and other relief that this court deems just and equitable.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

By: _____
Eric N. Stravitz  (D.C. Bar #438093)
2000 Massachusetts Avenue
Suite 200
Washington, DC 20036
(202) 463-0303
(202) 861-8858 Fax
strav@erols.com

Of Counsel
Cozen O'Connor
David J. Groth, Esquire
Daniel J. Luccaro, Esquire
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a jury trial.

_____
Eric N. Stravitz  (D.C. Bar #438093)