IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, 385 Washington Street, St. Paul, MN 55102<br><br>      Plaintiff,<br><br>v.<br><br>CAPITOL SPRINKLER INSPECTION, INC., 6550 Dobbin Road, Columbia, MD 21045<br><br>      Defendant. | Case No. 1:05CV02115<br><br>**Trial by Jury Demanded** |

## ANSWER

Defendant, Capitol Sprinkler Inspection, Inc., by and through the undersigned counsel, hereby opposes Plaintiff's Complaint for money damages and in support, states the following:

### THE PARTIES

1. Upon information and belief, admitted.

2. Capitol Sprinkler Inspection, Inc., (hereinafter referred to as "Capitol Sprinkler"), lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

3. Capitol Sprinkler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

4. Capitol Sprinkler admits the averments set forth in this paragraph.

### JURISDICTION AND VENUE

5. Upon information and belief, admitted.

6. Upon information and belief, admitted.

DE050009.1

## FACTS

7. Whereas Plaintiff has not defined "all times material hereto", Capitol Sprinkler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

8. Admitted.

9. Upon information and belief, admitted.

10. Whereas Plaintiff has not identified with specificity "the valves and sprinkler lines in the System," Capitol Sprinkler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

11. Admitted that on or about January 25, 2003, a pipe fitting failed, allowing water to discharge into the interior of the conference center. Subject to the foregoing, denied.

12. Capitol Sprinkler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

13. Capitol Sprinkler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, denies the allegations.

14. The averments of Paragraph 14 state a conclusion of law to which no response is required.

## COUNT I: NEGLIGENCE

15. Answering Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials and further answers contained in the foregoing paragraphs 1 through 14.

16. Capitol Sprinkler denies the allegations in Paragraph 16 of Plaintiff's Complaint in full and as to each subpart.

17. Capitol Sprinkler denies the allegations in Paragraph 17 of Plaintiff's Complaint.

DE050009.1

## COUNT II: BREACH OF CONTRACT

18. Answering Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials and further answers contained in the foregoing paragraphs 1 through 17.

19. Admitted.

20. Admitted that Defendant Capitol Sprinkler agreed to *inter alia*, inspect, test and service the fire protection equipment in a workman-like manner in accordance with the contract and the requirements of the applicable NFPA and American Insurance Association Publication. Subject to the foregoing, denied.

21. Capitol Sprinkler denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Capitol Sprinkler denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Capitol Sprinkler denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Capitol Sprinkler denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff knowingly and voluntarily assumed any and all risk associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

3. Plaintiff's claims are barred because the damages alleged by Plaintiff were not proximately caused by any act or omission of Capitol Sprinkler Inspection, Inc.

4. Plaintiff's claims are barred by the economic loss doctrine.

5. Plaintiff's recovery, if any, is barred or reduced pursuant to the comparative negligence, fault, responsibility or causation of others, including, but not limited to, Plaintiff.

DE050009.1

6.  Plaintiff was negligent in that:

   a)  It was unable to provide Defendant access to that part of the sprinkler system that failed;

   b)  It's employee or agent failed to return to the fifth floor to complete the draining process on a particular drum drip to which Defendant was not given access; and

   c)  It failed to reasonably monitor the system while impaired in violation of NFPA 25.

7.  Plaintiff was negligent in that it permitted the ambient temperature surrounding the subject system to drop to such levels as to permit liquids to freeze.

8.  Plaintiff's damages, if any, were caused in whole or in part by the acts and omissions of other entities over whom Capitol Sprinkler Inspection, Inc. had no authority or control.

9.  Plaintiff's claims are barred because any damages allegedly sustained by Plaintiff were the result of pre-existing or subsequent conditions that are unrelated to Capitol Sprinkler Inspection, Inc.'s performance.

10. Plaintiff's claims are barred because any damages allegedly sustained by Plaintiff were the direct and proximate result of an independent, unforeseeable superseding or intervening cause.

11. Plaintiff's claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses.

12. Should Capitol Sprinkler Inspection, Inc. be held liable to Plaintiff, which liability is specifically denied, Capitol Sprinkler Inspection, Inc. would be entitled to a set-off for the total of all amounts paid to Plaintiff from all collateral sources.

DE050009.1

13. Plaintiff St. Paul Mercury Insurance Company lacks standing to pursue the subject cause.

14. Plaintiff's claims are barred or reduced due to plaintiff's insured's failure to mitigate its damages.

15. Defendant Capitol Sprinkler Inspection, Inc. requests that Plaintiff be denied the relief sought in its Complaint at law, and that Capitol Sprinkler Inspection, Inc. be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Capitol Sprinkler Inspection, Inc. reserves the right to supplement its Answer and affirmative defenses with additional defenses that may become available or apparent during the course of investigation, preparation or discovery, and to amend its Answer accordingly.

**WHEREFORE,** Capitol Sprinkler Inspection, Inc. prays for relief and judgment against Plaintiff as follows:

A. that Plaintiff takes nothing by reason of Plaintiff's Complaint;

B. that this action be dismissed with prejudice;

C. that Capitol Sprinkler Inspection, Inc. recover its fees, costs and attorney fees incurred herein; and such further and other relief as the Court deems proper.

Respectfully submitted,

*/s/ Donald R. Kinsley*
Donald R. Kinsley, Esquire, D.C. Bar No.432998
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DATED: January 16, 2006

DE050009.1