IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : Case No. 1:05CV02115 |
| v. | : <br> : Jury Trial Demanded |
| CAPITOL SPRINKLER INSPECTION, INC. | : <br> : |
| Defendant/Third-Party Plaintiff, | : <br> : |
| v. | : <br> : |
| GUEST SERVICES, INC., | : <br> : |
| Third-Party Defendant. | : |

## THIRD-PARTY COMPLAINT

DEFENDANT/THIRD-PARTY PLAINTIFF, Capitol Sprinkler Inspections, Inc., by and through the undersigned counsel, hereby demands judgment against third-party defendant, Guest Services, Inc., and complains as follows:

1. Defendant/Third-Party Plaintiff, Capitol Sprinkler Inspections, Inc., has been sued by Plaintiff, St. Paul Mercury Insurance Company, as subrogee of Gallaudet University, (hereinafter "Gallaudet"). A copy of the Complaint is attached as Exhibit "A".

2. On or about April 22, 2002, Gallaudet contracted with Defendant/Third-Party Plaintiff, Capitol Sprinkler Inspection, (hereinafter "Capitol Sprinkler") to perform a semi-annual inspection of the fire suppression system located within the Kellogg Conference Center at Gallaudet University.

3. On or about January 9, 2003, Capitol Sprinkler inspected those portions of the fire

suppression system to which it was given access.

4. Plaintiff claims that on or about January 25, 2003, a pipe in the system froze and caused water to flow into the interior of the Kellogg Conference Center.

5. Plaintiff claims that Capitol Sprinkler was negligent in failing to properly inspect, test, maintain and adequately drain the system, and that Capitol Sprinkler breached its contract with Gallaudet by failing to properly inspect, test and service the system.

6. Upon information and belief, Third-Party Defendant, Guest Services, Inc., (hereinafter "Guest Services") is a Delaware corporation, with its principal place of business at 3055 Prosperity Avenue, Fairfax, Virginia 22031.

## **COUNT I - NEGLIGENCE**

7. Third Party Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 6 as though each were set forth fully herein at length.

8. On or about January 9, 2003, Third-Party Defendant Guest Services served as Plaintiff's insured's servant, agent, employee or independent contractor, to perform certain maintenance and management of the Kellogg Conference Center.

9. As Gallaudet's servant, agent, employee or independent contractor, Guest Services, had a duty to provide Capitol Sprinkler access to all drum drips in the subject fire suppression system.

10. On or about January 9, 2003, Capitol Sprinkler requested Guest Services to provide access to all drum drips located on the fifth floor of the conference center.

11. Guest Services was breached its duty in that it failed to provide Capitol Sprinkler access to all drum drips located on the fifth floor as requested.

12. Third-Party Defendant owed a duty of care to reasonably monitor the system and react to alarms and warnings issued by the annunciator system.

13. Third-Party Defendant negligently failed to stop the flow of water immediately upon notification from the water flow alarm that the integrity of the sprinkler system had been disturbed.

14. Third-Party Defendant breached its duty of care by failing to reasonably monitor the system and by failing to stop the flow of water.

15. As a direct and proximate result of the aforesaid negligence, Plaintiff suffered damages.

## COUNT II - BREACH OF CONTRACT

16. Third-Party Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs1 through 15 as though each were set forth fully herein at length.

17. On January 9, 2003, Guest Services was under contract with Gallaudet to perform certain maintenance and management of the Kellogg Conference Center.

18. Under the terms of the aforementioned contract, Guest Services was required to perform certain duties such as provide Capitol Sprinkler access to all drum drips in the subject fire suppression system.

19. Guest Services breached its contractual obligations by failing to provide Capitol Sprinkler access to all drum drips in the subject fire suppression system.

20. As a direct and proximate result of the aforesaid breach, Plaintiff suffered damages.

21. Defendant/Third-Party Plaintiff Capitol Sprinkler has denied liability to Plaintiff,

but asserts that if held liable to Plaintiff, it is entitled to contribution and indemnification from Third-Party Defendant Guest Services, Inc.

WHEREFORE, Defendant/Third-Party Plaintiff Capitol Sprinkler requests contribution and/or indemnification from Third-Party Defendant Guest Services, Inc. as to any liability which may be adjudged against Capitol Sprinkler in favor of Plaintiff.

Donald R. Kinsley, Esquire / D.C. Bar No. 432998
Norman H. Brooks, Jr., Esquire
Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant/Third-Party Plaintiff*

DATED: 1/30/06

DE051616.2