IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

    Plaintiff,

v.                                              Civil Action No. 1:5cv-2115-CKK
                                               Judge   Colleen   Killar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

    Defendant,

v.

GUEST SERVICES, INC.

    Third-Party Defendant.
_____/

**THIRD PARTY DEFENDANT, GUEST SERVICES, INC.'S ANSWER
AND GROUNDS OF DEFENSE TO THIRD PARTY COMPLAINT**

COMES NOW, the third party defendant, Guest Services, Inc., by counsel, and for its Answer and Grounds of Defense to the Third Party Complaint, states the following:

FIRST DEFENSE

The Third Party Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

There is no contractual relationship between Capitol Sprinkler Inspection, Inc. and Guest Services, Inc.

## THIRD DEFENSE

Guest Services, Inc. did not owe a duty in tort to Capitol Sprinkler Inspection, Inc. under the facts and circumstances of this case.

## FOURTH DEFENSE

In response to the specific allegations contained in the Third Party Complaint, the third party defendant states the following:

1. The allegations contained in paragraph no. 1 are admitted.

2. This defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 2.

3. This defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 3.

4. This defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 4.

5. In response to the allegations contained in paragraph no. 5, it is admitted that Capitol Sprinkler Inspection, Inc. has set forth some of the allegations made by the plaintiff against Capitol Sprinkler Inspection, Inc.

6. The allegations contained in paragraph no. 6 are admitted.

### Count I

7. In response to the allegations contained in paragraph no. 7, the defendant incorporates its responses to the allegations contained in paragraph nos. 1 through 6.

8.      In response to the allegations contained in paragraph no. 8, it is admitted that Guest Services, Inc. had a contractual relationship with Gallaudet University concerning the operation of the Kellogg Conference Center. The rights, duties and obligations of the parties are set forth in that Agreement.

9.      The allegations contained in paragraph no. 9 are denied.

10.     The allegations contained in paragraph no. 10 are denied.

11.     The allegations contained in paragraph no. 11 are denied.

12.     The allegations contained in paragraph no. 12 state a conclusion of law and as such, no response is required. To the extent a response is required, the allegations are denied.

13.     The allegations contained in paragraph no. 13 are denied.

14.     The allegations contained in paragraph no. 14 are denied.

15.     The allegations contained in paragraph no. 15 are denied.

## Count II

16.     In response to the allegations contained in paragraph no. 16, the third party defendant incorporates its responses to the allegations contained in paragraph nos. 1 through 15.

17.     In response to the allegations contained in paragraph no. 17, it is admitted that Guest Services, Inc. was under a contract with Gallaudet University to perform certain management functions of the Kellogg Conference Center. The remaining allegations in paragraph no. 17 are denied.

18.     The allegations contained in paragraph no. 18 are denied.

19.     The allegations contained in paragraph no. 19 are denied.

20.     The allegations contained in paragraph no. 20 are denied.

21.     The allegations contained in paragraph no. 21 are denied.

22.     Any allegation not specifically admitted is hereby denied.

WHEREFORE, having fully responded to the allegations contained in the Third Party Complaint, the defendant prays that judgment be entered in favor of the defendant and against the defendant Capitol Sprinkler Inspection, Inc., along with costs as allowed by law and such relief as the Court may find appropriate.

## Jury Demand

The defendant demands a trial by jury on all issues.

Respectfully submitted,

**GUEST SERVICES, INC.**

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive

Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer and Grounds of Defense to Third Party Complaint** was served by mail, first class, postage prepaid on the 4th day of April, 2006 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
2000 Massachusetts Avenue, N.W.
Suite 200
Washington, D.C. 20036
*Counsel for Plaintiff*

E-mail: strav@erols.com

Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

davidgroth@cozen.com

Norman H. Brooks, Esquire
Wayne F. Johnson, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*

E-mail: nbrooks@mooclaw.com

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*

E-mail: fjohnson@mooclaw.com

_____
Stephen A. Horvath