# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University<br><br>Plaintiff<br><br>vs.<br><br>CAPITOL SPRINKLER INSPECTION, INC<br><br>Defendant<br><br>vs.<br><br>GUEST SERVICES, INC.<br><br>Third-Party Defendant | CASE NUMBER: 1:05CV02115 |

**JOINT STATEMENT OF PARTIES' LOCAL CIVIL RULE 16.3 PLANNING MEETING**

Pursuant to Fed.R.Civ.P 26(f) and Local Civil Rule 16.3(a), a discovery planning meeting was held on April 3, 2006. The participants in the meeting were:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-6968
**Counsel for Plaintiff**

Norman H. Brooks, Esquire
Wayne F. Johnson, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, #800
Wilmington, DE 19805
(302) 658-6538
**Counsel for Defendant**

Stephen Horvath, Esquire
Trichilo, Bancroft, McGavin, Horvath
& Judkins, P.C.
3920 University Drive, P.O. Box 22
Fairfax, VA 22030
(203) 385-1000
**Counsel for Third Party Defendant**

I.  **STATEMENT OF THE CASE**

    A.  **Facts**

This is a property damage subrogation case arising out of a large water leak at the Kellog Conference Center located at 800 Florida Avenue, N.E. Washington, D.C. ("the Conference Center") on January 25, 2003, which allegedly occurred as a result of the freezing and bursting of a sprinkler pipe.  The Conference Center was owned by plaintiff's insured, Gallaudet University ("Gallaudet").  Prior to the leak, Gallaudet contracted with defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") to inspect and test the sprinkler system at the Conference Center.   Plaintiff claims the leak resulted in damages allegedly in excess of $700,000, which plaintiff paid insured under its property insurance policy.

    B.  **Claims**

Plaintiff asserts that defendant Capitol Sprinkler was negligent and breached its contract by failing to properly inspect and test the sprinkler system at the Conference Center. Specifically, plaintiff alleges that defendant Capitol Sprinkler failed to properly drain the valves and sprinkler lines during its inspection on January 9, 2003, which permitted the freezing, rupturing and leaking of the sprinkler system.

Defendant filed a third-party action against Guest Services, Inc. ("Guest Services"). Defendant alleges that Guest Services, the maintenance and/or management company retained by plaintiff's insured, failed to provide defendant's service people with access to the drains (drum drips) on the fifth floor.  As a result, defendant could not drain the drum drips.  Defendant also alleges that Guest Services failed to reasonably monitor the sprinkler system and failed to stop the flow of water immediately upon notification from a water flow alarm that the integrity of the sprinkler system had been disturbed.

### C. Defenses

#### 1. Defenses of Defendant Capitol Sprinkler

Defendant Capitol Sprinkler denies breach of contract and all negligent conduct alleged by the plaintiff. The defendant further denies that its actions are a proximate cause of the plaintiff's alleged damages. Finally, the defendant asserts affirmative defenses including: plaintiff's failure to mitigate damages; intervening/superceding conduct of third parties, and contributory negligence on the part of Gallaudet in that:

    a) It permitted the ambient temperature surrounding the subject system to drop to such levels as to permit liquids to freeze;

    b) It was unable to provide Defendant access to that part of the sprinkler system that failed;

    c) It's employee or agent failed to return to the fifth floor to complete the draining process on a particular drum drip to which Defendant was not given access; and

    d) It failed to reasonably monitor the system while impaired in violation of NFPA 25.

#### 2. Third-party defendant Guest Services' defenses

Guest Services denies that it had any contractual relationship with Capitol Sprinkler, denies that it owed any duty of care to Capitol Sprinkler, denies that it had any obligations as set forth in the Complaint, and denies any and all breach of contract and negligence. Guest Services further asserts that the damages are the result of others, and not this party.

Guest Services incorporates the affirmative defenses raised by Capitol Sprinkler of the plaintiff's failure to mitigate damages and contributory negligence. In addition, Guest Services raises the affirmative defenses of Capitol Sprinkler Inspection's negligence and/or assumption of the risk, breach of contract, and failure to comply with applicable standards for servicing sprinkler units.

