IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : : : : |
| Plaintiff, | : : |
| v. | : Case No. 1:05-CV-02115 |
| CAPITOL SPRINKLER INSPECTION, INC. | : : |
| Defendant/Third-Party Plaintiff, | : : |
| v. | : : |
| GUEST SERVICES, INC., | : : |
| Third-Party Defendant. | : |

**MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S
RULE 26(a)(2)(B) DISCLOSURES**

Capitol Sprinkler Inspection, Inc. ("Capitol") moves this Honorable Court for leave to supplement its Disclosure of Expert Testimony filed in this matter pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) on October 16, 2006. In support thereof, Capitol states as follows:

**STATEMENT OF POINTS AND AUTHORITIES**

1.   This is a property damage subrogation case arising out of a large water release at the Kellog Conference Center on the Gallaudet University Campus on January 25, 2003, which apparently occurred as a result of the freezing and bursting of a sprinkler pipe. The Conference Center was owned by plaintiff's insured, Gallaudet University. Prior to the release, Gallaudet contracted with Capitol to inspect and test the sprinkler system. Plaintiff claims damages of approximately $800,000,

DE075997.1

which Plaintiff paid to is insured pursuant to the terms of its insurance policy.

2. Plaintiff asserts that Capitol was negligent and breached its contract by failing to properly inspect and test the sprinkler system at the Conference Center. Specifically, Plaintiff alleges that Capitol failed to properly drain the valves and sprinkler lines during its inspection on January 9, 2003, which permitted the freezing, and rupturing of the sprinkler system.

3. Capitol filed it's Third-Party Complaint (D. I. 12) against Third-Party Defendant Guest Services on January 30, 2006. In it, Capitol alleged that Guest Services acted as Plaintiff's agent on the day of the loss, January 9, 2003.

4. In it, Capitol also alleged that Third-Party Defendant Guest Services was negligent in that it had a duty to provide Capitol access to all of the drum drips in the fire protection system, i.e., all of the points to which it required access in order to drain the pipes. (D.I. 12, par. 10)

5. Capitol alleged that Guest Services breached its duty in that it failed to provide Capitol Sprinkler access to the drum drips (D.I. 12, par. 11).

6. In it, Capitol Sprinkler also alleged that Guest Services had a duty to reasonably monitor the system and react to alarms and warnings issued by the annunciator system, and that it negligently failed to stop the flow of water immediately upon notification from the water flow alarm that the integrity of the sprinkler system had been disturbed. (D.I. 12, pars 12 & 13)

7. Finally, Capitol alleged that Guest Services breached its duty of care by failing to reasonably monitor the system and by failing to stop the flow of water.

8. On April 5, 2006, the Court held its Rule 16(a) Pre-Trial Conference and issued a minute order requiring Capitol to serve expert testimony in the form required in Rule 26(a)(2)(B) by Sunday, October 15, 2006.

9. Capitol sought and received extension of that deadline because it was unable to depose the

DE075997.1

corporate designees of Guest Services, Inc. ("Guest") and Gallaudet University (two former Guest employees) before the deadline passed. (See D.I. 23, Attached hereto as Exhibit 1).

10. On October 16, 2006 Capitol served its Rule 26(a)(2)(B) Disclosure of Expert Testimony on Counsel for Guest and St. Paul Mercury Insurance Co. ("St. Paul"). (See D.I. 24 and Disclosure, attached hereto as Exhibits 2 and 3 respectively).

11. As part of its Disclosure, Capitol provided the *curriculum vitae* of its expert, James S. Davidson, Jr., P.E., as well as a summary of his testimony and fees.

12. Although Mr. Davidson did not personally execute Capitol's initial disclosure, his opinions were identified as follows:

> "Mr. Davidson will testify to the following:
>
> (1) Gallaudet University and Guest Services, Inc. failed to grant Capitol access to the drum drip in the Guest suite during the January 9, 2003 inspection to allow it to drain any water that may have existed in the sprinkler pipe;
>
> (2) Upon the alarm being set off, Gallaudet and Guest failed to re-transmit the alarm to the appropriate fire service; and
>
> (3) Because Gallaudet failed to immediately notify the water service of the alarm, inordinate amounts of water was (*sic*) discharged throughout the building which caused damages well in excess of the foreseeable damages proximately resulting from a system failure of a water discharge."

13. On October 24, 2006, Capitol Noticed the Deposition of Guest's former employees, and on October 31, 2006 sought discovery of their current location and contact information by way of an Interrogatory served upon Guest. (See D.I. 26 and 27 respectively).

14 Guest Services refused to properly respond to Capitol's Interrogatory, claiming that the

DE075997.1

information sought was confidential. (See Exhibit 4).

15. Capitol continued its efforts to locate Guest's former employees, without Guest's assistance, and in the interim deposed Mr. Gary Aller, and Mr. Kenneth McClaughlan, Plaintiff's Experts.

