**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University | CASE NUMBER: 1:05CV02115 |
| Plaintiff | |
| vs. | |
| CAPITOL SPRINKLER INSPECTION, INC | |
| Defendant | |
| vs. | |
| GUEST SERVICES, INC. | |
| Third-Party Defendant | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S RULE 26(a)(2)(B) DISCLOSURES**

Plaintiff St. Paul Mercury Insurance Company, by and through its undersigned counsel, hereby opposes defendant Capitol Sprinkler Inspection, Inc.'s Motion for Leave to Supplement Defendant's Expert Disclosure, and in support of its opposition states as follows:

**I.    INTRODUCTION**

On January 31, 2007, all counsel met with Judge Kollar-Kotelly for a final status conference in order to set dates for pretrial submissions and an actual trial date.  This status conference was preceded by a discovery deadline date set by the Court of January 5, 2007, and a mediation with Magistrate Judge Kay which occurred on January 10, 2007.  However, instead of scheduling a trial date, the Court was presented by defendant Capitol Sprinkler with an oral motion to extend the already missed November 6, 2006 deadline for defendant's Rule 26(a)(2)(B) expert disclosure.  When

the Court asked Capitol Sprinkler why no formal motion was filed and served regarding defendant's requested extension before the already extended expert disclosure deadline of November 6, 2006, on or before the discovery deadline of January 5, 2007, or on or before the status conference on January 31, 2007, defendant Capitol Sprinkler had no answer.  Consequently, the Court directed defendant Capitol Sprinkler to file a formal written motion to address the issue and explain why pretrial discovery should be reopened long after the Court ordered discovery completion deadline of January 5, 2007.

When counsel for defendant Capitol Sprinkler asked the Court what the motion should be titled, the Court's response was "Motion to Conduct Discovery Out of Time." Instead, defendant Capitol Sprinkler has filed this Motion for Leave to Supplement Defendant's Rule 26(a)(2)(B) Disclosures.  As the following clearly indicates, that is a complete misnomer, since a party can only supplement its expert disclosures if a timely prior expert disclosure was, in fact, served upon the opposing parties.  In this case, nothing even closely resembling a Rule 26(a)(2)(B) expert report signed by the defendant's expert was ever filed by defendant Capitol Sprinkler before the discovery deadline of January 5, 2007.

## II.    FACTUAL HISTORY OF DISCOVERY IN THIS CASE

A review of defendant's motion will reveal that defendant Capitol Sprinkler still has not provided any information to the Court to explain:  1) why defendant did not supplement its so-called October 16, 2006 Rule 26 "expert disclosure" by the extended deadline, November 6, 2006, which all counsel agreed to and the Court ordered, and 2) why the defendant failed to file a motion for yet another extension prior to the January 5, 2007 discovery deadline set by the Court, but instead waited until the January 31, 2007

status conference to make an "oral" motion to extend. Having anticipated this exact scenario, plaintiff's counsel forwarded to defendant's counsel the attached letter dated January 15, 2007 marked as Exhibit "A". That letter provides specific details regarding the defendant's failure to conduct timely discovery throughout the entire case. Exhibit "A" also includes other exhibits (#1-4) which would permit this Court to conclude that the defendant knew of and willfully ignored the extended Rule 26 expert discovery deadline set by the Court in its Order of October 24, 2006.

  For example, after defendant Capitol Sprinkler was granted an extension by the Court until November 6, 2006 to provide its Rule 26 expert disclosure, and defendant failed to comply with that deadline, plaintiff's counsel wrote to defendant's counsel on November 9, 2006 (see attached Exhibit "4" to plaintiff's attached Exhibit "A"). In that letter, plaintiff confirmed that defendant had <u>not</u> issued its expert disclosure by the extended deadline set by the Court, and advised defendant that plaintiff would not agree to any further extension of the deadline. Plaintiff also advised defendant of its position that the October 16, 2006 so-called expert disclosure by defendant was completely inadequate, since it was not a report signed by the expert. Instead, it was an attorney generated, two page document which did nothing more than provide the expert's name and three bullet point "opinions" by the expert. See Exhibit "3" to defendant's motion. In fact, the first two bullet points are not even opinions. They are merely recitations of alleged facts. The third bullet point is primarily a legal conclusion, not an opinion regarding the cause of the subject sprinkler system leak.

  Defendant Capitol Sprinkler <u>failed to respond</u> in any way to plaintiff's November 6, 2006 letter. The next time the issue was discussed was almost two months later, on January 5, 2007, at the deposition of plaintiff's liability expert. At that time, defense

3

counsel assured opposing counsel that a supplemental expert disclosure had been issued when, in fact, it had not. It was not until after the Court ordered mediation with Magistrate Judge Kay on January 20, 2007 that the defendant acknowledged its failure to provide an expert report. Magically, two days later, on January 12, 2007 a purported "expert report" was written by the defendant's expert that same day and served upon opposing counsel, over nine weeks after the November 6, 2006 expert disclosure deadline set by the Court, and one week after the final discovery deadline of January 5, 2007. See Exhibit "B". When both opposing counsel objected to this obviously late expert disclosure, defendant's counsel acknowledged the issue by his e-mail of January 12, 2007, in which he notifies counsel of his intention to "file a formal motion". See attached Exhibit "C". Yet again, defendant did nothing and never filed a formal motion prior to the January 31, 2007 status conference.

Even the letter from defendant's expert dated February 12, 2007 does not constitute a proper expert report under Rule 26. It merely recites the same three bullet points as the earlier attorney generated disclosure, cites an unspecified NFPA 72 provision, and utilizes vague terms such as "inordinate amounts of water", without any reference to an applicable standard of care supposedly violated by plaintiff or third-party defendant. Certainly, this letter, not served until after the discovery deadline, still does not provide the opposing parties with opinions and conclusions, supported by facts, information and evidence, of the type required by Rule 26 in order to enable opposing counsel to properly prepare to depose the expert and cross-examine him at trial.

