IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

    Plaintiff,

v.                                                    Civil Action No. 1:5cv-2115-CKK
                                                    Judge Colleen Kollar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

    Defendant,

v.

GUEST SERVICES, INC.

    Third-Party Defendant.
_____/

**THIRD PARTY DEFENDANT'S GUEST SERVICES, INC. 'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CAPITOL SPRINKLER INSPECTION, P.C.'S MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S RULE 26 (a) (2) (B) DISCLOSURES**

This matter arises out of damage that occurred to the Kellogg Conference Center at Gallaudet University on January 25, 2003. Prior to the incident, Guest Services, Inc. had contracted with Gallaudet University to manage the Conference Center. Guest Services, Inc. was not the owner of the property, nor was it the lessee of the property.

As one of the functions associated with the management of the property, Guest Services, Inc. entered into a contract with Capitol Sprinkler Inspection, P.C., a copy of which is attached hereto as Exhibit 1, to have Capitol Sprinkler, Inc.

maintain and service the sprinkler system. Part of the sprinkler system involved a dry pipe system in the attic. Because the attic was not heated, no water would normally be in the pipes, thus preventing the risk and danger of the pipes freezing.

On January 9, 2003, Capitol Sprinkler Inspection, Inc.'s employees were on the property, and at the conclusion, certified that they had properly inspected the area, and that "dry valves protected from freezing". *See* copy of Inspection Report of January 9, 2003. In the same report it is indicated that "all areas and valves protected from freezing". *See* Exhibit 2  Despite this certification, the pipes froze and burst, and on January 25, 2003 there was substantial damage to the property.

St. Paul Mercury Insurance Company, the subrogee of Gallaudet University, filed suit against Capitol Sprinkler Inspection, P.C., Capitol Sprinkler Inspection, P.C., despite the fact that it had contracted to perform the services in question with Guest Services, Inc. has now claimed that Guest Services, Inc. is responsible for the very tanks that Capitol Sprinkler Inspection, P.C. contracted to perform.

During the discovery phase in this case, Capitol Sprinkler Inspection, P.C. never appropriately designated an expert witness to testify against Guest Services, Inc.  While there was a pleading which was signed by counsel dated October 16, 2006, the Designation by Capitol Sprinkler was incomplete,  It stated "a complete statement of all opinions to be expressed and the basis and reasons therefore, a listing of any cases in which he has testified as an expert by deposition within the last four years, the data or other information considered by Mr. Davidson and any

2

exhibits to be used as a summary of support of his opinion will be forthcoming in a supplementary disclosure". Contemporaneous with this inadequate expert disclosure, Capitol Sprinkler also asked for an extension of time within which to designate its expert witnesses. That request was not opposed by Guest Services. However, no Supplemental Disclosure was ever provided within the discovery period. As a result, Guest Services did not retain any experts. Guest Services properly assumed that no expert witnesses would be testifying against it, since no expert had been disclosed.

The purported basis in the current Motion for failure to properly disclose the expert witnesses is the alleged failure of Guest Services to comply with discovery requests. This excuse is without any basis. First, Guest Services identified Terrence Hubbard and David Hamm as potential witnesses in its Rule 26 (a) filing. It provided, at that time, the addresses for these individuals. In July of 2006, a request was made by the plaintiff to try to depose Mr. Hubbard and Mr. Hamm, and an effort was made to contact these individuals and produce them. They could not be located, and nothing further was heard on this for a number of months until a notice was sent in October, 2006 by Capitol Sprinkler to take the deposition of a representative of Guest Services, as well as depose Terrence Hubbard and Mr. Hamm. The Notice was sent without consultation with counsel, and counsel was not available for a deposition on the date selected. On October 12, 2006 Mr. Brooks, counsel for Capitol Sprinkler, was advised of the problem. *See* letter attached as

3

Exhibit 3. Further, the date selected for the deposition of these individuals by Capitol Sprinkler, the first effort to depose them, was the day on which the expert designation was due. It would be, for all practical purposes, impossible for an expert to be able to provide a report on the same day that the fact witnesses would be deposed.

More than two weeks later, on October 31, 2006, Guest Services propounded an Interrogatory requesting the last known addresses for Terrence Hubbard and David Hamm. At no time did Capitol Sprinkler ever make an additional request or follow-up request for a deposition of Guest Services. Rather, that request was dropped. Guest Services provided Capitol Sprinkler with the information concerning its former employees, to allow Capitol Sprinkler to try to locate the employees.

Nothing that Guest Services did nor did not do resulted in the failure of Capitol Sprinkler to designate its expert. The Expert Designation does not contain any facts or information in the opinion section of the Designation which would either rely on or require the testimony from the two former Guest Services employees. At no time has Capitol Sprinkler identified what facts or information were necessary from these individuals which prevented it from being able to designate an expert. Further, the fact that the request for their deposition was to be taken on the day that the Expert Designation was due shows that this is simply an excuse that was developed after the fact for not having an Expert Witness Designation in place. Counsel for Capitol Sprinkler has no explanation for the lack of requesting information for months.

