IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : Case No. 1:05-CV-02115 |
| v. | : |
| CAPITOL SPRINKLER INSPECTION, INC. | : <br> : |
| Defendant/Third-Party Plaintiff, | : <br> : |
| v. | : |
| GUEST SERVICES, INC., | : <br> : |
| Third-Party Defendant. | : |

STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
OR IN THE ALTERNATIVE
TO EXTEND TIME FOR EXPERT DISCOVERY

MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.

\s\ *Norman H. Brooks, Jr.*
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE 19801
*Attorneys for Defendant/Third-Party Plaintiff*

DATE: February 22, 2007

DE077262.1

## STATEMENT OF POINTS AND AUTHORITIES

A. **RELEVANT FACTS**

1. This is a subrogation action rising out property damage caused by a large water release on January 25, 2003, at the Kellog Conference Center, a property owned by and situated on the campus of, Plaintiff's insured, Gallaudet University

2. Plaintiff claims that on or about January 25, 2003, a pipe in the fire sprinkler system froze, fractured, and caused water to flow into the interior of the Kellogg Conference Center. (D.I. 1, para. 11).

3. Plaintiff claims that Capitol Sprinkler was negligent in failing to properly inspect, test, maintain and adequately drain the system, and that Capitol Sprinkler breached its contract with Gallaudet by failing to properly inspect, test and service the system. (D.I. 1, para. 16).

4. Plaintiff claims that, as a direct and proximate result of Capitol's conduct, its inured suffered "substantial water damage" to its property and business interruption. (D.I. 1, para. 17).

5. Plaintiff claims damages of approximately $800,000, which Plaintiff paid to is insured pursuant to the terms of its insurance policy.

6. Capitol denied liability and filed a Third-Party Complaint (D. I. 12) against Third-Party Defendant Guest Services on January 30, 2006.

7. Capitol contend that Guest Services, as Galludet's agent on the day of its inspection, January 9, 2003, was negligent and breached it's contract in that:

    a. Guest Services breached its duty to monitor the system and react to alarms and warnings issued by the annunciator system (D.I. 12, para. 12), when it failed to stop the flow of water immediately upon notification from the water flow alarm that the integrity of the sprinkler system had been disturbed (D.I. 12, para. 13); and

    b. Guest Services had a duty to provide Capitol access to all of the low points on "drum drips", in the fire protection system, i.e., all of the points to which capital required access in order to drain the pipes (D.I. 12, para. 18) and breached that duty by failing to provide Capitol

DE077262.1

        access to all of the drum drips in the subject fire suppression system(D.I. 12, para. 19).

8. On April 5, 2006, the Court held its Rule 16(a) Pre-Trial Conference and thereafter issued a Scheduling Order including identification of experts as follows: "Proponent's Rule 26(a)(2)(B) statement due 8/15/2006. Opponent's Rule 26(a)(2)(B) statement due 10/15/2006. Rebuttal due 11/6/2006." (D.I. 18).

9. On September 11, 2006, Plaintiff produced a Rule 26(a)(2)(B) Disclosure that was utterly incomplete with regard to Plaintiff's "Damages Experts." In fact, Plaintiff's disclosure was largely a list of estimated or paid costs for repair, the contracts of engagement to prepare the same, and a few short letters authored by Plaintiff's "experts." Notably, Mr. Dunaway doesn't even provide a letter in this Disclosure. (See Exhibit A, expert letters).

10. Following Capitol's Motion to Extend the deadlines for its experts, the Court on October 24, 2006, issued a supplemental Order imposing the following deadlines: "Capitol Sprinkler shall serve its expert reports on or before November 6, 2006; Opponent's expert reports shall be served on or before November 27, 2006; and replies, if any, shall be filed on or before December 8, 2006. All discovery shall be completed by January 5, 2007." (D.I. 27).

11. On January 2, 2007, well after the expiration of its revised expert discovery deadline, and only three days prior to the final discovery cut off, Plaintiff served on counsel for Capitol a Supplemental Disclosure (attached as Exhibit B), in an effort to substitute an expert for one of its previously identified damages experts, and to produce two additional documents which Plaintiff alleges were produced by its new expert Mr. Charles Murray, addressing information that apparently was, or could have been, provided in the September 11, Disclosure.

12. Plaintiff did not file a motion or otherwise seek agreement to extend the above deadlines in order to identify a new expert, supplement its Disclosure, or submit the unsigned documents it attached to its supplement.

DE077262.1

B.  **JURISDICTION AND VENUE**

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in view of the parties' diversity of citizenship and that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) excluding interest and costs of this action.

14. Venue is proper because the events giving rise to Plaintiff's claim occurred in the District of Columbia.

C.  **POINTS OF LAW**

15. Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence".

