**Exhibit A**

2006 U.S. Dist. LEXIS 92715, *

LEXSEE 2006 US DIST LEXIS 92715

**DOROTHY HANDY, Plaintiff, v. SHAW, BRANSFORD, VEILLEUX & ROTH, et al., Defendants.**

**Civil Action No. 00-2336 (CKK)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*2006 U.S. Dist. LEXIS 92715*

**December 22, 2006, Decided**
**December 22, 2006, Filed**

**SUBSEQUENT HISTORY:** Appeal dismissed by, Motion dismissed by *Handy v. Shaw, Bransford, Veilleux & Roth, 2007 U.S. App. LEXIS 932 (D.C. Cir., Jan. 12, 2007)*

**PRIOR HISTORY:** *Handy v. Shaw, Bransford, Veilleux & Roth, 2005 U.S. Dist. LEXIS 20098 (D.D.C., Sept. 14, 2005)*

**COUNSEL:** [*1] DOROTHY HANDY, Plaintiff, Pro se, Herndon, VA.

For SHAW, BRANSFORD, VEILLEUX & ROTH, ROBERT E. GANS, WILLIAM L. BRANSFORD, Defendants: Aaron L. Handleman, LEAD ATTORNEY, Justin Michael Flint, ECCLESTON & WOLF, P.C., Washington, DC.

**JUDGES:** COLLEEN KOLLAR-KOTELLY, United States District Judge.

**OPINION BY:** COLLEEN KOLLAR-KOTELLY

**OPINION:**

### MEMORANDUM OPINION

(December 22, 2006)

Currently before the Court is the Renewed Motion for Summary Judgment as to the Plaintiff's Third Amended Complaint brought by Defendants Shaw, Bransford, Veilleux & Roth, P.C., William L. Bransford, Esquire, and Robert E. Gans, Esquire (collectively "Defendants"). In response to Defendants' Renewed Motion for Summary Judgment, Plaintiff has filed a one-paragraph submission indicating that she believes Defendants' Renewed Motion to be improper because she has filed an appeal in this case with the U.S. Court of Appeals for the D.C. Circuit, and also indicating that she wishes to incorporate a prior pleading in opposition to Defendants' Motion. As the Court

has previously explained in two written Orders, the Court has not dismissed Plaintiff's case nor made any final decision affecting the viability of her claims, and [*2] Plaintiff is therefore mistaken in her belief that her case is ripe for appeal. Moreover, based on a searching review of the copious pleadings filed by each party, the relevant case law, and the entire record herein, the Court shall grant Defendants' Renewed Motion for Summary Judgment as to Plaintiff's Third Amended Complaint.

### 1: BACKGROUND

Rather than repeat the tortured history of Plaintiff's non-compliance with her basic discovery obligations in this case, and the multitude of motions that she has filed seeking to turn this Court's attention to any issue other than this failure, the Court notes these basic facts. n1 At a June 29, 2006 hearing before Magistrate Judge Alan Kay, the Magistrate directed that Plaintiff was to submit, by July 21, 2006, (1) a detailed explanation of all discovery materials that she has provided Defendant; (2) a clear statement of how she has complied with Magistrate Judge Kay's December 8, 2004 Order requiring substantive responses to Defendants' Interrogatories, Magistrate Judge Kay's April 6, 2005 Order requiring that Plaintiff file an objective Notice of Discovery setting out her specific discovery requests, and Magistrate Judge Kay's June 1, 2005 Order [*3] requiring Plaintiff to show cause pursuant to *Rule 11* why she should not be sanctioned for discovery avoidance; and (3) a clear, succinct statement as to whether or not - if this case were to go to trial - Plaintiff would have an expert witness to testify on the issue of legal malpractice. As of June 29, 2006, this Court and Magistrate Judge Kay had given Plaintiff over 1.5 years to comply with these basic obligations, and Magistrate Judge Kay's Order of that date was his last-ditch effort to focus Plaintiff on her basic duties in prosecuting this case.

n1 For a full history of Plaintiff's non-compliance, see this Court's July 6, 2006 Order, its

2006 U.S. Dist. LEXIS 92715, *

series of Opinions and Orders issued on September 14, 2005, and its July 25, 2005 Memorandum Opinion and Order, as well as the various orders entered in this action by Magistrate Judge Alan Kay.

Nevertheless, Plaintiff failed to respond to either Magistrate Judge Kay's Order or this Court's July 6, 2006 Order reaffirming her obligations. Instead, Plaintiff (1) filed a [*4] Motion to Invalidate the Orders of Magistrate Judge Kay for lack of jurisdiction, and (2) appealed this case to the D.C. Circuit. However, as this Court explained in its July 6, 2006 and August 31, 2006 Orders, Plaintiff's actions were premised on a faulty assumption: the Court has not dismissed Plaintiff's case, nor has it made any final decision affecting the viability of her claims up to this point. Rather, as frequently explained, the Court's September 14, 2005 Opinions and Orders merely stayed the case for sixty (60) days to provide Plaintiff additional time for compliance and an opportunity for the Court to measure her progress in meeting both her discovery obligations and Magistrate Judge Kay's orders.

As a result, this Court's August 31, 2006 Order denied Plaintiff's Motion to Invalidate the Orders of Magistrate Judge Kay and, in light of Plaintiff's failure to indicate that she had complied with any discovery-related order issued by this Court or Magistrate Judge Kay, directed Defendants to file a renewed Motion to Dismiss and/or for Summary Judgment in this case, set forth a briefing schedule for that motion, and specifically advised Plaintiff of her responsibilities in [*5] responding to Defendants' motion. n2 Defendants filed their Renewed Motion for Summary Judgment as to the Plaintiff's Third Amended Complaint on September 28, 2006, and incorporated by reference therein their two previous Motions for Summary Judgment. Defs.' Mem. of P. & A. in Support of Their Renewed Mot. for Summ. J. as to the Plaintiff's Third Am. Compl. (hereinafter "Defs.' Renewed Mot. for Summ. J."). In response to Defendants' Renewed Motion, on October 14, 2006, Plaintiff filed a one-paragraph submission in which she again mistakenly asserted that Defendants' Renewed Motion was improper in light of her August 29, 2006 appeal, and further stated that "[sic] case record shows Defendants' motion *as to Plaintiff's third amended complaint* was a motion for *default judgment.* Plaintiff filed opposition and incorporates herein by reference." Pl.'s Filing Re: Defs.' Renewed Mot. for Summ. J. As To The Plaintiff's Third Amended Complaint (emphasis in original). n3 In a filing dated October 19, 2006, Defendants asked the Court to disregard Plaintiff's one-paragraph submission based on its inaccurate assertion that this case was closed. Thereafter, on November 10, 2006, Defendants [*6] filed a Reply to Plaintiff's Lack of Opposition to the Defendants' Renewed Motion for Summary Judgment as to the Plaintiff's Third Amended Complaint.

n2 Defendants originally filed a Motion for Summary Judgment on September 2, 2004, which the Court denied without prejudice on January 5, 2005 following the December 8, 2004 Report and Recommendation of Magistrate Judge Kay, in order to provide Plaintiff another opportunity to comply with her discovery obligations. Defendants filed a similar motion for summary judgment on March 2, 2005, which the Court again denied without prejudice in a March 9, 2005 Order to allow for the completion of discovery in this matter. However, as all efforts to prod Plaintiff into complying with her discovery-related obligations had failed, the Court's August 31, 2006 Order determined that a renewed Motion to Dismiss/for Summary Judgment by Defendants was proper.

n3 On its face, Plaintiff's October 14, 2006 filing appears to incorporate by reference her Opposition to Defendants' Motion for Default Judgment as to Plaintiff's Third Amended Complaint, filed May 27, 2005. However, as Plaintiff's October 14, 2006 filing is somewhat unclear, in addressing Defendants' Renewed Motion for Summary Judgment the Court has also considered (1) Plaintiff's March 11, 2005 Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Plaintiff's Third Amended Complaint; and (2) Plaintiff's December 23, 2004 Objections to Magistrate Judge's December 8, 2004 Report and Recommendation, and Memorandum Orders.

