UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University | CASE NUMBER: 1:05CV02115 |
| Plaintiff | |
| vs. | |
| CAPITOL SPRINKLER INSPECTION, INC | |
| Defendant | |
| vs. | |
| GUEST SERVICES, INC. | |
| Third-Party Defendant | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE OR IN THE
ALTERNATIVE TO EXTEND TIME FOR EXPERT DISCOVERY**

Plaintiff St. Paul Mercury Insurance Company, by and through its counsel, Cozen O'Connor and Mesirow & Stravitz, hereby opposes defendant's Motion in Limine based upon the following:

**I.  INTRODUCTION**

Defendant Capitol Sprinkler's motion seeks to preclude plaintiff St. Paul from offering expert or opinion testimony at trial of two of its own employees, insurance adjusters named James Dunaway and Charles Murray, solely because plaintiff did not serve a signed report by them under Rule 26(a)(2)(B) by the deadline established by the Scheduling Order. However, as will be conclusively established by the following recitation of facts and case law, these two employees of plaintiff St. Paul are not witnesses retained or specially employed to provide expert testimony in this case under

Rule 26(a)(2)(B). They are, instead, hybrid fact/expert witnesses under Rule 26 (a)(2)(A), who may provide opinion testimony at trial. As stated in numerous cases, such witnesses are <u>not</u> required to generate a signed, written report under Rule 26(a)(2)B). <u>Sullivan v. Glock</u>, 175 F.R.D.497, 498-99 (D.Md.1997) (See Exhibit "J"); <u>Kirkham v. Societe Air France,</u> 236 F.R.D. 9 (D.D.C. 2006)(See Exhibit "K"). Why? Because witnesses such as these two adjusters are employees of a party, the plaintiff, not specially employed for this litigation; because they were actual participants, prior to any litigation, in the aftermath of the incident (water leak) generating this claim in that they analyzed, calculated and appraised the property damage caused by the water leak; because they do not receive any additional compensation in the event that they are asked to testify at trial; because their opinions regarding the cost to repair/replace property damaged by the water leak were not prepared at the request of counsel, but as part of the normal insurance adjustment process following a loss; and because their opinions are <u>not</u> based upon any facts, information or documents generated by the subsequent litigation.

In view of the foregoing, the threshold issue is whether or not defendant Capitol Sprinkler was provided with the type of disclosure it was entitled to and needed in order to properly prepare to cross-examine these hybrid fact/expert witnesses at trial, prior to the end of pretrial discovery on January 5, 2007. A secondary threshold question is whether or not defendant Capitol Sprinkler did anything it could have or should have done to obtain additional information from these witnesses prior to January 5, 2007. The following chronology indicates that not only was defendant Capitol Sprinkler given everything it was entitled to with regard to these witnesses under Rule 26(a)(2)(A), both

before and after the litigation began; but also that Capitol Sprinkler did absolutely nothing to obtain any additional information, documentation or deposition testimony from these witnesses prior to the January 5, 2007 discovery deadline.

## **CHRONOLOGY**

1.  On July 20, 2005, prior to any litigation, plaintiff forwarded to a representative of the liability insurer of defendant Capitol Sprinkler a letter with documents from St. Paul establishing the cost of repairing the building damage caused by the water leak, including repair estimates by Avedon Contracting, Inc., Pro Clean, Inc. and Belfor USA (See Exhibit "A").

2.  The Complaint was filed on October 31, 2005.

3.  On April 21, 2006, plaintiff St. Paul served upon defendant its Initial Disclosures under Rule 26(a)(1), which included the names of all of its anticipated damage witnesses (See Exhibit "B"), and all damage documents which existed at that time, consisting of almost 400 pages (Bates Nos. 022 - 410 – not included herein but available for examination by the Court upon request). These documents included the repair estimates and/or actual invoices for all contractors (Avedon, Pro Clean, Belfor USA), who actually repaired the building, the calculations of Nardone & Co. regarding the business property loss; a Summary of Damages prepared by plaintiff St. Paul's counsel (See Exhibit "C"); and a Statement of Loss by St. Paul with regard to the building repairs (See Exhibit "D") and contents damage (See Exhibit "E").

