### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
#### (Civil Division)

ST. PAUL MERCURY INSURANCE          :
COMPANY, as subrogee of Gallaudet     :
University,                                            :
                                                             :
                Plaintiff,                             :
                                                             :  Case No. 1:05CV02115
        v.                                               :
                                                             :
CAPITOL SPRINKLER INSPECTION, INC.:
                                                             :
                Defendant/Third-Party Plaintiff,  :
                                                             :
        v.                                               :
                                                             :
GUEST SERVICES, INC.,                   :
                                                             :
                Third-Party Defendant.        :

#### DEFENDANT'S REPLY MEMORANDUM
#### IN SUPPORT OF ITS MOTION IN LIMINE

Defendant, Capitol Sprinkler Inspection, Inc., ("Capitol") by and through the undersigned counsel, hereby replies to opposing counsels' memoranda in opposition to Defendant's Motion IN Limine and in support, states as follows:

#### INTRODUCTION

1.      Capitol hereby adopts and incorporates its Statement Relevant Facts set forth in the Statement of Points and Authorities submitted in support of its Motion in Limine (D.I. 39), filed and served on counsel on February 26, 2007.

2.      Third-Party Defendant, Guest Services, has failed to provide a responsive pleading to Capitol's aforementioned Motion and should be deemed to have conceded the motion pursuant to Local Civil Rule 7(b).

DE078255.1

3.      Assertions that the subject of motion practice to exclude expert testimony is something new are utterly unfounded. Expert testimony and the submission and supplementation of expert reports have been at issue in this Court for several months (see e.g. D.I. 23, 24, 26, 29, 30, 31, 32, and 37) and, as the Plaintiff notes, the issues of expert testimony, disclosures and possible exclusion were discussed, and the parties' positions were made clear on the record, at the most recent conference with the Court on January 31, 2007.

4.      Therefore, the question before the Court is whether to exclude the testimony and opinions of Plaintiff's expert damages witnesses, James Dunaway and Charles Murray, and the introduction of the evidence of damages described in Plaintiff's Rule 26(a)(2)(B) Disclosure of Expert Testimony, or in the alternative to extend time for expert discovery to allow additional time for Expert Disclosures and Discovery. As demonstrated below, Capitol is entitled to the exclusion of said evidence, testimony and opinions, or in the alternative, to an extension in time for expert discovery.

## I. BACKGROUND

5.      Under Part II of its Rule 26(a)(2)(B) Disclosure, served on Capitol on September 12, 2006, Plaintiff clearly identified the following individuals under the heading "DAMAGES EXPERTS":

| | |
|---|---|
| James Dunaway<br>St. Paul Travelers Insurance Co.<br>P.O. Box 15366<br>Pensacola, FL 32514 | Jonathan Dunn, Adjuster<br>Vanguard Adjusters Group, Inc.<br>P.O. Box 835<br>Woodbury, NJ 08096 |
| Carvelle C. Everling, Jr.<br>Corporate Operations Manager<br>Nardone & Company, Inc.<br>838 Ritchie Highway, Suite #2<br>Severna Park, Md 21146 | William Tillett<br>Belfor USA<br>10850 Hanna Street, Suite L<br>Beltsville, MD 20705 |

(Please see Plaintiff's Disclosure, attached hereto as Exhibit A, for further description of the testimony of these expert witnesses).

DE078255.1

6.      Plaintiff subsequently failed or refused to timely complete or supplement its Disclosure with information required by Rule 26(a)(2)(B), including, but not limited to: a statement of qualifications for each expert; a clear statement of any opinion to which the expert will testify or that the expert has rendered to a reasonable degree of probability; or any information regarding the compensation any of these experts was paid for his testimony.

7.      On January 2, 2007 Plaintiff attempted to substitute Mr. Charles Murray for Mr. Dunaway by way of a "Supplemental Disclosure of Expert Testimony" (see D.I. 39, Defendant's Motion in Limine, Exhibit B) again identifying both Mr. Dunaway and Mr. Murray as Rule 26(a)(2)(B) experts.

8.      Faced with Capitol's Motion in Limine, brought because of Plaintiff's failure to properly identify its damages experts and disclose their opinions and expected testimony, Plaintiff has now decided that these individuals are "hybrid witnesses" from whom no Rule 26(a)(2)(B) reports are required.  As demonstrated below, these witnesses do not fit in this category and Rule 26(a)(2)(B) reports are required.

## II. APPLICABLE LAW

9.      "The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examinations at trial." Minebea Company, Ltd., et al. v. George Papst, et al., 231 F.R.D. 3 (D.D.C. 2005), *citing* Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003).

10.     Plaintiff has the burden of providing substantial justification for its failure to properly disclose its experts testimony and opinions or showing that such failure was harmless.  LCvR 26.2(a); *see also* Alves v. Mazda motor of America, Inc., 448 F. Supp. 2d 285, 293 (D.C. Mass. 2006).

DE078255.1

11.    In this case, "substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with [Civil Rule 26(a)(2)(B)]. The proponent's position must have a reasonable basis in law and fact." Sullivan v. Glock, 175 F.R.D. 497 (D. Md. 1997).

12.    In support of its argument, Plaintiff relies on Sullivan and the case of Kirkham v. Societe Air France, 236 F.R.D. 9 (D.D.C. 2006). Both cases address the "hybrid witness" under the guise of a treating physician who had an ongoing relationship with an injured plaintiff that pre-dated the subject injury and litigation and whose opinions were derived from that relationship and not as the result of special employment in preparation of litigation. (See Kirkham at 11-12 citing Sullivan at 500-501).

