## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE | : | |
| COMPANY, as subrogee of Gallaudet | : | |
| University, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:05CV02115 (CKK) |
| v. | : | |
| | : | |
| CAPITOL SPRINKLER INSPECTION, INC: | | |
| | : | |
| Defendant/Third-Party Plaintiff, | | |
| | : | |
| v. | : | |
| | : | |
| GUEST SERVICES, INC., | : | |
| | : | |
| Third-Party Defendant. | : | |

### DEFENDANT CAPITOL SPRINKLER INSPECTION, INC'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE

Defendant, Capitol Sprinkler Inspection, Inc., ("Capitol"), by and through the undersigned counsel, hereby replies to plaintiff's supplemental response in opposition to Defendant's Motion *In Limine* and in support, states as follows:

### I. BACKGROUND

1.    Capitol hereby adopts and incorporates its Statement of Relevant Facts set forth in the Statement of Points and Authorities submitted in support of its Motion *in Limine* (D.I. 39), filed and served on counsel on February 26, 2007.

2.    The issue currently before the Court is whether to preclude the testimony of Plaintiff's damages witness, Charles Murray, and preclude the evidence of damages described in PLAINTIFF'S SUPPLEMENTAL DISCLOSURE OF EXPERT TESTIMONY UNDER RULE 26(a)(2)(B), served

DE084971.1

January 2, 2007, or in the alternative, to extend time for expert discovery to permit Mr. Murray's deposition and identification of a countervailing expert.   As demonstrated below, this Court should preclude Mr. Murray's testimony and the documents that he prepared.

3.      Under Part II of its Rule 26(a)(2)(B) Disclosure, served September 12, 2006, Plaintiff identified the following individuals as damages experts: James Dunaway, Jonathan Dunn, Carvelle C. Everling, Jr., and William Tillett.  Charles Murray was not listed as a damages expert.  Moreover, Mr. Murray was never even identified by Plaintiff in its Rule 26(a)(1) Disclosure (attached as Ex. A.), as a person likely to have knowledge of *any* discoverable information that may be used in support of Plaintiff's claim.

4.      On January 2, 2007, Plaintiff attempted to substitute Mr. Murray for Mr. Dunaway by way of a "Supplemental Disclosure of Expert Testimony" (see D.I. 39, Defendant's Motion in Limine, Exhibit B), which identified Mr. Murray as a Rule 26(a)(2)(B) expert.

5.      The Court's Order of June 1, 2007 (D.I. 43), characterizes Mr. Dunaway as a hybrid witness, who would be permitted to testify as a fact witness regarding his knowledge of pre-litigation information, but would not be allowed to testify to independent opinions regarding causation or damages assessments made either after litigation commenced or independent of his assessment of damages as a function of his job.

## II.  APPLICABLE LAW

6.      "The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examinations at trial."  <u>Minebea Company, Ltd., et al. v. George Papst, et al.</u>, 231 F.R.D. 3 (D.D.C. 2005), *citing* <u>Coles v. Perry</u>, 217 F.R.D. 1, 4 (D.D.C. 2003).

DE084971.1

7.    Plaintiff has the burden of providing substantial justification for its failure to properly disclose its experts' testimony and opinions or showing that such failure was harmless.  LCvR 26.2(a); *see also* Alves v. Mazda Motor of America, Inc., 448 F. Supp. 2d 285, 293 (D.C. Mass. 2006).

8.    "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with [Civil Rule 26(a)(2)(B)].  The proponent's position must have a reasonable basis in law and fact."  Sullivan v. Glock, 175 F.R.D. 497 (D. Md. 1997).

9.    When deciding whether to exclude Mr. Murray's testimony for failure to comply with Rule 26(a)(2)(B), the Court must address whether his opinions were derived strictly from his observations or whether they employed from "some unspecified body of professional knowledge." Kirkham v. Societe Air France, 236 F.R.D. 9, 13 (D.D.C. 2006).

### III.  ARGUMENT

*Mr. Charles Murray Is Offered As An Expert Witness*

10.    Under Kirkham, *supra*, the Court's obligation is to consider the substance of Mr. Murray's testimony, the circumstances surrounding his involvement in this matter, and whether he considered information that went beyond his own observations when formulating his opinion as to the property values and extent of damages.  As part of Plaintiff's January 2, 2007, Supplemental Disclosure, which identified Mr. Murray as a Rule 26(a)(2)(B) expert, two documents showing damages calculations were produced.  Mr. Murray apparently employed his professional knowledge when computing the actual cash value damages figure.  Accordingly, it is an expert opinion.

11.    Despite having its expert prepare calculations of its actual cash value damages, Plaintiff took the position that actual repair cost was the correct measure of damages. When District of Columbia

DE084971.1

law is silent on an issue, the Circuit Court turns to the substantive law of Maryland. <u>Whitaker v. Washington Metro. Area Transit Auth.</u>, 889 F. Supp. 505, 506 (D.D.C. 1995). This Court should, therefore, look to the law of Maryland regarding the proper measure of recoverable damages for real property damage.

