UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>CAPITOL SPRINKLER INSPECTION, INC.<br><br>    Defendant/Third-Party Plaintiff,<br><br>        v.<br><br>GUEST SERVICES, INC.<br><br>    Third-Party Defendant. | Civil Action No. 05–2115 (CKK) |

**MEMORANDUM OPINION**
(November 6, 2007)

On June 1, 2007, the Court denied in part and required further briefing with respect to Defendant's [39] Motion in Limine or in the Alternative to Extend Time for Expert Discovery. The Court ordered the Parties to submit additional briefing as to the circumstances and related issues arising out of Plaintiff's proposed substitution of Charles Murray as a witness in place of James Dunaway. Based on the Parties previous submissions, additional briefing, and relevant case law, the Court shall GRANT IN PART and DENY IN PART the remaining portions of Defendant's [39] Motion in Limine. Plaintiff shall be permitted to substitute Mr. Murray as a witness for Mr. Dunaway, but shall be prohibited from introducing into evidence or otherwise using the two documents attached to its Supplemental Disclosure, based on the reasons, and subject to the conditions, set forth below.

## I. BACKGROUND

The Court presumes knowledge of the facts of this case, which are described more comprehensively in *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc. v. Guest Srvcs.*, 2007 U.S. Dist. LEXIS 39606 (D.D.C. Jun. 1, 2007). Plaintiff St. Paul Mercury Insurance Company filed a Complaint on October 31, 2005, against Defendant Capital Sprinkler Inspection, Inc. (hereinafter "Defendant").[1] The Court issued a [18] Scheduling and Procedures Order on April 5, 2006, wherein Discovery was set to close on December 15, 2006. The Court later extended the discovery deadline to January 5, 2007. *See* Minute Order (paperless) dated October 24, 2006.

On September 12, 2006, Plaintiff served its Rule 26(a)(2)(B) disclosures on Defendant, naming James Dunaway as a damages witness. *See* Pl.'s Opp'n to Def.'s Mot. in Limine ¶ 4. On January 2, 2007, three days prior to the discovery cut-off date, Plaintiff served a "Supplemental Disclosure" on Defendant that substituted Charles Murray for Mr. Dunaway on the basis that "Mr. Dunaway has retired, moved to Florida and is reportedly in failing health." Pl.'s Opp'n to Def.'s Mot. in Limine ¶ 5, Ex. G at 1 (Supplemental Disclosure). The Supplemental Disclosure stated that "Mr. Murray will testify, consistent with the facts and information contained in [the documents previously produced to Defendant], that the fair, reasonable and necessary cost to repair the property damaged by the subject water leakage incident was $800,022.85." *Id.* at 2. Plaintiff also attached two documents that were allegedly created by Mr. Murray but were not

---

[1] Plaintiff filed the Complaint as subrogee of Gallaudet University, which had contracted with Defendant to provide certain inspection services. *See* Compl. ¶ 8. Gallaudet is not a Party to these proceedings. Defendant also filed a Third-Party Complaint against Guest Services, Inc. on January 30, 2006. The Third-Party Complaint is immaterial to the instant Motion.

previously produced to Defendant. *Id.* Defendant did not receive the Supplemental Disclosure until one day prior to the close of discovery because Plaintiff sent it using regular mail service. Def.'s Suppl. Reply ¶ 22.

Discovery closed as scheduled on January 5, 2007. Prior to that date, Defendant had not sought to depose Mr. Dunaway nor any of Plaintiff's other identified witnesses with respect to damages. Pl.'s Opp'n to Def.'s Mot. in Limine ¶ 6. Defendant first raised an issue concerning Mr. Dunaway and Mr. Murray at the Court's status conference on January 31, 2007, and filed a [39] Motion in Limine to exclude their testimony on February 26, 2007. In that Motion, Defendant argued that Plaintiff failed to provide complete expert witness disclosures for Mr. Dunaway and Mr. Murray pursuant to Fed. R. Civ. P. 26(a)(2)(B), making their testimony improper. *See* Def.'s Mot. in Limine ¶¶ 9, 24. Defendant also argued that Plaintiff gave Defendant insufficient time to depose Mr. Murray, and that Plaintiff was attempting "to assign to [Mr. Murray] opinions that were never expressed." *Id.* ¶¶ 25, 28.

