UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. PAUL MERCURY INSURANCE COMPANY,:
as Subrogee of Gallaudet University

      Plaintiff

vs.

CAPITOL SPRINKLER INSPECTION, INC

      Defendant

vs.

GUEST SERVICES, INC.

      Third-Party Defendant

Case No.: 1:05cv02115(CKK)

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rules 7(h) and 56.1 of Local Rules of the United States District Court for the District of Columbia, plaintiff hereby submits the following Statement of Material Facts in Support of its Motion for Partial Summary Judgment:

1. Plaintiff's insured, Gallaudet University ("Gallaudet"), is the owner of the Kellog Conference Center located at 800 Florida Avenue, N.E., Washington, D.C ("the Conference Center"). (See Exhibit A, Contract For Automatic Sprinkler Equipment Inspection Service).

2. On April 22, 2002, Gallaudet's building management company, Guest Services, Inc. ("Guest Services"), contracted on Gallaudet's behalf with defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") to do a semi-annual inspection of the sprinkler system at the Conference Center ("the Contract"). (See Exhibit A; Exhibit B, Plaintiff's Complaint at ¶8 & ¶19; Exhibit C, Defendant's Answer at ¶8 & ¶19).

3. Pursuant to the Scope of Services in the Contract, defendant Capitol Sprinkler expressly agreed to "open condensation drains on drum drip connections and drain low points during fall and winter inspection." (See Exhibit A).

4. Vernon Vane is the supervisor of inspections for Capitol Sprinkler. (See Exhibit D, Vane Deposition at p. 9:10 – 10:1).

5. Vane signed the Contract on behalf of Capitol Sprinkler. (See Exhibit A).

6. Vane admitted that draining low points is supposed to be done by Capitol Sprinkler's employees during the inspections of the sprinkler system at the Conference Center. (See Exhibit D at p. 49:1 – 49:21, 52:12 – 52:16, 56:15 – 56:22).

7. On or about January 9, 2003, defendant Capitol Sprinkler inspected the sprinkler system at the Conference Center. (See Exhibit B at ¶9; Exhibit C at ¶9; Exhibit E, Inspection Report).

8. Vane assigned Michael Bowlin and Tom Scott from Capitol Sprinkler to do the inspection. (Exhibit D at p. 60:18 – 60:20; Exhibit E).

9. Bowlin admitted that he and Scott did not drain all of the low points during the inspection on January 9, 2003, even though they were supposed to do so. (Exhibit F, Bowlin Deposition at p. 50:10 – 51:4). The drum drip that was not drained was above the conference room 5200. (See id.)

10. Vane admitted it was necessary for Capitol Sprinkler to drain the low points during the January 9, 2003 inspection. (See Exhibit D at p. 56:15 – 56:22).

11. On January 25, 2003, a tee fitting in the sprinkler system froze and burst, allowing water to discharge. (Exhibit D at p. 97:1 – 97:17; Exhibit B at ¶11; Exhibit C at ¶11; Exhibit G, Parham Deposition at p. 44:2 – 44:17).

12. The tee fitting was on the same branch line that was not drained during the January 9, 2003. (See Exhibit G at p. 44:2 – 44:17).

13. Both Vane and Craig Parham, the Vice President of Capitol Sprinkler, admit that the tee fitting froze and burst because the drum drip was not drained during the January 9, 2003 inspection. (See Exhibit D at p. 82:7 – 82:16; Exhibit G at p. 44:2 – 44:17).

14. Plaintiff's expert, Kenneth McLauchlan, also determined the tee fitting froze and burst because the drum drip was not drained during the January 9, 2003 inspection. (See Exhibit H, McLauchlan Report).

Respectfully submitted,

COZEN O'CONNOR

BY: s/ David J. Groth
DAVID J. GROTH, ESQUIRE (phv)
DANIEL J. LUCCARO, ESQUIRE (phv)
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

MESIROW & STRAVITZ, PLLC


BY: s/Eric N. Stravitz
Eric N. Stravitz, Esquire (D.C. Bar #438093)
1307 New Hampshire Avenue, N.W., Suite 400
Washington, DC 20036
(202) 463-0303
*Attorneys for Plaintiff*