UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. PAUL MERCURY INSURANCE COMPANY, :
as Subrogee of Gallaudet University  :  Case No.: 1:05cv02115(CKK)
:
Plaintiff :
vs. :
:
CAPITOL SPRINKLER INSPECTION, INC :
:
Defendant :
vs. :
:
GUEST SERVICES, INC. :
:
Third-Party Defendant :

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rules 7(h) and 56.1 of Local Rules of the United States District Court for the District of Columbia, plaintiff hereby submits the following Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment:

### I. INTRODUCTION

This is a subrogation action arising from a January 25, 2003 incident at the Kellog Conference Center ("the Conference Center") on the campus of Gallaudet University ("Gallaudet") in Washington, D.C. A tee fitting in the dry sprinkler system at the Conference Center froze and burst, allowing large amounts of water to flow out of the system and cause significant damage to the Conference Center. Plaintiff was the property insurer for Gallaudet and paid Gallaudet approximately $850,000 for damages resulting from this incident.

On April 22, 2002, defendant, Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") entered into a contract to perform semi-annual inspections of the sprinkler system at the Conference Center ("the Contract"). Under the Scope of Services set forth in the Contract,

Capitol Sprinkler expressly agreed to "open condensation drains on drum drip connections and drain low points during fall and winter inspection." Capitol Sprinkler performed its winter inspection of the sprinkler system at the Conference Center on January 9, 2003. Capitol Sprinkler admits that its inspectors did not drain one of the drum drips at that time, even though they were obligated to do so under the contract. As a result of Capitol Sprinkler's failure to drain one of the drum drips, water accumulated in the sprinkler system, which eventually resulted in the freezing and bursting of a tee fitting in the sprinkler system approximately two weeks after the inspection.

There is no dispute that: (1) defendant Capitol Sprinkler was contractually obligated to drain all drum drips in the sprinkler system during its January 9, 2003 inspection; (2) defendant Capitol Sprinkler did not drain one of the drum drips during that inspection; (3) the drum drip Capitol Sprinkler failed to drain was on the same branch line as the tee fitting which froze and ruptured; and (4) the rupture of the tee fitting and resulting damage to the Conference Center is the direct result of defendant Capitol Sprinkler failing to perform its express contractual obligations. Therefore, there is no material dispute of facts regarding plaintiff's breach of contract claim against defendant Capitol Sprinkler and summary judgment is appropriate on Count II of plaintiff's Complaint.

## II. LEGAL ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of establishing that there are no genuine issues of material fact by identifying aspects of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

2

317, 323 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to produce specific facts establishing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the record could not lead a rational trier of fact to find for the non-moving party, then summary judgment is appropriate. Id. at 587.

To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficiently admissible evidence such that the trier of fact could find for the non-moving party. Laningham v. United States, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Mere allegations or denials in the adverse party's pleadings are insufficient to defeat summary judgment. Rather the non-moving party bears the affirmative duty to present, by affidavits or other means, specific facts showing that there is a genuine issue for trial. Id. at 1248-49.

### B. THERE ARE NO GENUINE MATERIAL FACTS IN DISPUTE WITH REGARD TO DEFENDANT'S BREACH OF CONTRACT

Defendant Capitol Sprinkler entered into the Contract whereby it agreed to perform semi-annual inspections of the sprinkler system at the Conference Center. The Scope of Services set forth in the Contract expressly provides that Capitol Sprinkler will "open all condensate drains on drum drip connections and drain low points during fall and winter inspection."

Summary judgment is appropriate in a contract case where the contract is unambiguous and subject to only one reasonable interpretation. See America First Investment Corp. v. Goland and Balboa Const. Co., 925 F.2d 1518, 1521 (D.C. Cir. 1991); National Shopmen Pension Fund v. Burtman Iron Works, 148 F.Supp.2d 60, 63 (D.D.C. 2005). The terms of the Contract are clear and unambiguous with regard to the services to be provided. In addition, Vernon Vane, Capitol Sprinkler's supervisor of inspections, admitted that this service was part of the Contract and that Capitol Sprinkler was required to drain all drum drips during its inspections of the Conference Center. On January 9, 2003, Capitol Sprinkler performed its winter inspection of the sprinkler

system at the Conference Center. Capitol Sprinkler admits that it did not drain one of the drum drips during that inspection. (See Exhibit D at p. 60:18 – 60:20). The drum drip that Capitol Sprinkler failed to drain was on the sprinkler branch line that eventually froze, ruptured and leaked. Accordingly, by its own admissions, Capitol Sprinkler breached the express terms of the Contract.

