UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University <br><br> Plaintiff <br><br> vs. <br><br> CAPITOL SPRINKLER INSPECTION, INC. <br><br> Defendant <br><br> vs. <br><br> GUEST SERVICES, INC. <br><br> Third-Party Defendant | CASE NUMBER:  1:05CV02115 (CKK) |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rules 7(h) and 56.1 of Local Rules of the United States District Court for the District of Columbia, Defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") hereby submits the following Statement of Genuine Issues in Opposition to Plaintiff's Motion for Partial Summary Judgment .

1.  Admitted.

2.  Respondent admits that "[o]n or about April 22, 2002, Gallaudet contracted with Defendant Capitol Sprinkler to do a semi-annual inspection of the system." (Complaint, paragraph 8, D.I.1: Answer to Complaint, paragraph 8, D.I. 5.)  Subject to the foregoing, denied.

3.  Admitted.

{DE100648.1}

4. Admitted

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that Michael Bowlin and Tom Scott performed the subject inspection. Subject to the foregoing, denied.

9. Admitted Michael Bowlin and Tom Scott drained all of the low points except the one above conference room 5200, which was the only one to which they were not given access. (Exhibit A, Bowlin deposition at Pp. 50-51). Subject to the foregoing, denied.

10. Admitted that the subject low point should have been drained. However, Respondent submits that Capitol Sprinkler was relieved of any obligation to drain it and that the task could and should have been performed by building maintenance personnel employed by Gallaudet and/or Guest Services, Inc. (Exhibit A, Bowlin deposition at P. 54). Subject to the foregoing, denied.

11. Admitted.

12. Admitted that the subject tee fitting was on the same branch line that was not drained either by Capitol Sprinkler during the January 9, 2003 inspection, or by any building maintenance personnel employed by Gallaudet and/or Guest Services, Inc. (Exhibit A, Bowlin deposition at P. 64). Subject to the foregoing, denied.

13. Admitted that Mr. Vane and Mr. Parham stated that the tee fitting likely froze and burst because the drum drip was not drained at any time. (Exhibit B, Vane deposition at P. 97; Exhibit C, Parham deposition at P. 44). Subject to the foregoing, denied.

14. Admitted that Plaintiff's expert, Kenneth McLaughlin, determined that water remained in the subject dry pipe fire protection system because it had not been drained and that the subject tee fitting would not have frozen and burst if Capitol had drained all of the drum drips during its Winter Service performed on January 9, 2003.  Subject to the foregoing, denied. (Exhibit D, McLaughlin Report)

15. Capitol had a pre-existing, and long-standing, relationship with Gallaudet University, having performed sprinkler inspections at the Kellogg Conference Center from the years 1996 through 1999 (Exhibit B, Vane deposition at P. 35).

16. Although Capitol's inspection contract notes that inspections are to be performed consistent with NFPA Standard 13A, the appropriate standard for inspections of the subject sprinkler system is the 1998 edition of NFPA standard 25 (Exhibit E, Affidavit of Vernon Vane).

17. As under its current contract, Gallaudet's previous building management company controlled access to all areas of the Conference Center (Exhibit B, Vane deposition at P. 35).

18. For the 1996 - 1999 period, there are no records of any system freeze failures occurring at the Kellogg Conference Center.  This was a direct result of the combined efforts of Capitol Sprinkler employees and those of Gallaudet and/or its building management company.

19. In February 2000, Gallaudet engaged the services of Guest Services, Inc., authorizing Guest Services to act as its property management agent for the purposes, in part, of fulfilling Gallaudet's legal obligations as the owner of the Kellogg Conference Center with respect to the first protection systems therein.  (See Gallaudet University Kellogg Conference Center Management Agreement, D.I. 20).  Guest Services subsequently negotiated a contract with Capitol Sprinkler for said services.

20. During the period between 2000 and 2002, Gallaudet must have met its requirements as owner of the Kellogg Conference Center for sprinkler inspections as delineated in NFPA Standard 25, through its own employees, employees of its building management company, and/or through outside contractors.

21. Following installation of the dry pipe fire protection system at the Kellogg Conference Center, Capitol employees ensured that the building engineer was aware of and could properly perform the procedures to inspect, test, and drain (reset) the system. (Exhibit B, Vane deposition at P. 114).

22. During July, 2002, Guest Services employees, including Terrance Hubbard, escorted Capitol Sprinkler inspectors through the Kellogg Conference Center, unlocking and providing access to the areas necessary for Capitol's inspectors to inspect, test, and drain (reset) the subject sprinkler system. (Exhibit B, Vane deposition at P. 45).

23. Capitol Sprinkler employees have never had any independent access to any location within the Kellogg Conference Center in the absence of escorted access by Gallaudet and/or its building management personnel. (Exhibit A, Bowlin deposition at P. 51).

24. Guest Services had full authority to act as the agent on behalf of Gallaudet, and to bind Gallaudet to the terms of any and all contracts for the inspection of the subject system, and to approve Capitol's performance of the same as compliant with said contract(s). (Exhibit F, Aller deposition at Pp. 29-30; 131-132).

25. Terrance Hubbard was the Guest Services employee, on site at the Kellogg Conference Center, who was responsible for resolving issues associated with the dry pipe fire protection system installed therein. (Exhibit G, Guest Services' Letter of Transmittal dated January 30, 2003)

25. On or about January 9, 2003, Terrance Hubbard, an employee of Guest Services, agreed on behalf of the owner of the building, Gallaudet University, to drain a single drum drip in compliance with the owners' obligation under NFPA 25 because access to the drum drip was not available to Capitol Sprinkler inspectors on that day at the time of their inspection. (Exhibit A, Bowlin deposition at Pp. 54, 58). Building personnel had assisted Capitol Sprinkler in draining drum drips in the past, so it was not unusual for Mr. Hubbard to make such an offer. (Exhibit A, Bowlin deposition at Pp. 23-25)

26. Mr. Hubbard passed away in September, 2005. (Exhibit E, Affidavit of Louis R. Dempsey).

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

  /s/Donald R. Kinsley
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE  19801
*Attorney for Defendant*
*Capitol Sprinkler Inspection, Inc.*

DATE: January 21, 2008