**Exhibit H**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. PAUL MERCURY INSURANCE COMPANY,: 
as Subrogee of Gallaudet University

    Plaintiff

    vs.

CAPITOL SPRINKLER INSPECTION, INC     :     CASE NO. 1:05CV02115 (CKK)

    Defendant

    vs.

GUEST SERVICES, INC.

    Third-Party Defendant

### AFFIDAVIT OF VERNON VANE

STATE OF MARYLAND

COUNTY OF HOWARD

    BE IT REMEMBERED that on this 17th day of January, 2008, personally appeared before me, the Subscriber, a notarial officer authorized to administer oaths in the State and County aforesaid, VERNON VANE, personally known to me as such, and being duly sworn, did depose and attest to the following:

    I, **Vernon Vane**, hereby give oath and affirm, under the penalties of perjury, that I am over 18 years of age, *sui juris* and competent to testify in court, and that I have personal knowledge of the matters related herein. I am informed of and believe them to be true, and upon that ground, I declare them to be true and correct to the best of my knowledge and belief:

{DE101204.1}

1. I am currently employed as the Supervisor of Inspection for Defendant Capitol Sprinkler Inspection, Inc.

2. I have been employed at Capitol Sprinkler Inspection, Inc. in various capacities for approximately 24 years. I have been the Supervisor of Inspection for approximately sixteen years. Prior to that, I worked as a pipe fitter, journeyman, installer and job foreman.

3. I was deposed in this litigation on Monday, August 14, 2006.

4. This Affidavit will explain the apparent inconsistency presented by the fact that although the subject contract refers to NFPA 13A, the subject inspection was performed under the standards identified as NFPA 25.

5. NFPA 25 is a standard produced by the National Fire Protection Association, titled, *Standard for the Inspection, Testing & Maintenance of Water-Based Fire Protection Systems*. The history of NFPA 25 is set forth in the section titled, *Origin & Development of NFPA 25*, attached hereto as Exhibit 1. It provides that the first edition of NFPA 25 was a collection of inspection, testing and maintenance provisions that helped to ensure the successful operation of water-based fire protection systems. It was developed as an extension of existing documents such as NFPA 13A, titled *Recommended Practice for the Inspection, Testing & Maintenance of Sprinkler Systems*, and NFPA 14A, *Recommended Practice for the Inspection, Testing & Maintenance of Standpipe & Hose Systems*. The portion of those documents that pertained to the inspection, testing and maintenance of those systems was withdrawn from those publications, and became the framework of the first edition of NFPA 25, which pertains to only the inspection, testing and maintenance of water-based systems.

6. The current version of NFPA 13 is titled, *Standard for the Installation of Sprinkler Systems*. That standard now applies to *installation* issues in various fire protection systems, including water-based systems.

7. It appears that the language of our form contract, which is the subject of this litigation, did not evolve at the same time that portions of NFPA 13A evolved into NFPA 25.

8. Despite the fact that the contract refers to NFPA 13A, the inspection at issue in this litigation was performed pursuant to NFPA 25.

9. The responsibilities of the owner or occupant of a building protected by a water-based fire protection system, including the subject conference center, are set out in NFPA 25, Paragraph 25-5.

10. I agree that the 2002 edition of NFPA 25 controlled our responsibilities in performing the subject contract. Similarly, NFPA 25 controlled the responsibilities of the owner and manager, Gallaudet University and Guest Services, Inc., in performing the subject contract.

11. The general responsibilities of the owner or occupant of a building are set forth in NFPA 25, Chapter 4, attached as Exhibit 2. Paragraph 4.1.1 therein specifically provides that "The owner or occupant shall provide ready accessibility to components of water-based fire protection systems that require inspection, testing or maintenance".

12. NFPA 25 further provides that where the owner is not the occupant, the owner shall be permitted to pass on the authority for inspecting, testing and maintaining the fire protection systems to the occupant or management firm or managing individual through specific provisions in a lease or management contract. When Capitol Sprinkler Inspection, Inc. contracted with Gallaudet University, through its agent, Guest Services, Inc., we expected that Gallaudet University, through its agent, Guest Services, Inc., would comply

{DE101204.1}

with the requirements of NFPA 25, Chapter 4, by, among other things, providing our technicians with access to all parts of the system requiring inspection or maintenance.

13.  When Capitol Sprinkler performed the same inspection and maintenance services at the subject conference center during the period 1996 through 1999, during which time the building was being managed by Guest Services' predecessor, Aramark Services, Aramark provided us all necessary access to completely perform the contract. As such, we were able to drain all of the drum drips' low points, including the subject low point or drum, to which we were not given access during our inspection/maintenance visit on January 9, 2003.

                                                      */s/ Vernon Vane*
                                                    VERNON VANE

SWORN TO and SUBSCRIBED before me the day and year first above written.

                                                    */s/ Ann Golden*
                                                  Ann Golden, Notary Public

My Commission Expires: __12-1-08__

{DE101204.1}