**Exhibit R**

LEXSEE

KATHLEEN A. BENZ, Plaintiff, v. THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC and JOHN F. BISNEY, Defendants.

Civil Action No. 05-1760 (EGS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2007 U.S. Dist. LEXIS 44087; 35 Media L. Rep. 1924

June 19, 2007, Decided

**PRIOR HISTORY:** *Benz v. Wash. Newspaper Publ. Co., LLC,* 2006 U.S. Dist. LEXIS 71827 (D.D.C., Sept. 29, 2006)

**COUNSEL:** [*1] For KATHLEEN A. BENZ, Plaintiff: William Alden McDaniel, Jr., LEAD ATTORNEY, LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR, Baltimore, MD; Bassel Bakhos, LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR., Baltimore, MD.

For WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC, Defendant: Laura Rose Handman, LEAD ATTORNEY, DAVIS WRIGHT TREMAINE LLP, Washington, DC; Amber L. Husbands, DAVIS WRIGHT TREMAINE, Washington, DC.

For JOHN F. BISNEY, Defendant: Larry S. Gondelman, LEAD ATTORNEY, POWERS, PYLES, SUTTER & VERVILLE, PC, Washington, DC.

For WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC, Cross Claimant: Laura Rose Handman, LEAD ATTORNEY, DAVIS WRIGHT TREMAINE LLP, Washington, DC; Amber L. Husbands, DAVIS WRIGHT TREMAINE, Washington, DC.

For JOHN F. BISNEY, Cross Defendant: Larry S. Gondelman, LEAD ATTORNEY, POWERS, PYLES, SUTTER & VERVILLE, PC, Washington, DC.

**JUDGES:** Emmet G. Sullivan, United States District Judge.

**OPINION BY:** Emmet G. Sullivan

**OPINION**

**MEMORANDUM OPINION**

Defendant The Washington Newspaper Publishing Company, LLC ("The Examiner") has filed a cross-claim against defendant John F. Bisney for fraudulent misrepresentation, indemnification, and contribution. Pending before [*2] the Court is Bisney's motion to dismiss The Examiner's cross-claim. Upon review of the motion, response and reply thereto, the pleadings, and applicable law, the Court **DENIES** the motion to dismiss.

**I. BACKGROUND**

Plaintiff Kathleen Benz met defendant Bisney sometime in 1997 while both worked on the CNN program *Crossfire.* Second Am. Compl. P 15. The two "developed a social friendship" in or about November 2002. *Id.* P 16; Cross-claim P 7. The friendship ended in May 2005, however, when plaintiff learned that Bisney had obtained access to her email, established and maintained websites in her name, and posted personal and private information about her on the Internet. Second Am. Compl. P 17; Cross-claim P 7.

In July 2005, plaintiff alleges that Bisney began posting articles on various Internet sites stating that plaintiff was dating various wealthy men. Cross-claim P 8; *see also* Second Am. Compl. PP 78-82, 123. Bisney admits to posting such articles. Cross-claim P 8. The content of one such article authored by Bisney was incorporated into a gossip column published by The Examiner. *Id.* PP 9-12.

Page 2

2007 U.S. Dist. LEXIS 44087, *2; 35 Media L. Rep. 1924

The Examiner publishes a gossip column entitled "The Buzz." Cross-claim [*3] P 9. The column is written by freelance writer Karen Feld. *Id.* On or about August 16, 2005, Feld received an email from the email address julie.bowen@latimes.com entitled "DC gossip." *Id.* P 10. The email included the text of one of the articles authored by Bisney and a link to a website that contained an article about plaintiff. *Id.* Feld used the information from the article that she purportedly received from someone at the Los Angeles Times in her August 19, 2005 gossip column. *Id.* P 12. That column indicated that plaintiff was linked romantically with a number of men referenced in the article forwarded to Feld. *Id.* The Examiner believes that Bisney, and not someone from the Los Angeles Times, sent the email to Feld and that Bisney authored that article. *Id.* PP 14-15. The Examiner also alleges that Bisney sent the email and article to Feld to induce her to include the information about plaintiff in her column and to induce The Examiner to publish such information. *Id.* P 16.

