UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University<br><br>Plaintiff<br><br>vs.<br><br>CAPITOL SPRINKLER INSPECTION, INC<br><br>Defendant<br><br>vs.<br><br>GUEST SERVICES, INC.<br><br>Third-Party Defendant | CASE NUMBER:  1:05CV02115 (CKK) |

**DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT AGAINST GUEST SERVICES**

Pursuant to Rules 7(h) and 56.1 of Local Rules of the United States District Court for the District of Columbia, Defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") hereby submits the following Reply Memorandum of Points and Authorities in Support of its Motion for Summary Judgment against Guest Services:

## Table of Contents

                                                                                                                            **Page**

TABLE OF CITATIONS………………………………………………………………………ii

I.      INTRODUCTION………………………………………………………………………..1

II.     LEGAL ARGUMENT……………………………………………………………………1

III.    CONCLUSION..………………………………………………………......………..4

# TABLE OF CITATIONS

**Page**

**Cases**

*Bauer v. United States*, 1998 U.S. Dist. LEXIS 3813 (D.D.C. 1998) …………………..……...1, 2

*Benn v. Unisys Corp.*, 176 F.R.D. 2 (D.D.C. 1997) ……………………………………………........2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ……………………………………………………...1

*Krug v. Sante Fe Pacific Railroad Company*, 158 F.2d 317 (D.C. Cir. 1946) ……..………..........2

*Schwabenbauer v. Board of Education*, 667 F.2d 305 (2d Cir. 1981) ……………………………...2

*Sidibe v. Traveler's Insurance Company*, 468 F. Supp. 2d 97 (D.D.C. 2006) ……..………..........2

*Stanwood v. Welch*, 922 F. Supp. 635 (D.D.C. 1995) ……………………………..……….......2

*Walling v. Richmond Screw Anchor Company*, 154 F.2d 780 (2d Cir. 1946) ……..………............3

**Other**

U.S. Dist. Ct., D.D.C., LCvR 7(h)……………………………………………………….……1

U.S. Dist. Ct., D.D.C., LCvR 56.1……………………………………………………….…...1

{DE104137.1}

**I.     INTRODUCTION**

Capitol Sprinkler filed a Motion for Summary Judgment against Guest Services. Guest Services never filed an Opposition or a Statement of Genuine Issues in response. Consequently, the facts identified in Capitol Sprinkler's Statement of Material Facts are admitted and Capitol Sprinkler is entitled to summary judgment in its favor.

**II.    LEGAL ARGUMENT**

Once a moving party fulfills its obligations pursuant to 56(c), the onus is on the non-moving party to respond with "specific facts" to establish a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Local Rule 7(b) provides that a party opposing a motion "shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed with in the prescribed time, the Court may treat the motion as conceded." U.S. Dist. Ct., D.D.C., LCvR 7(h). By way of its January 28 Scheduling and Procedures Order, and consistent with LCvR 7(h) and LCvR 56.1, the Court informed the parties that "[t]he Court assumes facts identified by the moving party in its statement of material facts are admitted, unless a fact is controverted in the statement of genuine issues filed in opposition to the motion." (D.I. 56 dated January 28, 2008, P.2; attached as Exhibit 1). Moreover, the Court cautioned counsel that it "will hold counsel responsible for following the directives set forth in this Order. Failure to conform with this order's directives may result, when appropriate, in the imposition of sanctions." (Id. at P.1, fn. 1).

This Court has made it clear that it would grant the parties very little latitude in making late filings where no motion for an enlargement was filed prior to the subject deadline. (D.I. 43, Memorandum Opinion dated June 1, 2007, attached as Exhibit 2). In that Opinion, the Court made it clear that it would not alter its Scheduling Order in the absence of good cause because:

1

> A Scheduling Order is "intended to serve 'as the unalterable road map (absent good cause) for the remainder of the case.'" *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (quoting *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia* at 39 (Aug. 1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* As such, Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b); *see also* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause.").

(Id. at P. 10-11, *emphasis in original*).

A party may move for an enlargement in time to file an Opposition prior to the expiration of the time permitted by the Court if it is unable to meet the deadline. Fed. R. Civ. P. 6(b). Guest Services has failed to do so such that, at this point, it is an abuse of the Court's discretion to consider an untimely filing Opposition in the absence of a motion showing that Guest Services "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); *cf Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005). "Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result." *See* Smith at 457; *internal cites omitted*.

The District Court has granted motions for summary judgment where a party did not file an opposition. *Bauer v. United States*, 1998 U.S. Dist. LEXIS 3813 (D.D.C. 1998) (attached as Exhibit 3). In *Bauer*, the Court held that pursuant to the former Local Rule 108(h)[1], in the absence of an opposition, "the Court assumes that facts identified by the moving party in its statement of material facts are admitted. Therefore the Court will grant Defendant's Motion for

---

[1] LCvR 7 was formerly Rule 108(h), which is the same as Rule 56.1

Summary Judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 56(c)." *Id.* at *1-2; *see Benn v. Unisys Corp.*, 176 F.R.D. 2 (D.D.C. 1997).

