**Exhibit 3**

FREDERICK W. BAUER, Plaintiff, v. UNITED STATES OF AMERICA, Defendant.

Civ. No. 96-1165 (TFH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

1998 U.S. Dist. LEXIS 3813

March 20, 1998, Decided
March 20, 1998, Filed

**SUBSEQUENT HISTORY:** Petition denied by *Bauer v. United States*, 2007 U.S. App. LEXIS 3666 (D.C. Cir., Feb. 16, 2007)

**DISPOSITION:** [*1] Defendant's Motion for Summary Judgment GRANTED. Case DISMISSED as to all defendants but the FBI.

**COUNSEL:** Frederick W. Bauer, Plaintiff, Pro Se, Oxford, WI.

Christopher R. Yukins, Holland & Knight, Washington, D.C., For Plaintiff.

Alexander Daniel Shoaibi, Kathryn L. Good, United States Attorney's Office, Washington, D.C., For Defendant.

**JUDGES:** Thomas F. Hogan, United States District Judge.

**OPINION BY:** Thomas F. Hogan

**OPINION**

*OPINION AND ORDER*

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiff did not oppose Defendant's motion, despite the fact that the Court, in its July 28, 1997 Order, advised Plaintiff of his obligations to respond under the Federal Rules of Civil Procedure and the Rules of this Court. In that Order, the Court also gave Plaintiff additional time until (August 20, 1997) to respond to Defendant's motion. Plaintiff's only filing since that date was a "Supplement to the Record" filed on October 3, 1997. In that brief, Plaintiff did not oppose Defendant's motion with any substantive argument. Pursuant to Local Rule 108(h), the Court assumes that facts identified by the moving party in its statement of [*2] material facts are admitted. Therefore the Court will grant Defendant's Motion for Summary Judgment against Plaintiff pursuant to *Federal Rule of Civil Procedure 56 (c)* as to all Defendants but the FBI.

*Factual Background*

On July 17, 1995 Plaintiff filed a Freedom of Information Act ("FOIA") Request, seeking information about himself, with the Internal Revenue Service of the Treasury Department ("IRS") and the following components of the Department of Justice ("DOJ"): Drug Enforcement Administration ("DEA"), United States Marshals Service ("USMS"), Federal Bureau of Investigation ("FBI"), Bureau of Prisons ("BOP"), Executive Office of U.S. Attorneys ("EOUSA"), United States Parole Commission ("USPC"), DOJ Public Integrity Section, DOJ Tax Division and Office of Information and Privacy ("OIP"). In his Complaint, Plaintiff alleges that his requests were ignored or that information was withheld.

Prior to the current request, on July 6, 1989 Plaintiff filed a FOIA request with the DEA for information regarding himself. He failed to pay any processing fees for this request. *See* Declaration of William E. Bordley, Def. Ex. No. 1 P 5-9. Plaintiff filed suit in this Court regarding [*3] the DEA's refusal to release the documents or to grant a fee waiver. *See Bauer v. Dept. of Justice* (Civ. Act. 91-0398). In that case, Judge Jackson dismissed Plaintiff's complaint. *See* Order (granting motion for summary judgment), April 25, 1991. The Court of Appeals for the District of Columbia Circuit granted the government's motion for summary affirmance with respect to the DEA's refusal to release the documents and to grant the fee waiver. *See* Order, May 8, 1992.

In 1989, Plaintiff also filed a FOIA request with the IRS. The IRS identified 1,677 pages of releasable documents with regard to this 1989 request. *See* Declaration of Tommy Mack, Def. Ex. No. 10, at P 6. The IRS asked Plaintiff for advanced fees of $ 250 to cover the expenses associated with producing these documents. Plaintiff did not pay these fees. *See* Declaration of Tommy Mack, at P 7. No further processing was therefore undertaken by the IRS in 1989.

In the current case, Plaintiff did not pay any processing fees to any of the DOJ agencies nor did he pay any processing fees to the IRS.