**D.     Jurisdiction**

The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1332. There are no issues with regard to jurisdiction.

**II.    MATTERS DISCUSSED BY THE PARTIES AS REQUIRED BY LOCAL CIVIL RULE 16.3**

**A.     Whether the case is likely to be disposed of by dispositive motion.**

Third-party defendant Guest Services intends to file a summary judgment motion on the third-party claim based on provisions in the contract between Guest Services and Gallaudet. Defendant Capitol Sprinkler has not yet determined whether dispositive motions will be appropriate in this case.

**B.     Date by which other parties shall be joined or pleadings amended.**

The parties do not anticipate joining any further parties at this time.

**C.     Whether or not case should be assigned to a Magistrate Judge.**

The parties do not consent to the assignment to a Magistrate Judge.

**D.     Whether there is a realistic possibility of settlement.**

The parties believe there may a possibility of settlement following fact discovery.

**E.     Whether the case could benefit from the Court's ADR.**

The parties believe the case could benefit from the Court's ADR and suggest a mediation take place after completion of fact discovery and exchange of expert reports.

**F.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions oppositions, and replies and proposed dates for a decision on the motions.**

Third-party defendant Guest Services intends to file a summary judgment motion on the third-party claim based on provisions in the contract between Guest Services and Gallaudet University. Defendant Capitol Sprinkler Inspections has not yet determined whether dispositive

motions will be appropriate in this case. The proposed date for filing of dispositive motions is set forth in Section III below.

> **G.  Whether the parties should stipulate to dispense with the requirements of Rule 26(a)(1).**

The parties do not stipulate to dispensing with the requirements of Rule 26(a)(1).

> **H.  The anticipated extent of discovery and a proposed schedule for discovery.**

The parties propose anticipate taking discovery on liability and damage issues. The parties anticipate depositions of several representatives of Capitol Sprinkler, Guest Services, Gallaudet University and plaintiff. The parties proposed scheduling order is below.

> **I.  Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties agree not to modify the requirements of Rule 26(a)(2). The parties agree that depositions of experts should occur in accordance with the proposed scheduling order below.

> **J.  Whether the trial and/or discovery should be bifurcated.**

There is no need to bifurcate trial and/or discovery.

> **K.  The date for the pretrial conference.**

Pretrial conference is scheduled for April 5, 2006.

> **L.  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties request the Court set a firm trial date at the scheduling conference.

> **M.  Other matters that the parties believe may be appropriate for inclusion in the scheduling order.**

There are no other matters the parties deem appropriate for inclusion in the scheduling order.

**III.    PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| Exchange of Rule 26(a)(1) Disclosures | 4/17/2006 |
| Amendment of Pleadings/Joinder of Parties | 6/17/2006 |
| Plaintiff/Third-Party Plaintiff's Expert disclosures pursuant to Rule 26(a)(2) | 8/15/06 |
| Defendant/Third Party Defendant's expert disclosures pursuant to Rule 26(a)(2) | 10/15/06 |
| Plaintiff/Third Party Plaintiff's rebuttal experts disclosed | 11/6/06 |
| Discovery closes | 12/15/06 |
| Deadline for dispositive motions | 1/15/06 |
| Pretrial Conference | To be set by Court |
| Trial Date | To be set by Court |

Respectfully submitted,

s/
Eric Stravitz, Esquire
John Mesirow, Esquire
Mesirow & Stravitz
2000 Massachusetts Avenue , Suite 200
Washington, DC 20036
(202) 463-0303
Local Counsel for Plaintiff

s/
Donald R. Kinsley, Esquire
Norman H. Brooks, Esquire
Wayne F. Johnson, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, #800
(302) 658-6538
Counsel for Defendant

s/
David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Counsel for Plaintiff

s/
Stephen Horvath, Esquire
Trichilo, Bancroft, McGavin, Horvath &
  Judkins, P.C.
3920 University Drive, P.O. Box 22
Fairfax, VA  22030
(703) 385-1000
Counsel for Third Party Defendant