16. During the deposition of Mr. McClaughlan, on January 5, 2007, opposing counsel objected to Capitol's Rule 26(a)(2)(B) disclosure as inadequate, lacking the requisite report. (See Excerpt from Deposition of Kenneth R. McClaughlan, R.E., attached hereto as Exhibit 5)

17. Following Mr. McClaughlin's deposition, it became apparent that Guest's former employees were not going to be produced and were otherwise unavailable for deposition.

18. Capitol subsequently vacated the deposition of these witnesses, and on January 12, 2007, Capitol's expert rendered his signed opinion without the benefit of their testimony. (See Opinion of James S. Davidson, Jr., P.E., attached hereto as Exhibit 6).

19. In short, these are essentially the same opinions expressed by in Capitol's Rule 26(a)(2)(B) Disclosure of October 16, 2006. (See Exhibit 3)

20. Capitol seeks leave to supplement its Rule 26(a)(2)(B) disclosure pursuant to Federal Rule of Civil Procedure 26(e). Pursuant to that rule, "a party who has made disclosure under [26(a)(2)(B)] . . . is under a duty to supplement or correct the disclosure . . . to include information thereafter acquired if ordered by the Court or in the following circumstances:

> (1) . . . if the party learns that in some material respect, the information disclosed is incomplete . . . and if the additional or corrective information has not otherwise been made known to other parties during discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B), the duty extends both to the information contained in the report and to information provided through a deposition of the deposition, . . . ." *Fed. R. Civ. P.* 26(a)(2)(B)

21.     "The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examinations at trial." *Minebea Company, Ltd., et al. v. George Papst, et al.*, 231 FRD 3 (U.S. Dist. DC 2005), citing *Coles v. Perry*, 217 FRD 1, 4 (DDC 2003).

22.     "The rule permits . . . adding information that was not available at the time of the initial report." *Id.*, citing *Keaner v. United States*, 181 FRD 639, 640 (D. Mont. 1998); *also citing Coles v. Perry* at 3. Supplemental reports are permitted under Rule 26(e)(1) in order to complete or correct an incomplete or inaccurate prior filing. *Id.*

23.     Filing a supplement to a party's previously-filed Rule 26(a)(2)(B) disclosure after the expiration of the discovery deadline, typically requires leave to extend the underlying Scheduling Order issued pursuant to Federal Rule of Civil Procedure 16(b). *See Amtrak v. Express Track, LLC*, 2006 U.S. Dist. LEXIS 67642 (D. D.C. Sept. 21, 2006). (Attached hereto as Exhibit 7)

24.     "Rule 16(b) provides that 'a [scheduling] [order] shall not be modified except upon a showing of good cause and by leave of a district judge . . . .' *Fed. R. Civ. P.* 16(b); *See also* LCvR 16.4; *Olgyay v. Society for Environmental Graphic Design, Inc.*, 169 FRD 219, 220 (DDC 1996)." *Id.*

25.     "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. District Court may [therefore] modify a pre-trial schedule if it can not reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citations omitted).

26.     In rendering its decision on a party's motion for leave to supplement its Rule 26(a)(2)(B) disclosure, however, in addition to examining the diligence of the moving party, the Court must consider and balance the possible prejudice to any party opposing the motion with a likelihood that the movant will be substantially prejudiced should the motion be denied. See *Id.* at *8 and *13 (internal citations omitted).

DE075997.1

27.    Capitol herein timely placed all parties on notice of the substance of its expert's opinions in October of 2006.

28.    Capitol has pursued discovery in this matter that was considered necessary to support its expert's opinions since that time.

29.    Guest failed or refused to provide discovery that would have assisted Capitol in obtaining that information or determining at an earlier time that it was unavailable.

30.    Neither Plaintiff nor Third-Party Defendant has sought to strike Capitol's Rule 26(a)(2)(B) disclosure as filed.

31.    While no other party will be harmed by the supplementation of Capitol's Rule 26(a)(2)(B) report with the letter opinion executed by Mr. Davidson, Capitol will be substantially prejudiced by its exclusion.

WHEREFORE, Defendant, Capitol Sprinkler Inspection, Inc., hereby respectfully requests that this Honorable Court GRANT its motion and permit it to supplement its Rule 26(a)(2)(B) Expert Disclosure with the letter executed by Jim Davidson, P.E., (Exhibit 6), on January 12, 2007, and produced to opposing counsel the same day.

                                       MARKS, O'NEILL,
                                       O'BRIEN & COURTNEY, P.C.

                                       _\s\ *Donald R. Kinsley*_
                                       Donald R. Kinsley, Esquire (Bar ID No. 432998)
                                       Michael T. Hamilton, Esquire (Bar ID No. 474233)
                                       Norman H. Brooks, Jr., Esquire (PHV)
                                       913 N. Market Street, Ste. 800
                                       Wilmington, DE 19801
                                       *Attorneys for Defendant/Third-Party Plaintiff*

DATE: February 5, 2007