In summary, the defendant in this case made <u>no</u> proper Rule 26 expert disclosure whatsoever before the discovery deadline of January 5, 2007, no appropriate

motion for a further extension of the Court ordered deadline, and, apart from its own dereliction, has shown no substantial justification or good cause for its failure to do so. As a result, the opposing parties have been harmed and prejudiced in their preparation of this case for trial in numerous ways.  Plaintiff and third-party defendant completed their own discovery believing that the defendant had no expert to prove its third-party claim, which affected the plaintiff's strategic decisions on how to prepare the case for trial.  For example, plaintiff would certainly have moved *in limine* to exclude defendant's expert, Mr. Davidson, from testifying at trial.  Also, plaintiff had no opportunity to depose defendant's expert, nor to name a rebuttal expert, if necessary, before the end of discovery.  Since the defendant can still defend the case at trial absent an expert witness, any prejudice to the defendant is clearly outweighed by the prejudice to the plaintiff and third-party defendant, whose entire case strategy would be negated if discovery were reopened in order to permit the defendant to submit an expert report after the close of all discovery.  As the following case law provides, such conduct by the defendant is properly and justifiably sanctionable by the Court.

### III.     LEGAL ARGUMENT

The purpose of Rule 26(a)(2)(B) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for cross-examination at trial.  Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003).  Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26 (a) unless there is substantial justification for such failure, or the failure to disclose is harmless.  Rule 37(c)(1) highlights exclusion as the primary remedy for Rule 26(a) violations.  In this case, defendant provides no substantial justification for its inaction in failing to comply with Rule 26(a)(2)(B) despite having every opportunity to

do so, including opposing counsel agreeing to any earlier deadline extension requested by the defendant. Defendant providing a "letter" from its expert seven days after the discover deadline is not simply a harmless error:

> To say that disclosure after the discovery deadline is harmless ignores that a central purpose of setting a discovery deadline is to move the case expeditiously forward from the end of discovery, through dispositive motions, to pre-trial and trial. Disclosures made after the discovery deadline threaten the disruption of that schedule if, in reality, the period of discovery and disclosure does not end when a judge says it is supposed to. While such disruption has to be tolerated when the belated disclosure is substantially justified because disclosure during the discovery period was impossible, **the interest in having meaningful deadlines should require the exclusion of the belated disclosure when the tardy party provides no reason whatsoever for the lateness of its response.**

Id. at 5 (emphasis added).

Defendant has the burden of proving substantial justification or harmlessness. Alves v. Mazda Motor of America, Inc., 448 F.Supp.2d 285, 293 (D.C. Mass. 2006). Defendant's references in its motion to difficulties in obtaining the depositions of some former employees of third-party defendant Guest Services do not provide any justification for defendant ignoring the discovery deadlines set by this Court and failing to seek an additional extension, if necessary. In Alves, the United States District Court for the District of Massachusetts recently considered this issue under a similar set of circumstances and held that the late disclosing party should have its expert precluded as a sanction for repeated untimely disclosure. Id. at 296. The Court noted that "if there had been a genuine and important discovery dispute . . . counsel should have filed a motion to compel any needed evidence and a motion to extend again the [expert disclosure] deadline". Id. at 295.

The United States District Court for the Northern District of Illinois reached a similar result in Finwall v. City of Chicago, 2006 WL 1491316 (N.D. Ill May 31, 2006) (A copy of this opinion is attached as Exhibit D).  The court noted, "under the Federal Rules of Civil Procuedure, it is the court's prerogative – indeed, its duty – to manage its caseload and enforce deadlines . . . It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will." Id. at *6.  Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery. Id. at *6

> [D]elays are a particularly abhorrent feature of today's trial practice.  They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution.  Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

Id. at *9 (quoting Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

> It is no answer to say that the [party] may be disadvantaged by his counsel's conduct.  That is true in every case where exclusion is warranted under Rule 37 or any other rule specifying the consequences of acts or omissions by a party's lawyer.  Those rules properly recognize that clients are properly responsible for their counsel's conduct and it is to them that they must look in the event of omissions.  Even more importantly, they recognize that there are societal interests in the functioning of the judicial system that transcend the immediate interests of a party in a particular case.

Id.

## IV. CONCLUSION

Defendant's Motion should be denied for all of the factual and legal reasons set forth above. To do otherwise would require a completely new discovery schedule, delay the trial listing and result in additional expense to the litigants who conscientiously complied with the Court's discovery schedule in this case. In addition, because the mediation before Magistrate Judge Kay did not have a fair opportunity to resolve this case due to the uncertainly regarding the issue of the status and availability of defendant's liability expert to testify at trial, the parties, with their authorized representatives present at the mediation, should be ordered back to mediation with Magistrate Judge Kay prior to a new status conference to set a trial date.

WHEREFORE, plaintiff St. Paul Mercury Insurance Company hereby respectfully requests that this Honorable Court deny defendant's Motion for Leave to Supplement its Rule 26(a)(2)(B) Expert Disclosure.

Respectfully submitted,

COZEN O'CONNOR

BY:  s/ Daniel J. Luccaro
   DANIEL J. LUCCARO, ESQUIRE (phv)
   DAVID J. GROTH, ESQUIRE (phv)
   1900 Market Street
   Philadelphia, PA  19103
   (215) 665-2000

MESIROW & STRAVITZ
Eric N. Stravitz, Esquire (D.C. Bar #438093)
1307 New Hampshire Avenue, N.W.
Suite 400
Washington, DC 20036
(202) 463-0303

*Attorneys for Plaintiff*

Dated:  February 12, 2007