The lack of the Expert Designation was reviewed with counsel for Capitol Sprinkler at the deposition of the plaintiff's expert, Mr. McLauchlan. At the conclusion of the deposition, the undersigned showed Mr. Brooks, counsel for Capitol Sprinkler, a copy of the "Designation". Mr. Brooks indicated that he did not consider this a Designation, that it was inadequate, and stated that there was some other "document" that was available with the Designation. A request was made for that document on January 8, 2007. See Exhibit 4. No such document or report was produced, and it was not until after the Mediation Conference in this case that the report was created. Mr. Brooks did not give an excuse for the failure to provide the information on the basis that he was waiting for information from Guest Services.

The "Report" that was ultimately produced is inadequate and incomplete, and much of it does not even involve expert testimony. (Exhibit 5) The first portion of the Designation simply recites Capitol Sprinkler's assertion that there was a denial of access to the area where the sprinkler system would have been drained. This is a disputed issue of fact, and does not involve an expert opinion.

The second "opinion" is that there was a failure on the part of Gallaudet or Guest Services to retransmit to the Municipal Fire Department the sprinkler system's fire flow alarm. Again, this is a factual question, as opposed to an opinion. While

5

the issue of whether or not there was a duty, or the consequence of this duty might be areas for inquiry by an expert, the first two areas in this Expert Designation are simply statements of alleged fact, not opinion.

Paragraph 3 is also a statement of disputed fact as to whether Gallaudet or Guest Services was familiar with the system.

Nowhere in the report is there a complete detailed engineering opinion. Simply stating that there are "inordinate amounts of water being discharged throughout the building" is not sufficient. There is no indication as to what the personnel should have known; how long it would have normally taken to turn off the system; what the effect of the re-transmitting to the Municipal Fire Department would have been; and how the system should have been marked for turn-off. (Capitol Sprinkler was the one who installed the system.)

Rule 26 requires that the expert witness report contain the following information The requirements of the rule are mandatory and not permissive.

> "(2) (A)   Disclosure of Expert Testimony. -- In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.
>
> (B)        Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving testimony, be accompanied by a written report prepared and signed by the witness. <u>The report shall contain a complete statement of all opinions to be</u>

6

<u>expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions</u>; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; <u>the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years</u>.

(C)   These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence, 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e (1)."

Here, the report does not contain a complete statement of all opinions to be expressed on the basis and reasons therefore. There is no indication that the "expert" is an expert in the management of a conference center, or what the standard of care is for managing a building like the Kellogg Center The data or other information considered by the witness in forming the opinion, as well as any exhibits to be used as a summary of support of the opinions has not been provided. The compensation for the witness has not been provided. The list of other cases in which the expert has testified has not been provided.

This Court has the power to exclude expert witnesses when there has been a failure to properly designate the witness. Both the Federal Rules of Civil Procedure and the case law require that the expert's report must be detailed and

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

complete in order to avoid the disclosure of sketchy and vague expert information. See <u>Sierra Club, Loan Star Chapter v. Cedar Point Oil Co., Inc.</u>, 73 F. 3d 546, 571 (5th Cir. 1996); <u>Campbell v. McMillin</u>, 73 F. Supp. 2d 761 (S.D. Miss. 2000); Fed. R. Civ. P. 26 Advisory Committee Notes. An appropriate sanction for failure to comply with the requirements of Rule 26 is that the offending party may be prohibited from using the evidence in question at trial. <u>Id</u>. at 764, citing <u>Heidtman v. County of El Paso</u>, 171 F. 3d 1038, 1040 (5th Cir. 1999).

Even if the Court were to grant Capitol Sprinkler leave to file its report, the report that is filed does not comply with the requirements of Rule 26, and is not complete. The failure to provide this complete report has continued to prejudice Guest Services. Guest Services still does not know the basis for the opinions against it; the details as to what the requirements are; what they should have done; why they should have done it; and what the duties or standard of duties are in these situations. The basis for the expert opinion, other than a very cursory statement of the expert's conclusions as to what the facts may show has not been provided. Guest Services is not in a position, at this time, to either challenge the expert's report or obtain its own designated expert.

This Court should not allow Capitol Sprinkler to violate the prior discovery orders, and, after the discovery is closed, designate an expert witness. Guest Services will be severely prejudiced because it does not have its own expert to

8

testify.   In the event the Court grants the Motion, Guest Services requests the opportunity to designate its own expert witnesses.

Respectfully submitted,

**GUEST SERVICES, INC.**

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was **Memorandum of Points and Authorities in Opposition to Motion to Supplement Expert Witness Disclosure** were served electronically on the 16th day of February, 2007 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
1307 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036
*Counsel for Plaintiff*

E-mail: strav@erols.com

Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

Michelle Murphy, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*

E-mail: nbrooks@mooclaw.com

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*

E-mail: fjohnson@mooclaw.com

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Stephen A. Horvath

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555