16. Federal Rule of Civil Procedure 26(e)(1) provides that "a party is under a duty to supplement at appropriate intervals its disclosures under [Rule 26(a)] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under [Rule 26(a)(2)(B)] the duty extends both to information contained in the report and to information provided through a deposition of the expert. . . ."

17. Local Civil Rule 26.2(a) provides that:a party "party that without substantial justification fails to disclose information required . . . by Rule 26(a) or 26(e)(1), F.R.Civ.P., . . . , is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. . . .".

18. Plaintiff herein has the burden of proving substantial justification or harmlessness. *See e.g. Alves v. Mazda motor of America, Inc.*, 448 F. Supp. 2d 285, 293 (D.C. Mass. 2006).

19. "The rule permits . . . adding information that was not available at the time of the initial report." Minebau Company, Ltd., et al v. George Popst, 231 FRD 3 (U.S. Dist. DC 2005), citing *Keaner v. United States*, 181 FRD 639, 640 (D. Mont. 1998).

20. Supplemental reports are permitted under Rule 26(e)(1) in order to complete or correct an incomplete or inaccurate prior filing. *Id.*

21. Filing a supplement to a party's previously-filed Rule 26(a)(2)(B) disclosure after the expiration of the discovery deadline, typically requires leave to extend the underlying Scheduling Order issued pursuant to Federal Rule of Civil Procedure 16(b). *See Amtrak v. Express Track, LLC*, 2006 U.S. Dist. LEXIS 67642 (D. D.C. Sept. 21, 2006). (Attached hereto as Exhibit C)

**D.    ANALYSIS**

22. Plaintiff must demonstrate the following with regard to its Rule 26(a)(2)(B) Disclosure and purported supplement:

    A.    That it's failure to submit complete initial and supplemental expert disclosures was substantially justified, or otherwise harmless; AND

    B.    That good cause exists for this Court to allow it to extend the necessary discovery deadlines so that it can submit its supplemental disclosure.

23. Plaintiff's failure to show substantial justification, harmlessness, or good cause warrants exclusion of its damage expert witnesses, James Dunaway and Charles Murray, and an order prohibiting offering any evidence relating to Plaintiff's Rule 26(a)(2)(B) Disclosure of Expert Testimony and Supplement thereto.

24. In its initial Disclosure, Plaintiff did not provide: any *curricula vitae* or other statements of qualifications for its damages experts; anything even remotely resembling a comprehensive written report prepared and signed by any damages expert expressing opinions held by the expert and the basis and reasons therefore; a list of publications authored by any of the experts; or any list of trials or depositions in which any of the experts testified as such.

DE077262.1

25. In its purported supplement, Plaintiff provided the name and contact information for Mr. Murray, attempted to assign to him opinions that were never expressed, and claims Mr. Murray authored two unsigned documents attached thereto.

26. Plaintiff's self-serving explanation that Mr. Dunaway retired, moved to Florida, and is in failing health, does not explain why Plaintiff chose to designate him in the first instance, or apparently failed to adequately inform him of the timeline by which the parties are bound, especially when, according to Plaintiff, its new expert, Mr. Murray "directly participated in the adjustment of this claim."

27. The purpose of Rule 26(a) is to prevent surprise AND to provide opposing parties with the opportunity to depose the expert witness.

28. Here, Plaintiff's initial Disclosure fell far short of meeting the mandates of the Rule, Plaintiff's attempted substitution well after its deadline, and only days before the expiration of the discovery deadline not only comes as a complete surprise to Capitol, it gave neither Capitol nor Third-Party Defendant a reasonably opportunity to depose Mr. Murray, placing them at a significant disadvantage. Plaintiff's creation of this situation can hardly be said to be harmless to Capitol.

29. Plaintiff's assertion that Mr. Murray will testify "consistent with the facts and information contained in [Mr. Dunaway's] reports and estimates" and its submission of additional documents supporting its claims, attempts to gloss over the obvious, that it has offered nothing in support of its designation of Mr. Murray as an expert of any type or in satisfaction of the rule (i.e. no reports, resume, previous testimony, etc.) and that Mr. Murray *is not* in fact Mr. Dunaway.

30. Moreover, the additional documents Plaintiff asserts were authored by Mr. Murray appear to be redundant with the contents of Plaintiff's earlier Disclosure and are not signed or otherwise marked as Mr. Murray's work product. There is simply no reasonable basis to assert that they should be permitted to be added at this late date.

DE077262.1

E.   **CONCLUSION**

31.   Notwithstanding the fact that Plaintiff's initial disclosure of its damages experts was woefully inadequate, Plaintiff either failed to ascertain at the time of the scheduling conference that Mr. Dunaway may retire before trial, or it simply ignored the fact.