[*7]

## II: LEGAL STANDARDS

A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See FED. R. CIV. P. 56(c)*; *Tao v. Freeh, 307 U.S. App. D.C. 185, 27 F.3d 635, 638 (D.C. Cir. 1994)*. Although a court should draw all reasonable inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).* The adverse party's pleadings must evince the existence of a

2006 U.S. Dist. LEXIS 92715, *

genuine issue of material fact. *See id.* at 247-48. To be material the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficiently admissible evidence such that a reasonable trier-of-fact could find for the nonmoving party. *See id.; Aka v. Washington Hosp. Ctr., 325 U.S. App. D.C. 255, 116 F.3d 876, 879 (D.C. Cir. 1997); Laningham v. United States Navy, 259 U.S. App. D.C. 115, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).* [*8] Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment. Rather, the nonmoving party bears the affirmative duty to present, by affidavits or other means, specific facts showing that there is a genuine issue for trial; not simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); see also Anderson, 477 U.S. at 248-49.* No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 587.

## III: DISCUSSION

Defendants' Renewed Motion for Summary Judgment asserts three separate and independent grounds for summary judgment or dismissal as to Plaintiff's Third Amended Complaint. First, Defendants argue that under District of Columbia law, Plaintiff is required to designate an expert in order to sustain a *prima facie* case for legal malpractice and that her failure to do so requires an entry of summary judgment for Defendants. Defs.' Renewed Mot. for Summ. J. at 6-8. Second, [*9] Defendants assert that the Court should involuntarily dismiss Plaintiff's Third Amended Complaint with prejudice pursuant to *Federal Rule of Civil Procedure 41(b)* for Plaintiff's failure to comply with Orders entered by this Court and Magistrate Judge Kay, failure to comply with the Federal Rules of Civil Procedure, and attendant failure to prosecute this action. *Id.* at 8-9. Finally, Defendants argue that dismissal of Plaintiff's Third Amended Complaint is appropriate under *Federal Rule of Civil Procedure 37(b)(2)(C)* based on Plaintiff's failure to comply with various discovery-related orders, including her failure to comply with Magistrate Judge Kay's December 8, 2004 Order that Plaintiff substantively respond to Defendants' May 28, 2004 Interrogatories. *Id.* at 10-14. The Court agrees with Defendants that Plaintiff's failure to designate an expert is fatal to her claims of legal malpractice and, as a result, the Court shall grant Defendants' Renewed Motion for Summary Judgment as to Plaintiff's Third Amended Complaint. The Court is also convinced that dismissal of Plaintiff's Third Amended Complaint [*10] is appropriate under either *Federal Rules of Civil Procedure 41(b)* or *37(b)(2)(C)* based on Plaintiff's willful refusal to comply with her discovery obligations in this case, as well as

numerous Orders of this Court and of Magistrate Judge Kay.

### A. Failure to Designate an Expert

Under District of Columbia law "[w]hether a complaint is based on tort or breach of contract . . . the liability of an attorney for failure to properly perform his duties is governed by the same general standard of care." *O'Neil v. Bergan, 452 A.2d 337, 341 (D.C. 1982).* "In short, the 'reasonable skill' promised in [a contractual] agreement is the same as the 'reasonable skill' which an attorney must display to avoid tort liability." *Id.* Thus, although Plaintiff's Third Amended Complaint nominally includes allegations of breach of contract and fraudulent misrepresentation as well as legal malpractice, all of her claims require her to establish a *prima facie* case of legal malpractice. To do so, "the plaintiff must establish the applicable standard of care, that the attorney violated the standard, [*11] and that the violation caused a legally cognizable injury." *Kaempe v. Myers, 361 U.S. App. D.C. 335, 367 F.3d 958, 966 (D.C. Cir. 2004)* (citing *O'Neil, 452 A.2d at 341)); see also Mavity v. Fraas, 456 F. Supp. 2d 29, 2006 WL 2868250, at *2 (D.D.C. Oct. 10, 2006)* (citing *Athridge v. Aetna Cas. & Sur. Co., 359 U.S. App. D.C. 22, 351 F.3d 1166, 1174 (D.C. Cir. 2003)).* Furthermore, under District of Columbia law, to meet the first of these requirements, the plaintiff "must present expert testimony establishing the standard of care unless the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge." *Kaempe, 367 F.3d at 966* (citing *O'Neil, 452 A.2d at 341); Mavity, 456 F. Supp. 2d 29, 2006 WL 2868250 at *2* (citing *Athridge, 351 F.3d at 1174).*

Plaintiff retained the Defendant law firm on July 31, 1996 "in connection with [her] employment with the Federal Aviation Administration." Defs.' Stmt. of Mat. and Rel. Facts Not in Dispute (hereinafter "Defs.' Stmt. of Mat. Facts") P 1 & Ex. 1 (7/31/96 Fee Agreement signed by W. Bransford and D. Handy). Plaintiff's [*12] Title VII case proceeded to trial on September 22, 1997 and the jury returned a verdict in favor of the defendant in that case on September 29, 1997. Defs.' Stmt. of Mat. Facts PP 2-3. With respect to her discrimination lawsuit, Plaintiff's Third Amended Complaint alleges that Defendants breached their contract with Plaintiff by "failing to represent her" on specific issues discussed before the contractual agreement was signed, *id.* P 8, and further asserts that the law firm "fraudulently misrepresented itself inducing Plaintiff into contract [sic]" by holding the firm out as experts and fraudulently misrepresenting who would handle Plaintiff's Complaint," *id.* P 9.

Moreover, Plaintiff alleges that Defendants "failed to provide even competent representation and standard of care [sic] generally afforded clients and is [sic] expected of

2006 U.S. Dist. LEXIS 92715, *

counsel not claiming a specific level of expertise," and specifically criticizes various aspects of Defendants' pretrial preparation and trial performance, including Defendant's alleged "refus[al] to depose Agency's Medical Expert who examined the Plaintiff," obtain the Expert's Report, or examine the medical expert at trial. *Id.* PP [*13] 11-16. Plaintiff further alleges that Defendants failed to timely notify Plaintiff of her right to appeal, *id.* P 17, failed to reasonably communicate a settlement offer to Plaintiff, *id.* P 18, and engaged in a conflict of interest by "representing clients of the same agency having opposing issues," *id.* P 19. In addition, Plaintiff's Third Amended Complaint alleges that Defendants "entered into a contractual agreement to represent the Plaintiff in her claim for libel and slander" but "permitted the statute of limitation to run" on this claim, "foreclosing Plaintiff's right to relief." *Id.* P 7. n4

> n4 Plaintiff's previous complaints did not include specific allegations concerning fraudulent misrepresentation or the expiration of the statute of limitation for Plaintiff's alleged action for libel and slander, but did include a claim for $ 1,000,000 in damages for a "Libel suit objective for which Plaintiff sought relief and Defendant failed to represent." *See* Second Am. Compl. at 4. As a result, the Court's January 30, 2005 Order directed Plaintiff to file a Third Amended Complaint describing those claims with specificity and the facts to support them, or forfeit her ability to litigate those claims.