4.  On September 12, 2006, plaintiff served its Rule 26(a)(2)(B) expert disclosure, naming Mr. McLauchlan as its sole liability expert, including his eight page written, signed report, Curriculum Vitae and list of prior testimony; and also naming four

of the five damage witnesses previously disclosed in Plaintiff's Initial Disclosures and referencing the almost 400 pages of documents previously served.  (See Exhibit "F" - McLauchlan CV and testimony list omitted).

      5.  On January 2, 2007, plaintiff supplemented its initial disclosure of damage witnesses and documents by simply substituting St. Paul adjuster Charles Murray for adjuster James Dunaway because it was determined that Mr. Dunaway had retired, was reportedly in ill health and had moved to Florida.  (See Exhibit "G").  The only supplemental documents were two pages prepared by Mr. Murray setting forth the amount of the loss on an actual cash value (replacement cost minus depreciation) basis versus a replacement cost basis.  Only the replacement cost figures had previously been supplied in plaintiff's initial disclosures, and the actual cash value figures are less than the replacement cost figures.

      6.  Prior to the January 5, 2007 discovery deadline, defendant Capitol Sprinkler never discussed with counsel nor scheduled a Rule 30(b)(6) deposition of any representative of plaintiff St. Paul with regard to any damage issue; nor requested or attempted to schedule the deposition of any of the five damage witnesses identified in plaintiff's April 21, 2006 initial disclosures; nor did defendant name any expert damage witness of its own.  In short, defendant never did anything to address or question the scope, actual repair cost or calculations of plaintiff's damage claim prior to the discovery deadline.  Instead, defendant raised the issue for the first time at the status conference with the Court on January 31, 2007, almost a month after the discovery deadline.  At that time, defendant Capitol Sprinkler orally asked the Court to permit additional discovery with regard to Mr. Murray, although defense counsel had never discussed the

issue with plaintiff's counsel, even at the January 10, 2007 mediation with Magistrate Kay.

II. **BASES FOR THE DENIAL OF DEFENDANT'S MOTION IN LIMINE**

    A. **Defendant Capitol Sprinkler Failed to Comply with LCvR7(m)**

As a strictly procedural issue, although defendant provided the Court with a "Certification of Counsel" (see Exhibit "H") certifying that it attempted to confer, in good faith, with opposing counsel in order to resolve this discovery dispute, that is simply and completely untrue. Not only is it untrue and an intentional misrepresentation to the Court by defense counsel, it was also specifically brought to defense counsel's attention by plaintiff's counsel so that the defendant could take the appropriate steps to rectify the misrepresentation and inform the Court of its error. See letter of plaintiff's counsel to defendant's counsel dated February 23, 2007, attached as Exhibit "I", in which defense counsel was given the opportunity to correct his misrepresentation to the Court but chose not to do so. There was never any response to this letter from defendant's counsel.

    B. **Plaintiff Has Complied With All Applicable Discovery Rules With Respect to Naming Messrs. Dunaway and Murray As Hybrid Fact/Expert Witnesses in This Case**

The facts clearly indicate that defendant Capitol Sprinkler was supplied by plaintiff with all of the discovery materials defendant was entitled to regarding plaintiff's damage witnesses prior to the January 5, 2007 discovery deadline. It is equally clear that prior to that same deadline, defendant did nothing to obtain its own damage expert, nor to take the depositions of any of the damage witnesses whose names had been provided by plaintiff as early as April of 2006. Plaintiff's disclosure of anticipated expert testimony served on September 12, 2006 correctly named Mr. McLauchlan has its sole

5

liability expert and provided the required written, signed report and other information required by Rule 26(a)(2)(B).  However, with regard to the four damage witnesses listed in the same disclosure, including Mr. Dunaway of St. Paul, it should have been clear from a review of their referenced reports, invoices and calculations supplied with plaintiff's initial disclosures, that these were not witnesses retained or specially employed by plaintiff St. Paul to provide expert testimony in this case.  Their documentation clearly indicates that their activities were solely related to the calculation and repair of the property damage immediately following the water leak incident on January 25, 2003, over two years before any litigation was commenced in October of 2005.