13.    The Kirkham court went on to point out that, when determining whether a Rule 26(a)(2)(B) report is required, a court must examine the substance of the proffered testimony, (Id. at 12) and determine whether or not it is based solely on information the physician learned though his actual treatment of the patient/plaintiff and specifically whether it would address causation, prognosis, or permanency (Id. at 13).

14.    The key question the Court must address in order to decide whether to exclude testimony for failure to comply with Rule 26(a)(2)(B) in this instance, is whether these experts' opinions were derived strictly from their own observations or whether they employed from "some unspecified body of professional knowledge." (Id.)

### III. ARGUMENT

15.    Under the above test, the Court's obligation is thus to consider not only the substance of each expert's testimony but also the circumstances surrounding the expert's involvement in this matter and whether the expert considered information that went beyond his own observations when

formulating an opinion as to the value and extent of damages suffered by Gallaudet University.

16.    Here, Plaintiff's original 26(a) disclosure identifies only "individuals likely to have discoverable information that plaintiff may use to support its claim." This tends to support a finding that the individuals so listed were "fact only" witnesses, rather than persons who are capable of rendering an expert opinions on the valuation of damages, (i.e. those who may employ an unspecified body of professional knowledge to render an *opinion* as to value rather than to simply relate the mere *observation* of cost (*see* Kirkham at 13)).  Thus, Capitol was not placed on notice at that time as to any opinion to which these witnesses may testify.

17.    Subsequent to its initial disclosures, Plaintiff undeniably and repeatedly identified these individuals as Civil Rule 26(a)(2)(B) "Damages Experts." However, never once did Plaintiff provide a clear idea of their opinions such as to place Capitol on notice of how these "experts" would testify.

18.    At no time prior to its responsive memorandum in opposition to Capitol's Motion in Limine did Plaintiff give the least indication that these individuals were "hybrid witnesses" under Rule 26(a)(2)(A).  Thus, Capitol was NEVER placed on notice that these witnesses were expected to fall into a middle ground that would warrant further investigation or questioning by Capitol.

19.    Although Mr. Dunaway was Plaintiff's employee on the date of loss, none of Plaintiff's other experts were.  In fact, each was employed for the specific purpose of placing a value on Gallaudet's damages only AFTER the date of loss, and at least one (Mr. Dunn) admits to consulting with the restoration contractor before rendering an estimate on the value of Gallaudet's damages.  (See D.I. 47, Defendant's Statement of Points and Authorities in support of its Motion in Limine, Exhibit A, pg. P029).

20.    Moreover, Plaintiff's own allegations and documentation shows that Mr. Dunaway made no original observations but instead relied on the estimates and observations of Plaintiff's other experts identified above to render an opinion as to the value of loss suffered at Gallaudet.

21.    Therefore, under the <u>Kirkham</u> test, since they were not Plaintiff's employees at the time of the loss but were in fact specially employed to render their opinions as to damages, testimony from Messrs. Tillet and Everling on the issue of damages is expert testimony for the purposes of Rule 26(a)(2)(B) disclosure and reporting requirements. Likewise, under <u>Kirkham,</u> since both Mr. Dunaway and Mr. Dunn considered information other than their own observations of Gallaudet's damages to render their opinions as to damages, their testimony on the issue of damages is considered expert testimony for the purposes of Rule 26(a)(2)(B) disclosure and reporting requirements. As such, each was required to submit a report that met the mandates of Rule 26(a)(2)(B) before the expiration of the expert discovery deadline.

22.    Since Mr. Murray is to substitute for Mr. Dunaway, and will thus testify to opinions that were based on materials other than his own observations, his must likewise to be considered expert testimony, subject to the required 26(a)(2)(B) report.

## IV. CONCLUSION

23.    As shown above, Plaintiff has failed to timely submit the required reports, therefore the only remaining question the Court must address is whether Plaintiff has shown substantial justification for such failure or shown that such failure was harmless. (*See* <u>Alves</u> *supra.*).

24.    As the deadline to examine these witnesses has pass, and since Plaintiff never gave Capitol adequate notice of Mr. Murray's substitution to allow Capitol to depose him, its failure to produce the required reports can hardly be said to be harmless.

25.    Since a complete analysis of Plaintiff's choice of supporting cases demonstrates that his "hybrid witnesses" are in fact experts for the purposes of Rule 26(a)(2)(B), Plaintiff cannot make a reasonable argument that its failure was substantially justified.

WHEREFORE, for the above stated reasons, Defendant Capitol Sprinkler Inspection, Inc., by and through its undersigned counsel, respectfully requests that this Honorable Court issue the attached Order *in limine* to exclude the testimony and opinions of Plaintiff's expert damages witnesses, James Dunaway and Charles Murray, and the offering of evidence relating to Plaintiff's Rule 26(a)(2)(B) Disclosure of Expert Testimony and Supplement thereto, or in the alternative to extend time for expert discovery to allow additional time for Expert Disclosures and Discovery.

**MARKS, O'NEILL,**
**O'BRIEN & COURTNEY, P.C.**

_/s/ Norman H. Brooks, Jr._
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE 19801
*Attorneys for Defendant/Third-Party Plaintiff*

DATE: March 12, 2007

DE078255.1