12.    In a claim for property damage, Maryland case law permits a plaintiff to recover restoration costs unless the cost of restoration is "disproportionate" to the diminution in value of the property caused by the damage. (citation omitted). <u>Lexington Ins. Co. v. Baltimore Gas & Elec. Co.</u>, 979 F. Supp. 360, 363 (D. Md. 1997). Even when recovery of restoration costs is allowed, a plaintiff's recovery is limited to the "amount necessary to restore the property to its *original* . . . condition." (emphasis in original). <u>Id.</u>

13.    One measure of a property's original condition is its depreciated value. The determination of such a value requires an expert's analysis, and therefore, testimony regarding a depreciated value requires an expert opinion.

14.    Mr. Murray's proposed testimony on damages constitutes an expert opinion, which renders him an expert witness within the meaning of Rule 26(a)(2)(B). At the request of plaintiff's counsel, Mr. Murray purportedly prepared an analysis and documents regarding actual cost value as a measure of damages. The calculations that he performed differ from the damages analysis originally performed by Mr. Dunaway. Such analysis and opinion testimony requires an expert. Accordingly, as an expert witness, a Rule 26(a)(2)(B) disclosure should have been provided for Mr. Murray.

15.    Moreover, under <u>Kirkham</u>, since Mr. Murray considered information other than his own observations of Gallaudet's damages when forming his opinion as to damages, his testimony on the issue of damages is considered expert testimony for the purposes of Rule 26(a)(2)(B) and reporting

DE084971.1

requirements.  As such, he was required to submit a report that met the mandates of Rule 26(a)(2)(B)

before the expiration of the expert discovery deadline.

### *Mr. James Dunaway Is Not Unavailable For Trial*

16.    Plaintiff has not demonstrated that Mr. Dunaway is unavailable to testify at trial.  Plaintiff

specifically stated that Mr. Dunaway "might be able to testify if required to do so," and Mr. Dunaway

testified in a case just last year.  (See Plaintiff's Supplemental Response D.I. 44 ¶ 3).

17.    Despite learning of Mr. Dunaway's condition in the Fall of 2006, Plaintiff did not attempt to

substitute Mr. Murray as a witness until January 2, 2007.  If Mr. Dunaway were indeed unavailable

to testify at trial, the proper time to address that issue and propose a substitute witness would have

been when Plaintiff became aware of the issue during the Fall of 2006, not two months after the

deadline for identification of experts.

18.    Whereas Plaintiff has not shown Mr. Dunaway's unavailability to testify at trial or a need  to

substitute a new witness, Mr. Murray should not be permitted  testify in Mr. Dunaway's place.

### *Additional Discovery Is Warranted For Plaintiff's Newly Disclosed Witness,*
### *Mr. Charles Murray, Whether Characterized as a Fact , Expert or Hybrid Witness*

19.    On June 15, 2007, Plaintiff filed the Supplemental Response referenced in  this Court's Order

of June 1, 2007 (D.I. #42)  In it, Plaintiff went to great lengths to demonstrate that because of his

own firsthand knowledge, Mr. Murray is actually a hybrid witness, representing that Mr. Murray:

- is a direct, full-time employee of St. Paul (D.I. #44, Par. 1)

- was Mr. Dunaway's supervisor (Id.)

- actually "conclud[ed] the claim when Mr. Dunaway was unable (Id.)

- reviewed and approved Mr. Dunaway's reports, calculations and conclusions (Id.)

- had firsthand knowledge of the loss through his own direct involvement and

<u>observation</u> of the damages (Id. Par. 2).

20.    By making this argument, Plaintiff is hoisted by its own petard.  By so arguing, Plaintiff clearly demonstrates that Mr. Murray was, at the outset of the litigation,  an "individual likely to have discoverable information that Plaintiff may use to support its claim" within the meaning of Rule 26(a)(1), such that he should have been identified in Plaintiff's Rule 26(a)(1). He was not.

21.    It is undisputed that Plaintiff first disclosed Mr. Murray as a proposed witness of any kind, by virtue of its supplemental expert disclosures on January 2, 2007.  Capitol subsequently challenged the adequacy of plaintiff's disclosures through its motion *in limine,* seeking to bar the expert's testimony, or to allow more time for discovery.  Plaintiff attempts to shift focus to Capitol because Capitol did not immediately request Mr. Murray's deposition on the very day that he was identified.

22.    The record well demonstrates the timing: The disclosure was sent by regular mail; not facsimile or e-mail.  (SEE: Plaintiff's Certificate of Service attached as Ex. B.)  Not surprisingly, the disclosure was actually received by defense counsel on January 4,  i.e., the day before the cutoff of all discovery. (SEE: Plaintiff's cover letter attached as Ex. C.)   Plaintiff's suggestion that defendant could have digested the new spreadsheets and deposed the witness during discovery is unrealistic.