On June 1, 2007, the Court ruled that Mr. Dunaway could properly testify as a "hybrid fact/expert witness." *See St. Paul Mercury Ins. Co.*, 2007 U.S. Dist. LEXIS 39606 at *40-*42. Although Rule 26(a)(2)(B) requires a party to disclose the identity of expert witnesses and provide detailed reports to an opposing party, the rule "requires a written report only 'with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.'" *Kirkham v. Societe Air Fr.*, 236 F.R.D. 9, 10 (D.D.C. 2006) (quoting Fed. R. Civ. P. 26(a)(2)(B)). *See also Sullivan v. Glock*, 175, F.R.D. 497, 498-99 (considering whether the source of the facts from which the witness will testify were learned in the course of his

employment as opposed to being subsequently supplied by an attorney involved in litigating a case).  Adopting the approach to hybrid fact/expert witnesses taken in *Bynum v. MVM, Inc.*, 241 F.R.D. 52 (D.D.C.), the Court held that Mr. Dunaway could properly testify to

> information he learned from his pre-litigation inquiries and receipt of information and materials, including typical insurance adjuster inquiries made of third-parties to secure damages assessments relevant to the insurance claim made by Gallaudet University, and calculations he made with respect to Gallaudet's claim in order to properly compensate Gallaudet.  However, Mr. Dunaway may not offer his opinions regarding causation, or damages assessments made either after litigation commenced or independent of his assessment of damages as a function of his job as an insurance adjuster.

*St. Paul Mercury Ins. Co.*, 2007 U.S. Dist. LEXIS 39606 at *41-*42 (citing *Sullivan*, 175 F.R.D. at 500).

With respect to Mr. Murray, the Court determined that the record was incomplete.  *Id.* at *44.  The Court ordered further briefing to clarify what "Mr. Murray's specific role is either as an employee of Plaintiff or with respect to the incident in question."  *Id.*  Because Plaintiff's notice of Mr. Murray's substitution was sent on January 2, 2007, three days prior to the close of discovery, the Court also ordered further briefing to clarify when Plaintiff "discovered that Mr. Dunaway would presumably not be available as a witness and whether he is in fact unavailable."  *Id.* at *44-*45.  Plaintiff filed its Supplemental Briefing on June 15, 2007 ("Pl.'s Suppl. Resp."), and Defendant filed its Supplemental Briefing on June 29, 2007 ("Def.'s Suppl. Reply").

## II.  DISCUSSION

    A.    *Substitution of Mr. Murray for Mr. Dunaway*

Based on Plaintiff's Supplemental briefing it appears that, at the time of the loss giving

rise to the instant litigation, Mr. Dunaway and Mr. Murray performed similar functions as Plaintiff's full-time employees. Pl.'s Suppl. Resp ¶ 1. Mr. Dunaway was Plaintiff's lead general adjuster, and his supervisor was Mr. Murray, Plaintiff's Executive General Adjuster. *Id.* Both Mr. Dunaway and Mr. Murray were involved in the adjustment of the loss:

> Mr. Murray got directly involved in the adjustment process, including the concluding of the claim when Mr. Dunaway became unable to do so. Consequently, Mr. Murray not only reviewed and approved Mr. Dunaway's reports, calculations and conclusions regarding the repair cost for the property damages by the sprinkler leak, Mr. Murray also had first hand knowledge of the loss through his own direct involvement and observation of the property damaged by the sprinkler system leak.

Pl.'s Supp. Resp. ¶ 2.

Confronted with the foregoing, Defendant argues that "Mr. Murray's proposed testimony on damages constitutes an expert opinion, which renders him an expert witness within the meaning of Rule 26(a)(2)(B)." Def.'s Suppl. Reply ¶ 14. The Court rejects Defendant's argument for the same reason it was rejected as to Mr. Dunaway in the Court's June 1, 2007 Order. Pursuant to Rule 26(a)(2)(B), not all witnesses need to provide a Rule 26(a)(2)(B) disclosure – only those witnesses who are "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). In present case, the Court found that Mr. Dunaway was properly characterized as hybrid fact/expert witness given that he was "the recipient of damage assessments and estimates related to the water damage while acting as an employee of Plaintiff in order to assess proper compensation to Gallaudet University . . . ." *St. Paul Mercury Ins. Co.*, 2007 U.S. Dist. LEXIS 39606 at *40-*41. Given Mr. Murray's employment and role in

5

adjustment of the loss, Mr. Murray is also appropriately considered a hybrid fact/expert witness. Accordingly, like Mr. Dunaway, the Court will allow Mr. Murray to testify (subject to the conditions below) as to information gained in his role as Executive General Adjuster with respect to the incident in question, but will not allow him to offer his independent opinions regarding causation, or damages assessments made either after litigation commenced or independent of his assessment of damages as a function of his job as an insurance adjuster.