As a result of defendant Capitol Sprinkler's breach of its express contractual obligation to drain all of the drum drips, water accumulated inside the dry sprinkler system. The water accumulation eventually resulted in the freezing and bursting of a tee fitting in the sprinkler system on January 25, 2003, a mere 16 days after Capitol Sprinkler's inspection. Capitol Sprinkler admits that the pipe burst was the result of the tee fitting freezing because the drum drip was not drained. (See Exhibit D at p. 82:7 – 82:16; Exhibit G at p. 44:2 – 44:17). The pipe burst and resulting water damage to the Conference Center are direct damages resulting from Capitol Sprinkler's breach of its contractual obligations.

The only defense raised by Capitol Sprinkler with regard to its failure to comply with its express contractual obligation to drain the drum drips is that its inspectors could not gain access to the room where the un-drained drum drip was located. In its discovery responses, Capitol Sprinkler indicated that some unidentified person from third-party defendant Guest Services allegedly told the Capitol Sprinkler inspectors that he would go back and drain the drum drip at a later time. There is absolutely no evidence, other than the self-serving testimony from the Capitol Sprinkler employee who failed to drain the drum drip, to substantiate this allegation. Capitol Sprinkler does not know the name of the person, his position, or even that he definitely worked for Guest Services.

Plaintiff submits that any such uncorroborated statements by an unidentified declarant are hearsay and will be inadmissible. To demonstrate a genuine issue of fact, defendant's defenses

must be supported by sufficiently "admissible evidence" such that the trier of fact could find for the non-moving party. Laningham, 813 F.2d at 1242-43. There is no admissible evidence to support Capitol Sprinkler's alleged defense and third party claim.

Even *assuming arguendo* that the alleged statements of a Guest Services' representative regarding draining the drum drip are admissible and fully accepted by the trier of fact, it still does not change the fact that Capitol Sprinkler breached its contractual duty. It is clear under D.C. law that if an obligor delegates performance of a contractual obligation, the obligor is not relieved of responsibility for fulfilling that obligation or of liability in the event of a breach. Byrd v. Admiral Moving and Storage, 355 F.Supp.2d 234 (D. D.C. 2005). The general rule is that an obligor can delegate a contractual duty without the obligee's consent unless the duty is personal. Bashir v. Moayedi, 627 A.2d 997 (D.C. 1993). However, one cannot exculpate himself from liability by delegating duties of performance to another. Id. Accordingly, even if Capitol Sprinkler properly delegated the duty to drain the drum drip to Guest Services, Capitol Sprinkler is still liable for the breach of its own contractual duty.

It is also anticipated that Capitol Sprinkler will contend that Gallaudet and/or Guest Services failed to shut the water down in a timely manner after the pipe burst and therefore defendant is not responsible for the resulting damages. However, even if it is determined that Gallaudet or Guest Services did not act reasonably in shutting the water down, it does not change the fact that Capitol Sprinkler breached its contractual obligations and the tee fitting froze and burst as a result of that breach. The conduct of Gallaudet and/or Guest Services with regard to shutting the water down after the pipe burst occurred goes to the issue of mitigation of damages resulting from the breach, not to the issue of whether or not defendant breached its contractual obligations. If the Court grants summary judgment on the breach of contract count, plaintiff would still need to prove the amount of damages resulting from the breach.

By virtue of the insurance payments made by plaintiff to Gallaudet, plaintiff is subrogated to all legal rights of Gallaudet with respect to property damages resulting from this incident. Under the doctrine of subrogation, plaintiff steps into the shoes of Gallaudet for purposes of any legal claims by Gallaudet, including the breach of contract claim against Capitol Sprinkler. See Aetna Casualty & Surety Co. v. Windsor, 353 A.2d 684, 685 (D.C. 1976).

There is no dispute whatsoever that: (1) defendant Capitol Sprinkler was contractually obligated to drain all drum drips in the sprinkler system during its January 9, 2003 inspection; (2) defendant Capitol Sprinkler did not drain one of the drum drips during that inspection; (3) the drum drip Capitol Sprinkler failed to drain was on the same branch line as the tee fitting which froze and ruptured; and (4) the rupture of the tee fitting and resulting damage to the Conference Center is the direct result of defendant Capitol Sprinkler failing to perform its express contractual obligations. Therefore, there is no material dispute of facts regarding plaintiff's breach of contract claim and summary judgment is appropriate on Count II of plaintiff's Complaint.

### III.   CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Honorable Court grant its Motion for Partial Summary Judgment and issue an order granting summary judgment against defendant Capitol Sprinkler on Count II of plaintiff's Complaint.

Respectfully submitted,

COZEN O'CONNOR

BY: s/ David J. Groth
DAVID J. GROTH, ESQUIRE (phv)
DANIEL J. LUCCARO, ESQUIRE (phv)
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

MESIROW & STRAVITZ, PLLC


BY: s/Eric N. Stravitz
Eric N. Stravitz, Esquire (D.C. Bar #438093)
1307 New Hampshire Avenue, N.W., Suite 400
Washington, DC 20036
(202) 463-0303
*Attorneys for Plaintiff*