In her Second Amended Complaint, plaintiff brings three claims against both The Examiner and Bisney: defamation (Claim One), invasion of privacy - public disclosure of private facts [*4] (Claim Three), and false light invasion of privacy (Claim Four). [1] The claims against The Examiner revolve around the August 19, 2005 gossip column. The Examiner, in turn, brings three cross-claims against defendant Bisney: fraudulent misrepresentation, indemnification, and contribution.

> 1  Plaintiff also brings additional claims against Bisney alone for intentional infliction of emotional distress and intrusion upon seclusion.

## II. ANALYSIS

### A. Standard of Review

Bisney has moved to dismiss The Examiner's cross-claim for failure to state a claim upon which relief can be granted. *Rule 12(b)(6) of the Federal Rules of Civil Procedure* tests the legal sufficiency of a complaint. *Browning v. Clinton, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002).* A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007).* [*5] The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id. at 1965; Atchinson v. Dist. of Columbia, 315 U.S. App. D.C. 318, 73 F.3d 418, 422 (D.C. Cir. 1996).*

### B. Fraudulent Misrepresentation

The Examiner claims fraudulent misrepresentation against Bisney based on the email that Bisney allegedly sent to Feld as if it came from the Los Angeles Times. Bisney moves to dismiss, arguing that The Examiner cannot establish all the required elements of a claim of fraudulent misrepresentation. In the District of Columbia, the elements of fraudulent misrepresentation are: "(1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Atraqchi v. GUMC Unified Billing Servs., 788 A.2d 559, 563 (D.C. 2002)* (quoting *Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977)*). A party pleading fraud "must allege such facts as will reveal the existence of all the requisite elements of fraud. [*6] " *Bennett, 377 A.2d at 59-60.* Moreover, the "circumstances constituting fraud . . . shall be stated with particularity." *Fed. R. Civ. P. 9(b).* The requirements under *Rule 9 of the Federal Rules of Civil Procedure*, however, should be read in conjunction with *Rule 8*, which only requires "a short and plain statement" of the claim or defense. *United States ex rel. Williams v. Martin-Baker Aircraft Co., 363 U.S. App. D.C. 419, 389 F.3d 1251, 1256 (D.C. Cir. 2004).* To satisfy *Rules 8* and *9*, a party must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Id.* (citations and internal quotation marks omitted). The party must also identify the individuals allegedly involved in the fraud. *Id.*

In this case, The Examiner has sufficiently alleged all of the requisite elements of fraudulent misrepresentation. First, The Examiner alleges that Bisney falsely represented that the email he sent to Feld came from someone at the Los Angeles Times and that the facts contained in the [*7] article quoted in and linked to the email were true. The Examiner further alleges that the false representations were material, that Bisney knew that the email was falsely represented as coming from the Los Angeles Times, and that Bisney knew the article (or parts of it) were false. The Examiner also alleges that, by sending the email and article, Bisney intended to deceive both Feld and The Examiner and induce reliance on the email and article for publication in

Page 3

2007 U.S. Dist. LEXIS 44087, *7; 35 Media L. Rep. 1924

The Examiner. Finally, the Examiner claims that Feld and The Examiner did in fact rely at least in part on the email and article. The Court finds that the facts alleged adequately state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud.

Bisney claims that the fraudulent misrepresentation claim fails for two reasons. First, he claims that The Examiner has failed to allege that it "reasonably" relied on Bisney's false representations. Second, he claims that the statements in the article that are at the heart of plaintiff's libel and false light invasion of privacy claims differ substantially from statements contained in Bisney's [*8] emailed article.

Bisney relies on two district court cases for the proposition that one of the elements of a fraudulent misrepresentation claim is "reasonable reliance." *See Ehlen v. Lewis, 984 F. Supp. 5, 9 (D.D.C. 1997); Redmond v. Birkel, 933 F. Supp. 1, 3 (D.D.C. 1996).* Because the claim for fraudulent misrepresentation is brought under D.C. law, this Court looks to the D.C. Court of Appeals and not the U.S. District Court for the District of Columbia to interpret D.C. law. *See Novak v. Capital Mgmt. & Dev. Corp., 371 U.S. App. D.C. 526, 452 F.3d 902, 907 (D.C. Cir. 2007)* ("Our duty, then, is to achieve the same outcome we believe would result if the District of Columbia Court of Appeals considered this case."); *Blair-Bey v. Quick, 331 U.S. App. D.C. 362, 151 F.3d 1036, 1050 (D.C. Cir. 1998)* ("We are bound to follow interpretations of D.C. law by the D.C. Court of Appeals, and hence must defer to that court's ruling to the extent that it interprets D.C. law."). The standard for fraudulent misrepresentation articulated by the D.C. Court of Appeals is the one outlined above and does not contain an explicit "reasonable reliance" provision. [*9] Moreover, even if the Court presumes that any reliance must be reasonable to prevail on a claim for fraudulent misrepresentation, reasonableness has generally been construed as a question of fact and, therefore, not appropriate to decide at the motion to dismiss stage. *See, e.g., Isaac v. Mnemonic Sys., Civ. Action No. 97-0988, 1998 U.S. Dist. LEXIS 4221, at *24 (D.D.C. Mar. 25, 1998)* ("The reasonableness of the reliance upon a misrepresentation is a question of fact."); *Rhone-Poulenc Agro v. DeKalb Genetics Corp., 272 F.3d 1335, 1346 (Fed. Cir. 2000)* ("[I]n fraud actions, it is generally for the jury to decide whether plaintiff reasonably relied upon representations made by the defendant.").

Accordingly, the Court rejects this argument and finds that The Examiner has alleged all the required elements of a fraudulent misrepresentation claim.

Bisney's attempt to distinguish The Examiner's gossip column from the article that he emailed from the Los Angeles Times email address also fails. Bisney argues that The Examiner's gossip columnist included information in her column that did not come from the article or email sent by Bisney. For example, Bisney [*10] argues that the gossip column states that plaintiff "hooked up" with a pornography producer, whereas the article sent by Bisney only talks about plaintiff "cozying up" to the producer and that plaintiff is a "love interest" of the producer. Moreover, Bisney claims that the gossip column talks about plaintiff using her position to meet the "right" people and he argues that his email and article said nothing about plaintiff using her position in such a way. Again, the similarity between the two articles is a fact-intensive question that is not appropriate to decide at this stage of the litigation. The Examiner argues that there is substantial similarity between Bisney's article and the one written by Feld. Moreover, The Examiner has successfully alleged all of the elements of a fraudulent misrepresentation claim, including reliance upon the misrepresentation. Whether Feld added more to her column in addition to what she learned from Bisney's article may go to damages but it does not detract from the initial allegation of reliance upon Bisney's article.

**C. Indemnification**

To the extent The Examiner is found liable to plaintiff, The Examiner seeks equitable indemnification from [*11] Bisney. Indemnity is "'restricted generally to situations where the indemnitee's conduct was not as blameworthy as that of the indemnitor' when based upon equitable principles." *Quadrangle Dev. Corp., QDC v. Otis Elevator Co., 748 A.2d 432, 435 (D.C. 2000)* (quoting *R. & G. Orthopedic Appliances & Prosthetics, Inc. v. Curtin, 596 A.2d 530, 546 (D.C. 1991)).* Indemnity has been granted to prevent unjust enrichment in situations where "[t]he indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relied." *Dist. of Columbia v. Wash. Hosp. Ctr., 722 A.2d 332, 340 (D.C. 1998)* (quoting *Restatement (Second) of Torts, § 886B(2)).* This is essentially the same as a claim for fraudulent misrepresentation. For the same reasons that the fraudulent misrepresentation claim survives, the

2007 U.S. Dist. LEXIS 44087, *11; 35 Media L. Rep. 1924

Page 4

indemnification claim survives as well.

### D. Contribution

The Examiner also asserts an alternative claim for contribution to the extent that The Examiner is found liable to plaintiff and to the extent that the Court does not find that The Examiner is entitled to indemnification. [*12] [2] Under D.C. law, there is a right of equal contribution among joint tortfeasors. *Wash. Hosp. Ctr., 722 A.2d at 336.* A prerequisite to an entitlement to contribution is that "the parties be joint tortfeasors in the sense that their negligence concurred in causing the harm to the injured party." *Id. at 337.* A single, concerted action by the joint tortfeasors is not required. Parties can be joint tortfeasors if their independent acts combine to cause a single injury. *Id.*

> 2   According to the Restatement (Second) of Torts, "[w]hen one tortfeasor has a right of indemnity against another, neither of them has a right of contribution against the other." *§ 886A(4)*. If the Court ultimately finds that The Examiner is entitled to indemnification, The Examiner would have no right of contribution.

Bisney argues that contribution is not appropriate because The Examiner and Bisney are not joint tortfeasors. He argues that defamation requires publication and Bisney and The Examiner published [*13] two very distinct articles. The Examiner, however, alleges that its article was based on the email and article sent to it by Bisney. The Court cannot determine at this stage whether Bisney and The Examiner are in fact joint tortfeasors as questions of whether the articles are sufficiently similar and whether The Examiner relied on Bisney's article in publishing its own article that allegedly caused an injury to plaintiff are fact-intensive questions.

Bisney further argues that the Examiner cannot claim that Bisney and The Examiner are joint tortfeasors because The Examiner denied any allegations of joint actions in its answer to plaintiff's complaint. This denial does not prevent plaintiff from proving and a factfinder from concluding that Bisney and The Examiner are in fact joint tortfeasors. Accordingly, it is not fatal to the contribution claim.

Bisney also argues that The Examiner is not entitled to contribution because The Examiner's Acts were intentional and because defamation is an intentional tort. *Section 886A of the Restatement (Second) of Torts* states that there is no right of contribution in favor of any tortfeasor who has intentionally [*14] caused the harm. However, the comments to the Restatement indicate that the purpose behind this rule is to avoid aiding someone who has deliberately done harm. *See Restatement (Second) of Torts, § 886A, Comment on Subsection (3).* Under principles of equity, there may be cases where contribution is appropriate because state courts interpret particular conduct to be no more than a high degree of ordinary negligence as opposed to intentional conduct. *See id.* In this case, plaintiff alleges, at least in part, entitlement to compensatory damages based on the negligence of The Washington Examiner. *See* Second Am. Compl. P 200. If plaintiff succeeds in her claims based on a theory of negligence as opposed to based on a theory of intentional conduct by The Examiner, then contribution may be appropriate. It is too early at this stage for the Court to rule out the possibility that contribution would be an appropriate remedy without any determinations as to liability on particular claims.

Ultimately, if The Examiner and Bisney are found not to be joint tortfeasors or if The Examiner is found to have engaged in intentional conduct, then contribution [*15] would not be appropriate. However, the Court cannot make such determinations at this point in the litigation. Accordingly, the Court denies Bisney's motion to dismiss The Examiner's claim for contribution.

### III. CONCLUSION

For the foregoing reasons, the Court denies Bisney's motion to dismiss as to all claims. An appropriate Order accompanies this Memorandum Opinion.

**Signed: Emmet G. Sullivan**

**United States District Judge**

**June 19, 2007**