This Court issued a Scheduling and Procedures Order of January 28, 2008, that set forth the summary judgment filing schedule for this case. (Exhibit 1). Capitol Sprinkler had to file its Motion for Summary Judgment on or before February 8, 2008. It did. Guest Services had to file its Opposition to Capitol Sprinkler's Motion for Summary Judgment on or before February 22, 2008. It did not and still has not. Nor has Guest Services moved to enlarge the time to file its Opposition. Now, Capitol Sprinkler files this Reply in support of its Motion for Summary Judgment as due on or before February 29, 2008. Accordingly, Guest Services has not denied any facts stated by Capitol Sprinkler and has not opposed Capitol Sprinkler's Motion. Consequently, Capitol Sprinkler's statement of facts is deemed admitted and summary judgment in its favor is warranted.

Movant anticipates that Guest Services will argue, in any Reply it may file in support of its own Motion for Summary Judgment, that the mere act of filing its own Motion for Summary Judgment is sufficient to raise issues of material fact and would act, in effect, as an Opposition to Capitol Sprinkler's Motion. That argument, if made, has no merit.

It is well settled that "the mere fact that both the plaintiff and defendant move for summary judgment does not assure that there is no issue of material fact to be resolved." *Krug v. Sante Fe Pacific Railroad Company*, 158 F.2d 317, 319 (D.C. Cir. 1946) (citing *Walling v. Richmond Screw Anchor Company*, 154 F.2d 780, 784 (2d Cir. 1946)). "The court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Schwabenbauer v. Board of Education*, 667 F.2d 305, 314 (2d. Cir. 1981). Put another way, when "deciding whether there is

3

a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party." *Sidibe v. Traveler's Insurance Company*, 468 F. Supp. 2d 97, 100 (D.D.C. 2006) (citations omitted). In fact, "the court must assess the factual record by assuming the truth of the non-movant's evidence and drawing all justifiable inferences in that party's favor." *Stanwood v. Welch*, 922 F. Supp. 635, 639 (D.D.C. 1995) (citations omitted) (emphasis added).

Thus, whereas Guest Services alleges certain facts in its Statement of Facts that may be inconsistent with the facts set forth in Capitol Sprinkler's Statement of Facts, this alone is not sufficient to establish a genuine issue of fact as to the matters between Capitol Sprinkler and Guest Services. Rather, since Guest Services has not filed an opposition to Capitol Sprinkler's Motion, the Court *will* assume that the facts as put forth by Capitol Sprinkler against Guest Services in the now unopposed Motion are true. Further, since Capitol Sprinkler has filed an opposition to Guest Services' Motion, the Court *must* assume that the evidence put forth by Capitol Sprinkler in opposition to the Motion is true and *must* draw all reasonable inferences in Capitol Sprinkler's favor. In this case, this means that the Court must evaluate the legal positions of Capitol Sprinkler and Guest Services assuming that the following critical facts are true:

1. Capitol Sprinkler's inspectors performed an inspection at the Kellogg Conference Center on January 9, 2003;

2. Guest Services was required by contract and by statute to provide ready access to all portions of the sprinkler system so that Capitol Sprinkler's inspectors could perform their inspection;

3. Capitol Sprinkler's inspectors were escorted by an agent/employee of Guest Services during their inspection for the purpose of providing access to the sprinkler system for said inspection;

4. This escort had been designated by Guest Services' Building Engineer/Chief of Maintenance as the agent/employee of Guest Services responsible for escorting the inspectors through the building and providing them with access to the system;

5. During the January '03 inspection, this escort provided access to all drum drips except the one located above the ceiling and behind the locked door of guest/conference room 5200;

6. The escort did not have card access to this room, did not offer to get card access to this room, gave the inspectors a look as though he did not want to get card access to this room when asked, and finally *agreed to "take care of" the subject drum drip in this room himself*;

7. The inspectors relied on this representation and left the building with the impression that their job was done;

8. Capitol Sprinkler did not warrant the condition or operation of the system following the inspection;

9. Capitol Sprinkler fully performed the January '03 inspection pursuant to the terms of the contract;

10. The Guest Services escort did not drain the drum drip himself or arrange for any other party to drain the drum drip after agreeing to "take care of" it; and

11. Terrance Hubbard may have been the Guest Services escort, but in any event, it was certainly an employee of Guest Services.

### III. CONCLUSION

Based on the foregoing, Capitol Sprinkler respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment against Guest Services and enter Judgment in its favor.

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

 /s/Donald R. Kinsley
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE  19801
*Attorneys for Defendant
Capitol Sprinkler Inspection, Inc.*

DATE: February 29, 2008

{DE104137.1}