*Procedural Background*

The Complaint in this case was filed on May 24, 1996. On February 14, 1997 Defendant [*4] filed a motion to stay all proceedings in this case concerning FOIA requests to the FBI until June 1999. On July 28, 1997 the Court granted Defendant's motion to stay the case, with respect to the FBI only, until June 1999. On March 21, 1997 Defendant filed the motion now pending before the Court. Because this case has been stayed with respect to Plaintiff's request to the FBI, the Court will construe this motion as excluding the FBI.

*Standard*

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*; *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. There is a genuine issue of fact only if there is such evidence that a reasonable jury could return a verdict for the non-moving party; a fact is material only if it might affect the outcome of the suit under applicable law. *Id.* [*5] *at 248.* [1]

---

[1] According to *Fed. R. Civ. P. 12 (c)* the Court construes Defendant's motion to dismiss as a motion for summary judgment. *Fed. R. Civ. P. 12 (c)* provides that "if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in *Rule 56*." *See also Neal v. Kelly, 295 U.S. App. D.C. 350, 963 F.2d 453, 455 (D.C.Cir. 1992)*.

*Discussion*

FOIA provides that upon request a federal agency shall make records available to the requesting person. *See 5 U.S.C. § 552 (a)(3)*. FOIA also requires, however, that the requester follow each agency's published rules on *inter alia* the fees to be paid. *See 5 U.S.C. § 552 (a)(3)(A)(ii)*. These fees may be estimated and demanded in advance if the agency determines that the fees will exceed $ 250 or if the requester has previously failed to pay fees in a timely fashion. *See 5 U.S.C. § 552 (a)(4)(A)(v)*. The [*6] DOJ regulations provide

> Where a requester has previously failed to pay a records access fee within 30 days of the date of billing, a component may require the full amount owed, plus any applicable interest (as provided for in paragraph (h) of this section), and to make an advance payment of the full amount of any estimated fees before the component begins to process a new request or continues to process a pending request from that requester.

*See 28 C.F.R. § 16.10(g)(2)*.

If the requester does not pay the processing fee to one office within the DOJ all offices within the DOJ would have the authority to cease processing requester's request. *See Pollack v. Department of Justice, 49 F.3d 115, 120 (4th Cir. 1995)* (finding that when Plaintiff failed to make an advancement payment, as requested, "all offices within the Department of Justice had the authority to cease processing Pollack's request").

Here, Plaintiff did not pay the processing fees for his 1989 request to the DEA. *See* Civ. Action 91-0398. Therefore none of the DOJ offices were required to proceed with his requests pursuant to *28 C.F.R. § 16.10 (g)(2)*. *See also 5 U.S.C. § 552*. Thus Plaintiff's [*7] claims regarding his FOIA request to the DOJ are without merit.

Plaintiff also failed to pay his fee for his 1989 FOIA request to the IRS. This failure to pay justifies the IRS's failure to act on his current FOIA request to the IRS. Department of Treasury regulations provide:

> If a requester has previously failed to pay a fee in a timely fashion (i.e. within 30 days of the date of the billing), the requester shall be required to pay the full amount owed plus any applicable interest (*31 U.S.C. 3717*), and to make an advance payment of the full amount of the estimated fee before the Department

begins to process a new request or the pending request.

*See 31 C.F.R. § 1.7 (f)(4).*

Therefore, pursuant to *31 C.F.R. § 1.7 (f)(4)*, the IRS is not required to process the new request until Plaintiff has paid the full amount owed. Plaintiff's claims are therefore without merit. [2]

---

[2] Defendant also offers three alternative arguments for summary judgment. First, with respect to the USPC, the DOJ Public Integrity Section and the OIP, Defendants contend that the case is moot because all of those agencies have provided Plaintiff with all documents responding to his request. Second, with respect to the FBI, Defendant claims that the agency needs more time to produce the requested documents. Finally, with respect to the BOP, USMS and the DOJ Tax Division, Defendant alleges that no records have been improperly withheld. The Court does not need to reach these alternative arguments because it grants summary judgment on Defendant's first argument.

[*8] *Conclusion*

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. This case is **DISMISSED** as to all defendants but the FBI.

March *20Th*, 1998

Thomas F. Hogan

United States District Judge