32.   Capitol has been placed at a severe disadvantage not having had the opportunity to view Charles Murray's credentials or even to question him as to the opinions he is expected to express at trial.

33.   Plaintiff's actions are not harmless to Capitol and it cannot demonstrate substantial justification for failing to either designate Mr. Murray with sufficient time for Capitol to depose him, or at some point before it offered its Supplemental Disclosure.

WHEREFORE, for the above stated reasons, Defendant Capitol Sprinkler Inspection, Inc., by and through its undersigned counsel, respectfully requests that this Honorable Court issue the attached Order *in limine* to exclude the testimony and opinions of Plaintiff's expert damages witnesses, James Dunaway and Charles Murray, and the offering of evidence relating to Plaintiff's Rule 26(a)(2)(B) Disclosure of Expert Testimony and Supplement thereto, or in the alternative to extend time for expert discovery to allow additional time for Expert Disclosures and Discovery.

MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.

\s\ *Norman H. Brooks, Jr.*
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE 19801
*Attorneys for Defendant/Third-Party Plaintiff*

DATE: February 22, 2007

DE077262.1

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : : : : |
| Plaintiff, | : : Case No. 1:05-CV-02115 |
| v. | : : |
| CAPITOL SPRINKLER INSPECTION, INC. | : : |
| Defendant/Third-Party Plaintiff, | : : |
| v. | : : |
| GUEST SERVICES, INC., | : : |
| Third-Party Defendant. | : |

## ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of Defendant Capitol Sprinkler Inspection, Inc.'s Motion in Limine to exclude the testimony and opinions of Plaintiff's expert witnesses, James Dunaway and Charles Murray, and the offering of evidence relating to Plaintiff's Rule 26(a)(2)(B) Disclosure of Expert Testimony and Supplement thereto, and any opposition thereto, Defendant's Motion is hereby **GRANTED**.

**SO ORDERED**.

_____
J.

DE077262.1

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : : : : |
| Plaintiff, | : : |
| v. | : Case No. 1:05-CV-02115 : : |
| CAPITOL SPRINKLER INSPECTION, INC. | : : |
| Defendant/Third-Party Plaintiff, | : : : |
| v. | : : |
| GUEST SERVICES, INC., | : : |
| Third-Party Defendant. | : |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Capitol Sprinkler Inspection, Inc.'s Motion to Extend the Time for Expert Discovery to allow additional time for Expert Disclosures and Discovery, and any opposition thereto, Defendant's Motion is hereby **GRANTED**.

**SO ORDERED.**

_____
J.

DE077262.1

## NAMES OF PERSONS TO BE SERVED WITH THE PROPOSED ORDERS

As provided by LCvR 7(k), the follow are counsel who are entitled to be notified of entry of an order herein provided:

| | | |
|---|---|---|
| Stephen A. Horvath | David J. Groth | Eric N. Stravitz |
| Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C. | Daniel J. Luccaro | John B. Mesirow |
| | Cozen O' Connor | Mesirow & Stravitz, PLLC |
| 3920 University Drive | 1900 Market Street | 2000 Massachusets Ave., NW |
| Fairfax, VA  22030 | Philadelphia, PA  19103 | Suite 200 |
| | | Washington, DC  20036 |

DE077262.1

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as subrogee of Gallaudet University, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : Case No. 1:05CV02115 |
| v. | : <br> : |
| CAPITOL SPRINKLER INSPECTION, INC. | : <br> : |
| Defendant/Third-Party Plaintiff, | : <br> : |
| v. | : <br> : |
| GUEST SERVICES, INC., | : <br> : |
| Third-Party Defendant. | : <br> : |

**CERTIFICATION OF COUNSEL TO CONFER ON NON-DISPOSITIVE MOTIONS**

As provided by LCvR 7(m), the undersigned attorney for the Defendant/Third-Party Plaintiff, Capitol Sprinkler Inspection, Inc. certifies that Counsel for Capitol has, in good faith, attempted to confer with opposing counsel in order to resolve this discovery dispute without judicial intervention, but has been unable to reach a compromise. Counsel for Capitol Sprinkler Inspection, Inc. believes that the Plaintiff will oppose this motion.

                                        **MARKS, O'NEILL,**
                                        **O'BRIEN & COURTNEY, P.C.**

                                        \s\ *Norman H. Brooks, Jr.*
                                      Donald R. Kinsley, Esquire (Bar ID No. 432998)
                                      Michael T. Hamilton, Esquire (Bar ID No. 474233)
                                      Norman H. Brooks, Jr., Esquire (PHV)
                                      913 N. Market Street, Ste. 800
                                      Wilmington, DE 19801
                                      *Attorneys for Defendant/Third-Party Plaintiff*

DATE: February 22, 2007

DE077262.1