[*14]

As noted above, in order to prevail at trial on any of her claims, whether styled as breach of contract, fraudulent misrepresentation, or legal malpractice, Plaintiff must present expert testimony regarding the relevant standard of care, unless Defendants' lack of care is so obvious that the jury could find negligence as a matter of common knowledge. *Kaempe, 367 F.3d at 966* (citing *O'Neil, 452 A.2d at 341*); *Mavity, 456 F. Supp. 2d 29, 2006 WL 2868250 at *2* (citing *Athridge, 351 F.3d at 1174*). Indeed, Defendants have previously argued that Plaintiff's failure to identify an expert necessitates a grant of summary judgment in their favor, *see* Defs.' 9/2/04 Mem. of P. & A. in Support of Their Mot. for Summ. J., and Magistrate Judge Kay addressed that argument in his December 8, 2004 Report and Recommendation, in which he noted that "Plaintiff's claim involves several complex issues relating to a Title VII trial conducted by the Defendants and their law firm . . . [and] presents no such instance in which a finder of fact could make a finding of negligence as a matter of common knowledge." *Handy v. Shaw, et al., Civ. No. 00-2336, 2004 U.S. Dist. LEXIS 28538 (D. D.C. Dec.*

*8, 2004)* [*15] (report and recommendation) at 2. In his December 8, 2004 Report and Recommendation, Magistrate Judge Kay agreed with Defendants that Plaintiff was required to identify an expert in order to establish a *prima facie* case, and that summary judgment for Defendants was justified as a result. *Id.* at 2. However, in light of the fact that discovery in this case was still outstanding as of December 2004, Magistrate Judge Kay recommended that "Plaintiff be afforded a final opportunity" to complete discovery in this matter, speculating that "[i]t is at the least conceivable that with the benefits of discovery, the Plaintiff will see fit to solicit the services of an expert to testify on her behalf." *Id.* at 2-3. The Court adopted Magistrate Judge Kay's Report and Recommendation on January 5, 2005, and denied Defendants' Motion for Summary Judgment without prejudice.

More than two years have passed since Magistrate Judge Kay's suggestion to Plaintiff that she identify an expert or risk summary judgment in favor of Defendants, yet Plaintiff appears no more likely at this point to retain an expert than she did in December 2004. During her February 4, 2005 deposition, [*16] Plaintiff was asked whether she had "retained an expert witness to present evidence to testify in [her] behalf in connection with this case on the standard of care." Defs.' Renewed Mot. for Summ. J., Ex. 3 (excerpts of 2/4/05 Handy Dep.) at 236:19-21. Plaintiff responded that she "ha[d] not retained an expert" and that she had no "intentions at this point to produce an expert." *Id.* at 237:1-20. Furthermore, during the June 29, 2006 Status Conference in this case before Magistrate Judge Kay, Magistrate Judge Kay questioned Plaintiff extensively as to whether she had hired an expert or planned to do so. *Handy v. Shaw, et al.*, Civ. No. 00-2336 (D.D.C. Jun. 29, 2006) (transcript of Status Conf.) at 13:11-15:23. When Plaintiff responded that she did not feel comfortable addressing the issue of an expert witness at the Status Conference, Magistrate Judge Kay directed Plaintiff to file by July 21, 2006, *inter alia*, a clear, succinct statement as to whether or not - if this case were to go to trial - Plaintiff would have an expert witness to testify on the issue of legal malpractice. *Id.* at 15:21-19:14. As discussed above, however, Plaintiff failed to do so.

The Court [*17] is thus left with the inescapable conclusion that Plaintiff has not retained an expert witness to testify as to the standard of care in this case, and that she has no intention to do so. The question, then, is whether Plaintiff is required to retain an expert witness to succeed on her claim of legal malpractice or whether, instead, Plaintiff's claims are of the type that fall into the "common knowledge" exception to that requirement. *Kaempe, 367 F.3d at 966* (citing *O'Neil, 452 A.2d at 341*); *Mavity, 456 F. Supp. 2d 29, 2006 WL 2868250 at *2* (citing *Athridge, 351 F.3d at 1174*). Examples of attorney actions that fall

2006 U.S. Dist. LEXIS 92715, *

within the "common knowledge" exception include: allowing a statute of limitations to run on a client's claim; permitting entry of default judgment against a client; failing to instruct the client to answer interrogatories; failing to allege affirmative defenses; failing to file tax returns; failing to follow the client's explicit instructions; and billing a client for time not spent providing services. *Kaempe, 367 F.3d at 966* (citing *O'Neil, 452 A.2d at 342*; *Hamilton v. Needham, 519 A.2d 172, 175 (D.C. 1986)*; [*18] and *Shapiro Lifschitz & Schram, P.C. v. R.E. Hazard, Jr., 97 F. Supp. 2d 8, 12 (D.D.C. 2000)*).

Magistrate Judge Kay has previously determined that this case involves "complex issues" that would require Plaintiff to present expert testimony to establish the standard of care, *Handy v. Shaw, et al., Civ. No. 00-2336, 2004 U.S. Dist. LEXIS 28538 (D.D.C. Dec. 8, 2004)* (report and recommendation) at 2, and this Court agrees with Magistrate Judge Kay's assessment. In her December 23, 2004 Objections to Magistrate Judge's December 8, 2004 Report and Recommendation, Plaintiff addressed Magistrate Judge Kay's conclusion that her case was a "complex" one, arguing that a "reasonable juror having *common knowledge* could easily make a finding on the issue of gross negligence." Pl.'s Obj. to Mag. Judge's December 8, 2004 Rep. and Recomm. (hereinafter Pl.'s Obj. to R&R) at 5-6. n5 Despite Plaintiff's assertion, however, with the possible exception of one discussed below, the alleged errors included in Plaintiff's Third Amended Complaint are not of the type that would be obvious to a lay juror, and as such cannot be deemed to constitute "common knowledge." *Kaempe, 367 F.3d at 966.* [*19]

n5 The Court notes that Plaintiff's Objections to Magistrate Judge Kay's December 8, 2004 Report and Recommendation was filed more than a year before Plaintiff filed her Third Amended Complaint. Nevertheless, as none of Plaintiff's filings subsequent to her Third Amended Complaint address the expert witness issue, the Court shall consider her prior filing insofar as it speaks to the issue at hand.

Specifically, Plaintiff's Third Amended Complaint alleges that Defendants failed to provide the "expert" representation they promised to Plaintiff and that Defendants' pre-trial preparation and trial strategy "failed to provide even competent representation and standard of care [sic] generally afforded clients and [sic] is expected of general counsel not claiming a special level of expertise." Third Am. Compl. PP 9, 11. Plaintiff challenges Defendants' level of preparation for trial, knowledge of evidence in Defendants' possession, failure to object at trial

to testimony adverse to Plaintiff, and alleged refusal [*20] to depose or examine at trial the medical expert who examined Plaintiff on behalf of the Agency. *Id.* PP 11-16. However, decisions of the type Plaintiff attacks - tactical pre-trial and trial decisions - are generally held to be within the discretion of the attorney, and as such, expert testimony is certainly required regarding the appropriate standard of care. *Mavity, 456 F. Supp. 2d 29, 2006 WL 2868220 at *3* (quoting *Williams v. Callaghan, 938 F. Supp. 46, 50) (D.D.C. 1996)*).

Only one of Plaintiff's allegations - that Defendants "permitted the statute of limitation to run foreclosing Plaintiff's right to relief" on her alleged claim for libel and slander, Third Am. Compl. P 7 - appears even remotely likely to fall within the "common knowledge" exception and, in fact, Plaintiff argues as much in her Objections to Magistrate Judge Kay's December 8, 2004 Report and Recommendation. Pl.'s Obj. to R&R at 6. However, Defendants' March 2, 2005 Motion for Summary Judgment makes clear that Plaintiff's statute of limitations claim does not involve the type of obvious error that is within the "common knowledge" of a lay juror. *See* Mem. of P. &. A. in Support of the Defs. [*21] ' Mot. to Dismiss, or in the Alt., Mot. for Summ. J. as to the Pl.'s Third Am. Compl. (hereinafter "Defs.' 3/2/05 Mot. for Summ. J.") at 6-8. n6 Defendants argue that they were not retained by Plaintiff until more than one year after Plaintiff "discovered" the alleged libel, and that as a result, Plaintiff's libel cause of action was already time-barred when Defendants began representing Plaintiff. *Id.* Thus, Defendants argue, they could not have breached any duty to Plaintiff, because they owed her no duty when her libel cause of action expired. *Id.* For her part, Plaintiff disputes Defendants' claim that her libel cause of action was time-barred when she retained Defendants. Pl.'s Opp. to Def.'s Mot. to Stay Disc. Pending Resol. of Defs.' Mot. to Dismiss, or in the Alt., Mot. for Summ. J. as to Pl.'s Third Am. Compl. at 5-6. In any event, it is obvious to the Court that Plaintiff's statute of limitations allegations are far from the type of run of the mill statute of limitations claim that can easily be decided by a lay juror, but rather would require expert testimony as to the applicable statute of limitations, the conditions necessary to trigger that statute of limitations [*22] in order to determine if time-barred as Defendants claim, and the commencement of the attorney-client relationship between Plaintiff and Defendants.

n6 Defendants' Renewed Motion for Summary Judgment explicitly incorporates by reference their March 2, 2005 Motion for Summary Judgment. Defs.' Renewed Mot. for Summ. J. at 7. Moreover, it is entirely appropriate for the Court to consider Defendants' March 2, 2005 Motion for Summary Judgment in connection with their Renewed

2006 U.S. Dist. LEXIS 92715, *

Motion for Summary Judgment because the Court has also considered a number of Plaintiff's prior filings. *See supra* note 2.

As a result, in order to prevail with respect to any of her allegations, Plaintiff would be required to present expert testimony to establish the relevant standard of care, a key element of Plaintiff's *prima facie* case of legal malpractice. Nevertheless, Plaintiff has failed to identify an expert witness and has not indicated any intention to do so, despite repeated warnings by this Court and Magistrate Judge Kay. [*23] Plaintiff's failure to retain an expert precludes her from prevailing as a matter of law, and the Court shall therefore grant Defendants' Renewed Motion for Summary Judgment.

*B. Failure to Comply with Court Orders and Provide Necessary Discovery*

In addition to granting summary judgment on the merits as to Plaintiff's Third Amended Complaint, the Court is convinced that dismissal of Plaintiff's Third Amended Complaint is appropriate under either *Federal Rules of Civil Procedure 41(b)* or *37(b)(2)(C)* based on Plaintiff's willful refusal to comply with her discovery obligations in this case as well as the numerous Orders entered by this Court and by Magistrate Judge Kay directing Plaintiff to comply with those obligations.

As noted above, Defendant has failed to provide substantive responses to Defendant's Interrogatories in the two years since Magistrate Judge Kay's December 8, 2004 Order directed her to do so, n7 and has likewise failed to present, as required by Magistrate Judge Kay's June 29, 2006 Order, either a detailed explanation of all discovery materials that she has provided Defendant or a [*24] clear, succinct statement as to whether or not - if this case were to go to trial - Plaintiff would have an expert witness to testify on the issue of legal malpractice. In addition, it appears that to date Plaintiff has only produced four documents: (1) an April 5, 1996 Memorandum from Ernestine Hunter; (2) a July 29, 2997 Memorandum from Manager, Air Traffic Division, ANM-500; (3) a redacted draft Complaint against the firm that conducted the "work environment assessment" of Plaintiff's department at the Federal Aviation Administration that allegedly forms the basis of Plaintiff's claim for libel and slander, Defs.' 3/2/05 Mot. for Summ. J.; and (4) a copy of a Federal Aviation Administration Supervisor's Handbook. Defs.' Renewed Mot. for Summ. J. at 4-5. Moreover, Plaintiff has refused to submit to a Rule 35 independent medical examination, to which Defendants are entitled because Plaintiff's Third Amended Complaint seeks anticipatory damages for future medical treatment, despite the fact that Magistrate Judge Kay's April 8, 2005 Order denied Plaintiff's Motion for a Protective Order with respect to the independent medical

examination. Defs.' Renewed Mot. for Summ. J. at 13. Defs. [*25] ' Renewed Mot. for Summ. J. at 4-5; Third Am. Compl. at 4.

n7 Although Defendants' Interrogatories and Requests for Production of Documents were served before Plaintiff filed her Third Amended Complaint, the Court notes that the Interrogatories and Requests for Production of Documents are framed in very broad terms. As such, Plaintiff's responses to these Interrogatories and Requests for Production of Documents would encompass Plaintiff's allegations of legal malpractice relating to her Title VII lawsuit as well as the expiration of the statute of limitations for Plaintiff's alleged libel and slander claim. *See* Defs.' Mem. of P. & A. in Opp. to Pl.'s Request for Clarification of the Court's August 2, 2004 Order, Ex. 1 (Pl.'s Resp. to Def.'s Interrogatories to the Pl.) and Ex. 2 (Pl.'s Resp. to Def.'s Request for Prod. of Docs. to the Pl.) (Interrogatories include "Set forth with specificity all conversation you had with any attorney or employee of Shaw Bransford regarding your case including the date and substance of said conversations." Pl.'s Resp. to Def.'s Interrogs. at 2. Requests for Production of Documents include "Please produce for inspection and copying any and all documents, communications and records relating to any matter set forth in your Complaint." Pl.'s Resp. to Def.'s Request at 2).

[*26]

As such, it appears that dismissal of Plaintiff's Third Amended Complaint is justified under *Federal Rule of Civil Procedure 41(b)*, which provides that "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant . . . ." *Fed. R. Civ. P. 41(b)*. Plaintiff's complete failure to meet her basic discovery obligations in this case constitutes a violation of the Federal Rules of Civil Procedure, and Plaintiff has also failed to comply with numerous Orders of this Court and Magistrate Judge Kay. These failures further amount to a failure to prosecute, which merits dismissal under *Rule 41(b)*, because "in view of the entire procedural history of the case, [Plaintiff] has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 245 U.S. App. D.C. 310, 761 F.2d 713, 714 (D.C. Cir. 1985).

The Court is likewise convinced that dismissal is appropriate under *Federal Rule of Civil Procedures 37(b)(2)(C)* [*27] , which provides that "if a party . . . fails to obey an order to provide . . . discovery . . . the court in

2006 U.S. Dist. LEXIS 92715, *

which the action is pending may make such orders in regard to the failure as are just [including] . . . (c) An order . . . dismissing the action or proceeding or any part thereof." *Fed. R. Civ. P. 37(b)(2)(C).* While dismissal under *Rule 37(b)(2)(C)* requires a "minimum of 'wilfulness, bad faith, or [some] fault,'" *Weisberg v. Webster, 242 U.S. App. D.C. 186, 749 F.2d 864, 871 (D.C. Cir. 1984)* (citing *Societe International pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d. 1255 (1958)),* in light of the multiple warnings and second-chances that Plaintiff has been given, her persistent failure to comply with discovery and discovery-related Orders by this Court and Magistrate Judge Kay cannot be viewed as anything other than wilful.

While the Court is well aware that "dismissal is a severe sanction, and should be resorted to only to the extent necessary to induce future compliance and preserve the integrity of the system," *id. at 869,* it is also true that "the most [*28] severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases," *id. at 870.* Indeed, the "district court has been delegated a good deal of discretion in making discovery orders and enforcing them with sanctions," *id.* (citing *Smith v. Schlesinger, 168 U.S. App. D.C. 204, 513 F.2d 462, 467 n. 12 (D.D.C. Cir. 1975),* and the Court is convinced that the instant case is one which in which the Court's discretion should be exercised. More than two years have passed since Plaintiff was ordered to provide substantive answers to Defendants' Interrogatories, nevertheless Plaintiff has failed to do so and has also failed to provide Defendants significant written discovery. Plaintiff's failure to provide the discovery required of her under the Federal Rules of Civil Procedure seriously disadvantages Defendants, who lack any information as to the factual basis for Plaintiff's vague claims, and are therefore unable to prepare to defend against those claims at trial. Defs.' Renewed Mot. for Summ. J. at 5.

The Court is also aware that the harsh sanction of dismissal is ordinarily limited to cases where "less dire alternatives have been [*29] tried without success." *Noble v. United States Postal Serv., 71 Fed. Appx. 69, 2003 WL 21744394, at *1 (D.C. Cir. 2003)* (quotations and internal citations omitted). However, Plaintiff's total failure to provide substantive discovery makes it impossible for the Court to impose a lesser sanction because the Court, like Defendants, lacks information as to the substance of Plaintiff's claims and therefore cannot determine whether the discovery Plaintiff has failed to provide is relevant to some, or all, of her claims.

Plaintiff has willfully disregarded numerous Orders by this Court and Magistrate Judge Kay directing Plaintiff to comply with her discovery obligations, and has offered no indication that her cooperation in this matter will improve in any way. It is therefore apparent to the Court that giving Plaintiff yet another opportunity to comply with her discovery obligations would be futile. Indeed, Plaintiff's willful flouting of her discovery obligations has brought this case to a standstill - Plaintiff does not intend to produce further discovery and, without further discovery, Defendants are unable to prepare to defend this case. In addition to consistently [*30] ignoring Orders of this Court and Magistrate Judge Kay directing her to comply with her discovery obligations, Plaintiff has ignored repeated warnings by this Court and Magistrate Judge Kay that her noncompliance would result in sanctions. *See, e.g., Handy v. Shaw, et al., Civ. No. 00-2336, 2005 U.S. Dist. LEXIS 20428 (D.D.C. July 25, 2005)* (Memorandum Opinion) at 16 (noting Magistrate Judge Kay's December 8, 2004 cautioning of Plaintiff that "her conduct places her on a heading towards an unpleasant rendezvous with *Rule 11.").* As Plaintiff has been given, and disregarded, multiple warnings of the consequences that could attend her failure to comply with her discovery obligations, the Court concludes that dismissal of Plaintiff's Third Amended Complaint is warranted. *See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)* ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal) (citations omitted).

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendants' Renewed Motion for Summary Judgment as [*31] to the Plaintiff's Third Amended Complaint. An appropriate Order accompanies this Memorandum Opinion.

Date: December 22, 2006

COLLEEN KOLLAR-KOTELLY

United States District Judge

**Exhibit B**

## Brooks Jr., Norman H.

**From:** Johnson, Frank
**Sent:** Monday, May 01, 2006 11:32 AM
**To:** SHorvath@vadctriallaw.com
**Cc:** Brooks Jr., Norman H.
**Subject:** St. Paul v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

It is our understanding that Terrence Hubbard, the maintenance engineer who escorted Capitol's employees during the 1/9/03 "winter check", is no longer employed with Guest Services. We would like to contact him off the record to discuss the facts surrounding his involvement, but wanted to check with you first. Please let me know if your representation extends to him as a former employee or whether we may contact him directly. Thank you for your attention to this.

*W. Frank Johnson, Jr.*
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19805
phone: (302) 658-6538
fax: (302) 658-6537
fjohnson@mooclaw.com

**Exhibit C**

**Powers, Cecelia L.**

| | |
|---|---|
| **From:** | Groth, David [DGroth@cozen.com] |
| **Sent:** | Thursday, July 13, 2006 4:29 PM |
| **To:** | Johnson, Frank; mfoster@vadctriallaw.com; SHorvath@vadctriallaw.com; strav@erols.com |
| **Cc:** | Brooks Jr., Norman H.; Luccaro, Daniel J. |

**Subject:** RE: St. Paul v. Capitol Sprinkler

Thanks for getting back to me. I will send out in the next day or two a deposition notice confirming the depositions of Capitol's people at my local counsel's office in Washington D.C. beginning at 10:00 on August 14 and 15. The depositions of the Guest Services representatives are on hold for the time being. Mr.. Hubbard is a former employee and apparently has not yet responded to the inquiries of Guest Services' counsel regarding the scheduling of his deposition. Also, Mr. Demeglio, also a former employee, will reportedly only agree to be deposed in Williamsburg, Va. with some accommodations to his schedule. I am trying to determine whether it is even necessary to take his deposition . In the meantime, please forward Capitol's overdue answers to plaintiff's discovery responses as soon as possible so that I can properly prepare for these depositions. Please let me know if you have any questions .

> **From:** Johnson, Frank [mailto:fjohnson@mooclaw.com]
> **Sent:** Thursday, July 13, 2006 1:49 PM
> **To:** Groth, David; mfoster@vadctriallaw.com; SHorvath@vadctriallaw.com; strav@erols.com
> **Cc:** Brooks Jr., Norman H.; Luccaro, Daniel J.; Johnson, Frank
> **Subject:** RE: St. Paul v. Capitol Sprinkler
>
> On 8/14, we can produce Craig Parham and Vernon Vane beginning at 10:00 a.m. We can produce Mike Bowlin and Tom Scott on 8/15. We are currently available on 8/16 for Mr. Dimeglio's deposition. Please let us know his availability ASAP. Thank you.

>> **From:** Groth, David [mailto:DGroth@cozen.com]
>> **Sent:** Monday, July 10, 2006 9:21 AM
>> **To:** Johnson, Frank; mfoster@vadctriallaw.com; SHorvath@vadctriallaw.com; strav@erols.com
>> **Cc:** Brooks Jr., Norman H.; Luccaro, Daniel J.
>> **Subject:** RE: St. Paul v. Capitol Sprinkler
>>
>> I would agree to this proposal as long as defense counsel can produce all of the witnesses noticed by the plaintiff. I would also like to take the depositions of the Capitol Sprinkler people, first, on 8/14 and Mr. Hubbard's deposition last that day. We need to confirm the new deposition schedule ASAP. I will then do the Stipulation, even though the extension requested was occasioned by the inability of defendant Capitol Sprinkler to produce its witnesses to be deposed in a timely fashion due to the schedule of its counsel and the availability of the witnesses. Please let me hear from everybody as soon as possible. If this presents a problem for anyone, I will do the depositions on separate (non-consecutive) days during the week of August 7th, if necessary, in Washington, D.C. We can schedule the deposition in Williamsburg whenever the witness is available.

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be

conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Johnson, Frank [mailto:fjohnson@mooclaw.com]
**Sent:** Friday, July 07, 2006 7:24 PM
**To:** Groth, David; mfoster@vadctriallaw.com; SHorvath@vadctriallaw.com; strav@erols.com
**Cc:** Brooks Jr., Norman H.; Luccaro, Daniel J.
**Subject:** St. Paul v. Capitol Sprinkler

Counsel,

This follows Mr. Groth's email of 7/6 regarding the depositions in the above. Although he proposed taking the depositions the week of August 7, because we are attempting to schedule the depositions on consecutive days we are not available for deposition until 8/14-8/16.

I propose we schedule Mr. Hubbard's deposition for 10 a.m. on 8/14 with 2 Capitol Sprinkler employees to follow on that day. We could schedule the other 2 Capitol employees the following day. This would leave ample time to travel to Williamsburg for Mr. Dimeglio's deposition on the morning of 8/16.

We agree to extend the deadline for plaintiff's Rule 26(a)(2)(B) expert disclosure until 9/1/06. This will allow us to keep discovery on track and have no effect on the other deadlines imposed in the Court's April 5 scheduling and procedures order. Thus, Defendant/Third-Party Plaintiff Capitol Sprinkler's Rule 26(a)(2)(B) expert disclosure deadline would remain 10/15/06 and Guest Service's deadline would remain 11/6/06. Whereas it is plaintiff's deadline that is to be extended, it seems Mr. Groth's office should draft the stipulation.

Please let us know if all parties can agree to our proposal. Thank you.

*W. Frank Johnson, Jr., Esq.*
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19805
phone: (302) 658-6538
fax: (302) 658-6537
fjohnson@mooclaw.com

**Exhibit D**

## Johnson, Frank

**From:**     Johnson, Frank
**Sent:**     Friday, August 11, 2006 12:30 PM
**To:**       Murphy, Michelle
**Subject:** FW: St. Paul v. Capitol Sprinkler v. Guest Services

Can you try to find a phone # for David Ham?

---

**From:** Matthew Foster [mailto:mfoster@vadctriallaw.com]
**Sent:** Wednesday, July 26, 2006 2:07 PM
**To:** Johnson, Frank
**Cc:** Stephen Horvath; DGROTH@COZEN.COM
**Subject:** RE: St. Paul v. Capitol Sprinkler v. Guest Services

Mr. Johnson

Here is the information you requested in regard to David Hamm- Last Known Address: 104 Barstow Rd Clovis, CA 93612. There is no known phone number for this individual. If there is any other information that I can provide you please do not hesitate to ask.


Matt Foster

      -----Original Message-----
      **From:** Johnson, Frank [mailto:fjohnson@mooclaw.com]
      **Sent:** Monday, July 17, 2006 4:30 PM
      **To:** Matthew Foster; Stephen Horvath
      **Cc:** Groth, David; Luccaro, Daniel J.; Brooks Jr., Norman H.
      **Subject:** St. Paul v. Capitol Sprinkler v. Guest Services

      Mr. Foster:

      We now have depositions scheduled in the above on 8/14 and 8/15. We would like to depose David Hamm
      of Guest Services at the same time. Please confirm his availability for one of the 2 dates. We will send out
      a Notice of Deposition after his availability is confirmed. Thank you.

      *W. Frank Johnson, Jr., Esq.*
      Marks, O'Neill, O'Brien & Courtney, P.C.
      913 North Market St., Suite 800
      Wilmington, DE 19805
      phone: (302) 658-6538
      fax: (302) 658-6537
      fjohnson@mooclaw.com

## Johnson, Frank

| | |
|---|---|
| **From:** | Johnson, Frank |
| **Sent:** | Friday, August 11, 2006 2:50 PM |
| **To:** | mfoster@vadctriallaw.com |
| **Cc:** | Brooks Jr., Norman H. |
| **Subject:** | St. Paul v. Capitol v. Guest Services |

Matt,

Can you please give me the last known address for Terrence Hubbard?  Thanks.

*W. Frank Johnson, Jr.*
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19805
phone: (302) 658-6538
fax: (302) 658-6537
fjohnson@mooclaw.com

**Exhibit E**

10-9-06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | : | |
| as Subrogee of Gallaudet University | : | CASE NUMBER: 1: 05-CV-02115 |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| CAPITOL SPRINKLER INSPECTION, INC | : | |
| | : | |
| Defendant | : | |
| | : | |
| vs. | : | |
| | : | |
| GUEST SERVICES, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

## NOTICE OF ORAL DEPOSITION

TO:    Stephen Horvath, Esquire
       Trichilo, Bancroft, McGavin , Horvath & Judkins, P.C.
       3920 University Drive, P.O. Box 22
       Fairfax, VA  22030

       David J. Groth, Esquire (phv)
       Daniel J. Luccaro, Esquire (phv)
       1900 Market Street
       Philadelphia, PA 19103
       (215) 665-2000 (p)
       (215) 701-2368 (f)


       PLEASE TAKE NOTICE that plaintiff will take the depositions of the following
individuals at the offices of Mesirow & Stravitz, 2000 Massachusetts Avenue, Suite 200,
Washington, DC upon oral examination pursuant to the Federal Rules of Civil Procedure,
before a Notary Public, or before some other officer authorized by law to administer
oaths.

{DE067099.1}

**Monday, October 16, 2006**

| **Deponent** | **Time** |
|---|---|
| Terrance Hubbard | 10:00 a.m. |
| Plaintiff's 30(b)(6) witness concerning access to the Conference Center provided by Gallaudet University on January 9, 2003. | 11:00 a.m. |
| David Hamm | 1:00 p.m. |
| Third Party Defendant's 30(b)(6) witness concerning access to the Conference Center provided to Defendant by Third Party Defendant on January 9, 2003. | 3:00 p.m. |

You are asked to notify the deponents to be present at the time and place aforesaid and you are privileged to attend and participate in the examination. Said depositions will continue from day to day until completed.

_____
Michael T. Hamilton, Esquire
Norman H. Brooks, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, #800
Wilmington, DE 19805
(302) 658-6538

{DE067099.1}

Exhibit F

Oct-11-06    04:29pm    From-Cozen O'Connor - Philadelphia    215-665-2013.    T-984    P.002/003    F-017



### COZEN
### O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**DAVID J. GROTH**
Direct Phone 215.665.2056
Direct Fax    215.701.2056
dgroth@cozen.com

October 11, 2006

**VIA FACSIMILE/REGULAR MAIL**

Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, #800
Wilmington, DE  19805

> Re:    St. Paul Mercury Insurance Company, as Subrogee of Gallaudet
> University v. Capitol Sprinkler Inspection, Inc., et al.
> Case No. 1:05CV02115
> <u>Our File No.:  134164</u>

Dear Mr. Brooks:

In response to the Deposition Notice which your office forwarded to me yesterday, October 10, 2006, for depositions which you wish to schedule for Monday, October 16, 2006, please be advised that I attempted to make contact with a Gallaudet University representative to try to get an individual to respond to your Rule 30(b)(6) deposition request. Initially, I was unable to reach anyone at the University. However, after repeated tries, I did get someone to answer the phone only to find out that over the last few days the University has been taken over by the students. If you Google Gallaudet University on your computer, you will find out that there have been bomb threats which have cleared the campus, sit-ins that are occupying school facilities and preventing mid-term exams, and other incidents of student body unrest. Under these circumstances, it is highly unlikely that I will be able to obtain for you any Gallaudet representative or witness to respond to your deposition request before October 16, 2006.

In addition, as you know, I do not represent Gallaudet University which is not a party in this action. Although I am happy to attempt to arrange for the eventual deposition of a Gallaudet representative, because of the time constraints you are under, you may want to consider directly subpoenaing a Gallaudet witness in order to provide you with the information which you seek.

04:29pm    From-Cozen O'Connor - Philadelphia        215-665-2013        T-984    P.003/003    F-017

October 11, 2006
Page 2

_____

Finally, I have no objection to the depositions of a representative or representatives of third-party defendant Guest Services proceeding on October 16, 2006 as scheduled. Also, if you would like to move up the Guest Services depositions to start at 10:00 A.M., I would have no objection to that, as well.

Please do not hesitate to contact me if you have any questions concerning the foregoing.

If anything changes with regard to the Gallaudet University situation, I will certainly let you know.

Thanking you for your attention in this matter, I am

Very truly yours,

COZEN O'CONNOR

BY:    DAVID J. GROTH

DJG/slw

cc:    Stephen A. Horvath, Esquire
       Eric Stravitz, Esquire

PHILADELPHIA\2808389\1  134164.000

**Exhibit G**

**Brooks Jr., Norman H.**

| | |
|---|---|
| **From:** | Andersen, Eric M. |
| **Sent:** | Monday, October 16, 2006 1:35 PM |
| **To:** | 'dgroth@cozen.com' |
| **Cc:** | 'shorvath@vadctriallaw.com'; Brooks Jr., Norman H. |
| **Subject:** | St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection:  C.A. No. 1:05cv02115; file no. 134164:  inspection of the premises |

Mr. Groth,

I have reviewed your October 11, 2006 letter to Mr. Brooks regarding the unrest at Gallaudet Univ.  What days during the next two weeks may our expert inspect the premises at Gallaudet Univ.?

Regards,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Eric M. Andersen
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
302-658-6538
Fax: 302-658-6537

**Exhibit H**

## Brooks Jr., Norman H.

| | |
|---|---|
| **From:** | Andersen, Eric M. |
| **Sent:** | Friday, October 20, 2006 10:50 AM |
| **To:** | 'Groth, David' |
| **Cc:** | Brooks Jr., Norman H. |
| **Subject:** | RE: St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection: C.A. No. 1:05cv02115; file no. 134164: inspection of the premises |

David,

Jim Davidson needs access to all of the drum drips in the Kellogg Conference Center.

Our expert needs to inspect the premises to complete his report to determine the cause of the discharge on January 25, 2003 independent of the cause the Capital Sprinkler employees determined during their visits after the discharge. In addition, please forward to my office the fractured coupling that was returned to the school or make that coupling available for inspection when Mr. Davidson arrives at the conference center.

Regards,

Eric

---

**From:** Groth, David [mailto:DGroth@cozen.com]
**Sent:** Monday, October 16, 2006 2:47 PM
**To:** Andersen, Eric M.
**Subject:** RE: St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection: C.A. No. 1:05cv02115; file no. 134164: inspection of the premises

As I informed you, I will attempt to make contact with the university but I cannot make any promises due to the current problems on campus. Please explain why you need an inspection. Capitol Sprinkler was there on a number of occasions following the sprinkler pipe leak and even removed the fractured coupling before returning it to the school. Please explain why another inspection is required almost three years later, and identify who you intend to send to the inspection and what areas of the building you would like access to. Since the condition of the building may have changed over the last three years, I am not sure what relevance any such inspection may have to any issue in our case. I will need this information to provide to the university should I be able to make contact with someone in administration.

---

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

---

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection: C.A. No. 1:05cv02115; file no. ...    Page 2 of 2

**From:** Andersen, Eric M. [mailto:EAndersen@mooclaw.com]
**Sent:** Monday, October 16, 2006 1:35 PM
**To:** Groth, David
**Cc:** shorvath@vadctriallaw.com; Brooks Jr., Norman H.
**Subject:** St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection: C.A. No. 1:05cv02115; file no. 134164: inspection of the premises

Mr. Groth,

I have reviewed your October 11, 2006 letter to Mr. Brooks regarding the unrest at Gallaudet Univ. What days during the next two weeks may our expert inspect the premises at Gallaudet Univ.?

Regards,

*************************************************
Eric M. Andersen
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
302-658-6538
Fax: 302-658-6537

**Exhibit I**

10-31-06

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

ST. PAUL MERCURY INSURANCE        :
COMPANY, as subrogee of Gallaudet  :
University,                        :
                                   :
        Plaintiff,                 :
                                   :        Case No. 1:05CV02115
        v.                         :
                                   :
CAPITOL SPRINKLER INSPECTION, INC. :
                                   :
        Defendant/Third-Party Plaintiff, :
                                   :
        v.                         :
                                   :
GUEST SERVICES, INC.,              :
                                   :
        Third-Party Defendant.     :

**DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S
FIRST SET OF INTERROGATORIES DIRECTED
TO THIRD PARTY DEFENDANT, GUEST SERVICES, INC.**

NOW COMES; DEFENDANT; Capitol Sprinkler Inspection, Inc., pursuant to Federal Rule

of Civil Procedure 33 and this Court's local rules, and serves the attached interrogatories to be

propounded to Third Party Defendant Guest Services, Inc. These questions are being served upon

the attorney of record for Third Party Defendant Guest Services, Inc. and you are notified that

Defendant/Third Party Plaintiff, Capitol Sprinkler Inspection Inc. specifies that the answers shall be

served upon the first business day after the expiration of 30 days after service of said interrogatories.

These interrogatories shall be answered separately and fully in writing under oath and signed by the

person making them. Demand is made for supplementation of your answers to these interrogatories

as required by Federal Rule of Civil Procedure 26(e).

DE068763.1

**Definitions**

For purposes of the following Interrogatories, the following definitions apply:

1.     "Third Party Plaintiff," "you" or "your" means and refers to, individually and collectively, Guest Services, Inc., its partners, subsidiaries, affiliates, divisions, and all predecessors and/or successors and interest thereof, and all persons acting on its or their behalf.

2.     The "accident," "incident," or "occurrence," means and refers to the water leakage which occurred on January 25, 2003 at the Kellog Conference Center of Gallaudet University located at 800 Florida Avenue, N.E. Washington, D.C. ("the subject property").

3.     "Documents" as used in these Interrogatories, is employed in the broadest sense under Rule 34 of the Rules of Civil Procedure and means without limitation any written, printed, typed, photocopied, photographs, recorded or otherwise reproduced communications or reproductions, whether assertedly privileged or not and including all copies or drafts of any such document which differ by annotation or otherwise in any respect from the original.

4.     "Person" refers to the plural as well as the singular, or any natural person, firm, corporation, association, group or association, unless specifically stated otherwise.

5.     "Identify" as applied to a person, means to furnish, except as otherwise noted, his or her name and present last or known residence and business address, and, if a corporation, the state of incorporation.

6.     Whenever you are requested to "identify" a communication of any type and such communication was oral, the following information should be furnished:

      (a)     by whom it was made and to whom it was directed;

      (b)     its specific subject;

DE068763.1

(c)    the date upon which it was made;

(d)    who else was present when it was made; and

(e)    whether it was recorded, transcribed or summarized in any writing of any type, and if so, the identity of each such writing in the manner indicated below.

7.    Whenever you are requested to "identify" a communication and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

(a)    its nature (letter, memorandum, telegram, note, drawing);

(b)    its specific subject;

(c)    by whom it was made and to whom it was directed;

(d)    the date upon which it was made; and

(e)    who has possession of the original and any copies.

8.    If you object to any of the Interrogatories herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

(a)    identify the privileged document or communication;

(b)    identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

(c)    identify the person who made the privileged document or communication;

(d)    identify the general subject matter of the privileged document or communication; and

DE068763.1

(e)    state the basis for your claim of privilege with respect to each such document or communication.

9.    These Interrogatories are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in the answer to them, is obtained or becomes known to Plaintiff, it shall be supplied in writing under oath to Defendant, as though expressly requested by separate Interrogatories.

### Interrogatories

1.    Identify the date of birth, social security number and last know phone number and address for the following former employees: Terrence Hubbard and David Hamm.

**ANSWER:**

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**


\s\ Donald R. Kinsely
Donald R. Kinsley, Esquire, #432998
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Capitol Sprinkler Inspections, Inc.*


DATED: October 31, 2006


DE068763.1

**Exhibit J**

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

      Plaintiff,

    v.

                         Civil Action No. 1:5cv-2115-CKK
                         Judge    Colleen    Killar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

      Defendant,

    v.

GUEST SERVICES, INC.

      Third-Party Defendant.

_____/

## THIRD PARTY DEFENDANT, GUEST SERVICES, INC.'S OBJECTIONS TO INTERROGATORIES FROM CAPITOL SPRINKLER INSPECTION, P.C.

    COMES NOW, the third party defendant, Guest Services, Inc., by counsel, and for its Objections to the Capitol Sprinkler Inspection, P.C.'s First Set of Interrogatories, states the following:

    1.    Objection is made to the definitions and instructions. The definitions and instructions attempt to modify and alter the Federal Rules of Civil Procedure. The Interrogatories will be responded to accordance with the Federal Rules of Civil Procedure, but not in accordance with the definitions and instructions.

    2.    Objection is made to providing the Social Security Number for the individual listed. That information is confidential.

Respectfully submitted,

GUEST SERVICES, INC.

_____

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Objections to Discovery Requests** was served by mail, first class, postage prepaid on the 7th day of November, 2006 to:


Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
2000 Massachusetts Avenue, N.W.
Suite 200
Washington, D.C. 20036
*Counsel for Plaintiff*

E-mail: strav@erols.com


Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

davidgroth@cozen.com

2

Michelll Murphy, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
 913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*

E-mail: mmurphy@mooclaw.com

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*

E-mail: fjohnson@mooclaw.com

_____
Stephen A. Horvath

3

**Exhibit K**

## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD · SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE · SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801

————

(302) 658-6538
FAX (302) 658-6537

December 8, 2006

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE · SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER · SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET · SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

Stephen A. Horvath, Esquire
Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C.
3920 University Drive, P.O. Box 22
Fairfax, VA 22030

*VIA FACSIMILE: (703) 385-1555*

**Re:** ***St. Paul Mercury Insurance***
***Company v. Capitol Sprinkler Inspection, Inc.***
**249-76020**

### Rule 37 Request

Dear Mr. Horvath:

Guest Services has objected to providing Capital Sprinkler with the date of birth, social security number, and last known address and telephone number for two of Guest Service's former employees, namely Terrence Hubbard and David Hamm, stating only that their social security numbers are confidential. Please consider this my Rule 37 request for all information responsive to the propounded interrogatory.

Thank you for your anticipated cooperation.

Sincerely,

THEODORE J. SEGLETES, III

TJS/mlm

DE071939.1

Message Confirmation Report                    DEC-08-2006 03:16 PM FRI

                                    Fax Number    :
                                    Name          :   MARKS, O'NEILL-WILM


Name/Number    :   17033851555
Page           :   1
Start Time     :   DEC-08-2006 03:16PM FRI
Elapsed Time   :   00'04"
Mode           :   STD ECM
Results        :      [O.K]

**Exhibit L**

**Segletes, Theodore J.**

From:      Irene Walsh [IWalsh@vadctriallaw.com]
Sent:      Wednesday, December 13, 2006 3:39 PM
To:        Segletes, Theodore J.
Subject:   Capitol Sprinkler v. Guest Services, Inc.

The following are the names that you requested:

David Hamm

13631 Forest Pond Court

Centreville, Virginia 20121

DOB: ████████████

SSN: ████████

Phone: ██████████


Terrence Hubbard

901 Sixth Street, NW

Apartment 507

Washington, D.C. 20024

DOB: ██████████

SSN: ██████████

Phone: ██████████

**Exhibit M**

## Brooks Jr., Norman H.

| | |
|---|---|
| **From:** | Andersen, Eric M. |
| **Sent:** | Friday, October 20, 2006 10:34 AM |
| **To:** | SHorvath@vadctriallaw.com |
| **Cc:** | Brooks Jr., Norman H. |
| **Subject:** | St. Paul Mercury Ins. Co. v. Capital Sprinker Inspection, C.A. No. 1:05cv02115:  depositions |

Mr. Horvath,

I reviewed your October 12, 2006 letter to Norm Brooks.

Did you determine on what days (next week and the following) can Guest Services produce a Rule 30(b)(6) witness for deposition?

What is the last known address for Terrance Hubbard and David Hamm?

When are you available for depositions (next week and the following) for the Gallaudet designee, Hamm and Hubbard?

**************************************************
Eric M. Andersen
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
302-658-6538
Fax: 302-658-6537

**Exhibit N**

## Brooks Jr., Norman H.

| | |
|---|---|
| **From:** | Andersen, Eric M. |
| **Sent:** | Monday, October 23, 2006 5:28 PM |
| **To:** | 'Louis Dempsey' |
| **Cc:** | Brooks Jr., Norman H. |
| **Subject:** | RE: St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc. (our file no. 249-76020): location of witnesses |

Mr. Dempsey,

Please go ahead and attempt to locate the witnesses using the Cyber-TRACE service.

Regards,

Eric

---

**From:** Louis Dempsey [mailto:louis.dempsey@verizon.net]
**Sent:** Monday, October 23, 2006 5:08 PM
**To:** Andersen, Eric M.
**Subject:** Re: St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc. (our file no. 249-76020): location of witnesses

Mr. Anderson:

See the attached Word document regarding the types of searches performed and the methodology used. With what you were able to provide, the Cyber-TRACE would cost $150 each, to attempt to locate the subjects. If they are not fugitives, or otherwise on "the lam", they can usually be found in this manner. If not successful at that, I will come back to you to see if you want the Skip-SEARCH performed at the additional costs noted.

Let me know if you want me to proceed and you time constraints. Thanks.

Lou Dempsey


Louis R. Dempsey
Owner and Licensed Private Investigator
Delaware Private Investigator License 03-16A
Assured Inquiries, LLC
P.O. Box 87
New Castle, DE 19720-0087
302-324-1190 / 888-644-0004
302-324-0177 (fax)
www.assuredinquiries.com
Member N.A.I.S., P.R.R.N., N.C.I.S.S., A.S.I.S., N.J.L.P.I.A.


| ----- Original Message -----
| **From:** Andersen, Eric M.
| **To:** louis.dempsey@verizon.net
| **Cc:** Brooks Jr., Norman H.

St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc. (our file no. 249-76020): lo...    Page 2 of 2

**Sent:** Monday, October 23, 2006 5:00 PM
**Subject:** St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc. (our file no. 249-76020): location of witnesses

Mr. Dempsey,

Please provide an estimate to locate the following individuals.

David Hamm
LAST KNOWN RESIDENTIAL ADDRESS
104 Barstow Road
Clovis, CA 93612

Terrence Hubbard
LAST KNOWN BUSINESS ADDRESS
Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Eric M. Andersen
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
302-658-6538
Fax: 302-658-6537