Consequently, plaintiff St. Paul's adjuster, as well as the contractor damage witnesses, are in reality hybrid fact/expert witnesses under Rule 26(a)(2)(A), and were therefore not required to provide Rule 26(a)(2)(B) written reports and other related disclosures.  An adverse party customarily obtains the opinions of such witnesses through interrogatories, document production requests and depositions.  While Rule 26(a)(2)(A) does not require the disclosure of anything more than the witnesses' identities, in this case plaintiff provided the defendant with their names, calculations, reports and invoices very early in the litigation process.  Yet the defendant inexplicably did nothing to request or schedule their depositions before the January 5, 2007 discovery deadline.  Consequently, as concluded by the Court in the <u>Sullivan</u> case, <u>supra</u>, the automatic exclusion provision of Rule 37(c)(1) is totally inapplicable.

Even though plaintiff did supplement its expert disclosures prior to the discovery deadline by substituting St. Paul's adjuster Murray for adjuster Dunaway due to the latter's retirement, ill health and change in residency to Florida, defendant <u>still</u> made no

request for Mr. Murray's deposition or to even discuss the issue with plaintiff's counsel. However, that is totally consistent with defendant's failure to depose <u>any</u> of the disclosed damage witnesses, including Mr. Dunaway, whom defendant had knowledge of over ten months ago in April of 2006.

Perhaps if defendant Capitol Sprinkler could provide the Court with a single deposition notice served during the entire discovery period, or a letter to plaintiff's counsel requesting the depositions of any one or all of the damage witnesses of which defendant had knowledge, the Court would be justified to considering allowing the scheduling of Mr. Murray's deposition even after the discovery deadline has long since passed. But defendant Capitol Sprinkler did not supply any such documentation to the Court with its Motion in Limine, and cannot do it now because it does not exist. Capitol Sprinkler never did what it should have and could have done before the expiration of the discovery deadline on January 5, 2007 to depose any of these damage witnesses.

It may be that the real reason defendant Capitol Sprinkler is pursuing this motion is to use this motion to persuade the Court to also grant defendant's other pending motion to extend the expert discovery deadline so that the defendant can properly disclose the opinions of its own expert liability witness, a Rule 26(a)(2)(B) witness who never issued any type of written report until January 12, 2007, five days <u>after</u> the discovery deadline. There is a consistent pattern of conduct here with regard to the handling of pretrial discovery by defendant Capitol Sprinkler. The defendant failed to properly disclose its <u>own</u> Rule 26(a)(2)(B) liability expert witness; failed to request the depositions of any of plaintiff's properly identified damage witnesses; and then filed this untimely discovery motion with the Court to try to extend the expert discovery deadline while intentionally misrepresenting to the Court by the certification of its counsel that the

defendant had previously conferred about the issue with opposing counsel.  Permitting defendant to employ such tactics would undercut the very purpose of this Court's Scheduling Order.  Extending any discovery deadline under the circumstances of this case would simply reward the defendant for its dilatory and neglectful discovery practices.

    WHEREFORE, plaintiff St. Paul respectfully requests that defendant's Motion in Limine Or In the Alternative to Extend Time for Discovery be denied in its entirety.

    Respectfully submitted,

    COZEN O'CONNOR

    BY:  s/ Daniel J. Luccaro
        DANIEL J. LUCCARO, ESQUIRE (phv)
        DAVID J. GROTH, ESQUIRE (phv)
        1900 Market Street
        Philadelphia, PA  19103
        (215) 665-2000

    MESIROW & STRAVITZ
    Eric N. Stravitz, Esquire (D.C. Bar #438093)
    1307 New Hampshire Avenue, N.W.
    Suite 400
    Washington, DC 20036
    (202) 463-0303

    *Attorneys for Plaintiff*

Dated:  March 5, 2007