23.    Plaintiff's argument that Defendant offers no explanation for why Mr. Murray's deposition was not "requested immediately" is another attempt to mis-direct the Court's focus. Moreover, it overlooks the fact that a party challenging the testimony of a proposed expert is entitled to rely upon a court to enforce the automatic exclusion provision of Rule 37(c)(1).  <u>Sullivan v. Glock, Inc.,</u> 175 F.R.D. 497, 504-505 (D.Md. 1997).  As the Court noted in <u>Sullivan</u>, *supra*, Rule 37(c)(1) is a self-executing sanction, which provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) shall not, unless such failure is harmless, be permitted

to use as evidence at a trial, at a hearing or on any motion, any witness who was not so disclosed."

24.    The facts before the Court are materially different than those presented to the magistrate judge in <u>Sullivan v. Glock</u>, *supra*.  There, the Court noted that Plaintiff's Rule 26(a)(2) disclosure not only identified each of the hybrid witnesses whom plaintiff wanted to call, but also contained, "a very brief description of the role of each of [them] in connection with their treatment and/or evaluation of the plaintiff." *Id.*, at 498-499.

25.    The issue before the <u>Sullivan</u> court was whether the timely produced opinions of the hybrid experts satisfied the requirements of Rule 26(a)(2)(B).  The Court held that although the disclosed opinion did not satisfy the rule, the disclosure was sufficient because it satisfied Rule 26(a)(2)(A), which controls the disclosure of hybrid experts.  The facts herein are materially different in that Mr. Murray **had  not previously been identified,** either as a fact witness or an expert.

26.    He is very different from the "hybrid" fact/expert witnesses at issue in <u>Sullivan</u>.  There, all of the hybrid fact/expert witnesses were identified in timely filed Rule 26(a)(2) disclosures as treating physicians.  They obviously had some first-hand knowledge of plaintiff's injuries.  Although Plaintiff *now* wants to argue that Mr. Murray is actually a fact witness such that he will qualify as a hybrid, Plaintiff has offered the court no explanation for the fact that he was never identified as a witness likely to have discoverable information that plaintiff may use to support its claim as required by Rule 26(a)(1).

27.    Plaintiff contends that the 2 new pages of documents "set out Mr. Murray's previous calculations of the actual repair cost ...".  (DI # 44, Par. 5).  However, plaintiff supplies the Court no meaningful information about the "previous calculations."   Plaintiff attaches no such document. Moreover, Plaintiff provides no description or discussion of any previous calculations.  Certainly, had

Mr. Murray prepared any such previous calculations, he should have been identified as a person having knowledge as required by Rule 26(a)(1).

28.     Plaintiff did not attempt to explain the meaning to Mr. Murray's spreadsheets until this Court's January 11, 2007 Memorandum Opinion requested more information from Plaintiff. Clearly, expertise beyond that of a lay juror is required to understand it.

31.     Plaintiff never indicated, prior to its responsive memorandum in opposition to Capitol's Motion *in Limine,* that Mr. Murray was a "hybrid witnesses" under Rule 26(a)(2)(A).  Thus, Capitol was never placed on notice that Mr. Murray was expected to be classified as such, which would warrant further investigation or questioning by Capitol.

32.     Plaintiff attempted to offer Mr. Murray as a witness with a new expert opinion well after such disclosures were due. They are independent of any testimony of Mr. Donahue, and are wholly unrelated to his purported inability to testify at trial.

## IV.  CONCLUSION

33.     Plaintiff attempts to make no argument that its failure to identify Mr. Murray as a fact witness in its Initial Disclosure (Ex. A.), was substantially justified.

34.     Plaintiff has failed to timely submit the required report.  Therefore, the only remaining question the Court should address is whether Plaintiff has shown substantial justification for such failure or shown that such failure was harmless.  (*See* Alves *supra.*).  It has not.

35.     Whereas the final discovery deadline has passed, and whereas Plaintiff  failed to satisfy the requirements of Rules 26(a)(1) in identifying Mr. Murray as a fact witness, and failed to satisfy the requirements of (a)(2)(A or B) concerning expert opinions, Plaintiff's complete failure to satisfy the requirements of either Rule are fatal and Mr. Murray's opinion should be excluded.

DE084971.1

WHEREFORE,  Defendant Capitol Sprinkler Inspection, Inc.  respectfully requests that this Honorable Court exclude the testimony and opinions of Charles Murray, and preclude the evidence proffered through  Plaintiff's Supplemental Rule 26(a)(2)(B) Disclosure of Expert Testimony,  or in the alternative,  to extend time for expert discovery to allow additional time for Expert Disclosures and Discovery.


                    **MARKS, O'NEILL,**
                    **O'BRIEN & COURTNEY, P.C.**

                     */s/ Donald R. Kinsley*
                    Donald R. Kinsley, Esquire (Bar ID No. 432998)
                    Norman H. Brooks, Jr., Esquire (PHV)
                    913 N. Market Street, Ste. 800
                    Wilmington, DE  19801
DATE: June 29, 2007         *Attorneys for Defendant/Third-Party Plaintiff*

DE084971.1

DE084971.1