Defendant also argues that the timing of Plaintiff's notice makes Mr. Murray's testimony improper, or warrants the reopening of discovery. Def.'s Suppl. Reply ¶¶ 19-32. Defendant is correct that Plaintiff's notice was needlessly delayed. Plaintiff proposed Mr. Murray's substitution on January 2, 2007, despite learning of Mr. Dunaway's health and related issues in the Fall of 2006. *See* Pl.'s Suppl. Resp. ¶ 4. Even then, Plaintiff sent notice of the substitution to Defendant via regular mail service. Def.'s Suppl. Reply ¶22. Defendant maintains that it did not receive the notice until January 4, 2007, the day before the deadline to finish discovery. *Id.*

While the Court can imagine circumstances in which such late disclosure would cause prejudice to a defendant, in this case, Defendant failed to depose *any* of Plaintiff's witnesses with respect to damages, including Mr. Dunaway, whose identity was known to Defendant since September 12, 2006. Pl.'s Opp'n to Def.'s Mot. in Limine ¶¶ 4, 6. Even after discovery had closed, Defendant did not raise an issue with respect to Mr. Murray until the Court's status conference on January 31, 2007, almost one month after the discovery deadline. *Id.* ¶ 6. Given these facts, the Court finds that the late notice does not make Mr. Murray's testimony improper. Nor do these facts suggest that discovery should be reopened. As the Court previously held, "Defendant never scheduled the deposition of Mr. Dunaway prior to the close of discovery,

[therefore] Defendant certainly has not demonstrated good cause to reopen discovery for the purposes of doing so at this juncture." *St. Paul Mercury Ins. Co.*, 2007 U.S. Dist. LEXIS 39606 at *42. On this record, there is no reason to find that Defendant would have deposed Mr. Murray if more timely notice had been provided. The Court is persuaded, however, that Mr. Murray's less than timely substitution should not benefit Plaintiff by increasing the scope of information that would have been presented had Mr. Dunaway remained as Plaintiff's witness. Accordingly, the Court shall permit Mr. Murray to testify for Mr. Dunaway subject to two conditions. First, Mr. Dunaway should testify instead of Mr. Murray if he is capable of doing so.[2] Second, if Mr. Dunaway is unavailable to testify, Mr. Murray's testimony cannot exceed the scope of the testimony Mr. Dunaway would have provided.

      B.      *Documents Attached To Supplemental Disclosure*

Attached to Plaintiff's Supplemental Disclosure were two documents allegedly drafted by Mr. Murray that Plaintiff had not previously produced to Defendant. Plaintiff indicates that the documents were created pursuant to a request from Plaintiff's counsel for purposes of the present litigation. *See* Pl.'s Suppl. Reply ¶ 5. Although Defendant indicated in his Motion in Limine that the documents "appear to be redundant with the contents of Plaintiff's earlier Disclosure," Def.'s Mot. in Limine ¶ 30, Plaintiff has made clear in its submissions that these documents provide new calculations concerning damages that were not previously provided to Defendant nor in existence prior to the litigation. *See* Pl.'s Opp'n to Def.'s Mot. in Limine ¶ 5 ("The only supplemental documents were two pages prepared by Mr. Murray setting forth the amount of the

---

[2] Plaintiff indicates that Mr. Dunaway "testified in a case involving his former employer, St. Paul" last year, and "might be able to testify if required to do so." Pl.'s Suppl. Resp. ¶ 3.

loss on an actual cash value . . . versus a replacement cost basis. Only the replacement cost figures had previously been supplied in plaintiff's initial disclosures. . ."); Pl.'s Suppl. Reply ¶ 5 ("Mr. Murray performed this calculation . . . at the request of plaintiff's counsel in anticipation that the defendant might argue that the correct legal measure of damages is actual cash value instead of replacement cost.").

The Court shall not allow Plaintiff to introduce into evidence or otherwise use these documents because they were created at the request of counsel for purposes of the present litigation, thereby falling outside the scope of a hybrid fact/expert witness' testimony. As indicated above, Mr. Dunaway and Mr. Murray may not "offer [their] opinions regarding causation, or damages assessments made either after litigation commenced or independent of [their] assessment of damages as a function of [their jobs as] insurance adjuster[s]." *See* St. *Paul Mercury Ins. Co.*, 2007 U.S. Dist. LEXIS 39606 at *41-*42. Here, Plaintiff's counsel asked Mr. Murray to perform calculations that were made "after litigation commenced" and "independent of his assessment of damages as a function of his job as an insurance adjuster." Accordingly, allowing Plaintiff to use these documents would be inconsistent with Mr. Murray's status as a hybrid fact/expert witness.[3]

### III: CONCLUSION

Based on the reasons set forth above, the Court shall GRANT IN PART and DENY IN PART the remaining portions of Defendant's [39] Motion in Limine or in the Alternative to Extend Time for Expert Discovery. Plaintiff shall be allowed to substitute the testimony of Mr.

---

[3] Defendant is not prohibited from introducing the documents into evidence or eliciting testimony concerning the same if it so chooses. If Defendant does so, then obviously Plaintiff can also make use of the documents.

Murray for Mr. Dunaway, provided (i) Mr. Dunaway is unavailable, and (ii) Mr. Murray's testimony does not exceed the scope of the testimony Mr. Dunaway would have provided. Plaintiff shall not be permitted to introduce into evidence or otherwise use the two documents attached to its Supplemental Disclosure.

      An appropriate Order accompanies this Memorandum Opinion.

Date:   November 6, 2007

                                              /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge