UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br>as Subrogee of Gallaudet University<br><br>    Plaintiff<br><br>    vs.<br><br>CAPITOL SPRINKLER INSPECTION, INC<br><br>    Defendant<br><br>    vs.<br><br>GUEST SERVICES, INC.<br><br>    Third-Party Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NUMBER:  1:05CV02115 (CKK)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

Pursuant to Rules 7(h) and 56.1 of Local Rules of the United States District Court for the District of Columbia, Defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler") hereby submits the following Reply Memorandum of Points and Authorities in Support of its Motion for Summary Judgment against Plaintiff:

{DE103854.1}

## **Table of Contents**

**Page**

TABLE OF CITATIONS …………………………………………………………...……ii

I.   INTRODUCTION …………………………………………………………………..1

II.  LEGAL ARGUMENT ………………………………………………………………1

    A.   THE AFFIDAVITS FROM VERNON VANE CLARIFY HIS PREVIOUS
        TESTIMONY AND ARE ADMISSIBLE EVIDENCE …………………………2

    B.   CAPITOL SPRINKLER HAS OFFERED ADMISSIBLE EVIDENCE,
        WHICH SUPPORTS GRANTING SUMMARY JUDGMENT IN ITS
        FAVOR …………………………………………………………………………...3

    C.   CAPITOL SPRINKLER IS ENTITLED TO SUMMARY JUDGMENT
        ON THE BREACH OF CONTRACT CLAIM …………………………………..4

        1.   Guest Services breached the contract ……………………….……………4

        2.   There was an enforceable contact modification ……………………......5

        3.   Guest Services' actions prevented Capitol Sprinkler from
            performing under the contract …………………………………………8

    D.   CAPITOL SPRINKLER IS ENTITLED TO SUMMARY JUDGMENT
        ON PLAINTIFF'S NEGLIGENCE CLAIM ……………………………………..8

        1.   Guest Services, and therefore Gallaudet,
            was Contributorily Negligent …………………………………………..8

        2.   Guest Services was an agent of Gallaudet ……………………………..9

        3.   Gallaudet, as owner of the Conference Center, had a duty
            under NFPA regardless of who it assigned the performance of
            that duty to ……………………………………………………………..9

IV.  CONCLUSION..……………………………………………………...………10

## TABLE OF CITATIONS

**Page**

Dorsky Hodgon & Partners v. National Council of Senior Citizens,
  766 A.2d 54 (D.C. App. 2001) ……………………………………………………………7

*Galvin v. Eli Lilly and Co.*, 488 F.3d 1026 (D.C. Cir. 2007) ..……………………………...2, 3

*Henderson v. Charles E. Smith Management, Inc.*, 567 A.2d 59, 62 (D.C. 1989) ……………….9

*Insurance Management Inc. v. Eno & Howard Plumbing Corp.*,
  348 A.2d 310 (D.C. 1975) ……………………………………………………………..7

*United States v. Sears, Roebuck & Co.*, F. Supp. 7, 11 (D.D.C. 1984) …………......................5

*United States Auto. Association v. Alexander Film Company*,
  93 A.2d 770 (D.C. App. 1953)……………………………………………………………7

**Other**

Fed. R. Evid. 802(d)(2)(D) ..…………………..…………………………………………...3

Fed. R. of App. P. 32.1(b) ……………………..…………………………………………...6

D.C. Cir. R. 32.1(b)(1)(B) …………………………..……………………………………...6

D.C. Cir. R. 36(c) ……………………………..…..………………………………………..6

NFPA §1-4.2 (1998) ..………………………..……………………………………….....9, 10

NFPA 25 §1-4.2, Appendix A-1-4.2 (1998) ……………………………………………….10

{DE103854.1}

**I.      INTRODUCTION**

Contrary to plaintiff's contentions, it does not have valid claims for breach of contract and negligence against Capitol Sprinkler. Rather, Capitol Sprinkler has cognizable claims against Plaintiff for breach of contract, and at a minimum, contributory negligence. The events leading up to plaintiff's damages are straightforward. Capitol Sprinkler was unable to complete its inspection of the Conference Center sprinkler system because a Guest Services employee did not provide the Capitol Sprinkler inspectors with access to all components of the system. Because of the relationship between Gallaudet and Guest Services, the employee's actions, are attributable to Gallaudet, and through subrogation to Plaintiff. Capitol Sprinkler has presented an adequate basis in law and in admissible facts to support its Motion for Summary Judgment.

**II.     LEGAL ARGUMENT**

Guest Services is responsible for Gallaudet's damages under theories of negligence and breach of contract through the acts and statements of Guest Services' employees, which are binding on Gallaudet. The NFPA imposes a duty upon the property owner and its agents to provide sprinkler system inspectors with access to the necessary components of the sprinkler system. The NFPA also imposes a duty upon the property owner and its agents to monitor the sprinkler system. Guest Services, acting as Gallaudet's agent, did not do this and caused Gallaudet's damages. Additionally, Guest Services breached its contract with Capitol Sprinkler, which incorporated the NFPA standards, so as to cause the damages to Gallaudet, which are claimed through subrogation by Plaintiff. Guest Services acted as an agent for Gallaudet when it dealt with Capitol Sprinkler. As Guest Services caused the damages to Gallaudet, Gallaudet is responsible for those damages and Plaintiff is barred from recovering from Capitol Sprinkler.

1

## A.  THE AFFIDAVITS FROM VERNON VANE CLARIFY HIS PREVIOUS TESTIMONY AND ARE ADMISSIBLE EVIDENCE.

A party may use an affidavit to clarify prior testimony if such an affidavit merely explains prior testimony, but does not create an issue of material fact. See *Galvin v. Eli Lilly and Co.*, 488 F.3d 1026 (D.C. Cir. 2007). This is the case with the affidavits of Vernon Vane.

The first affidavit from Vernon Vane is dated January 17, 2008, and pertains to the application of NFPA 25. Plaintiff does not cite to any prior testimony that contradicts this affidavit because there is none. This affidavit merely explains why NFPA 25 applies in this case, and notes that Mr. Vane agrees with Plaintiff's own expert on this point. The parties' contract referenced NFPA 13A, while Standard 25 actually applied. The explanation is simple - the NFPA was updated and the relevant portions of Standard 13A were moved to Standard 25. Thus, the contract referenced the prior, now non-existent Standard, but logically incorporated the new Standard 25. Plaintiff does not contest this as its own expert report states that NFPA 25 applies. Mr. Vane's affidavit merely explains this issue in more detail. Additionally, the affidavit states additional facts, not opinion testimony, that Capitol Services expected Gallaudet and Guest Services to comply with the applicable NFPA provisions per the contract.

The second affidavit from Vernon Vane is dated February 7, 2008, and pertains to the identification of Terrance Hubbard. This affidavit supplements Mr. Vane's prior testimony, it does not contradict it. Mr. Vane testified previously to his recollection of the Guest Services escort present during the July 2002 inspection. Mr. Vane's affidavit, however, references the Guest Services employee, Terrance Hubbard, to whom he returned the sprinkler system components after they were damaged. He describes this interaction from 2003, not the inspection from 2002. Mr. Vane's description of Terrance Hubbard is consistent with the

description of the escort present during the 2002 inspection. In no way does the affidavit contradict his previous testimony or create an issue of material fact.

As both of Mr. Vane's supplemental affidavits do not contradict but instead clarify Mr. Vane's prior sworn statements, they are admissible and can be properly considered in support of Capitol Sprinkler's Motion. See *Galvin,* 488 F.3d at 1030.

> **B.     CAPITOL SPRINKLER HAS OFFERED ADMISSIBLE EVIDENCE, WHICH SUPPORTS GRANTING SUMMARY JUDGMENT IN ITS FAVOR.**

Capitol Sprinkler has offered admissible evidence in support of its Motion. The Federal Rules of Evidence provide that an out of court statement is not hearsay if "the statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment . . . ." Fed. R. Evid. 801(d)(2)(D). Regardless of the name of the escort that accompanied the Capitol Sprinkler inspectors, it was a Guest Services employee. His role was to provide the inspectors with access to the sprinkler system and his statements were made concerning this role while he was performing it. He was assigned this role by Guest Services Building Engineer/Chief of Maintenance, David Ham. The employee made a statement within the scope of this employment, while performing Guest Services' duties under the applicable law in D.C. and the contract with Capitol Sprinkler. While escorting the inspectors, this employee made a statement directly related to providing access to the sprinkler system and draining a drum drip. For all the reasons stated in Capitol Sprinkler's Motion - the employee escorted the inspectors during the previous inspection, the employee had access to all other parts of the Conference Center, the employee was designated by Guest Services to provide such access and allow the inspectors to do their work - the employee was an agent of Guest Services, acting within the scope of his employment, and his statements are admissible.

3

### C. CAPITOL SPRINKLER IS ENTITLED TO SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM.

Capitol Sprinkler is entitled to summary judgment on the contract claim because there was a breach of the original contract, the contract was modified in light of the breach, and Guest Services' actions prevented Capitol Sprinkler from performing under the contract.

#### 1. Guest Services breached the contract.

Guest Services breached the original contract with Capitol Sprinkler by failing to give the Capitol Sprinkler inspectors access to all the necessary sprinkler system components. NFPA 25 clearly states that the owner must provide ready accessibility to the sprinkler system components that require inspection, testing, or maintenance. Plaintiff cites the Appendix to NFPA 25 to its theory that the components are not required to be opened or exposed and that doors and removable panels may be permitted to satisfy the need for accessibility. It is true that the Appendix states this. But, it is illogical to conclude that merely having a door or removable panel fulfils the accessibility requirement. Rather, an inspector must be able to have access to the component locked behind any such door or panel. Where, as here, the door to room 5200 was locked, and no one present at the room at the time of the inspection had a key that would unlock the door, the Capitol Sprinkler inspectors did not have access to the drum drip. To comply with NFPA 25, and its Appendix, Guest Services was required to unlock the door and any removable panels so that the inspectors could actually access the drum drip. Although the Capitol Sprinkler inspector could have removed the panel that concealed to subject drum drip, he could not unlock the door without a key. Guest Services did not unlock the door to allow the inspector to enter and access the drum drip, and therefore, breached the contract. This breach excuses Capitol Sprinkler's duty to perform under that contract.

4

{DE103854.1}

    2.    **There was an enforceable contact modification.**

As agreed to by the parties, a contract may be orally modified. A prior contract may be modified if the new agreement satisfies all of the essential elements of a valid contract including consideration. (citation omitted). *United States v. Sears, Roebuck & Co.*, 623 F. Supp. 7, 11 (D.D.C. 1984). Consideration can consist of the forbearance from the exercise of the rights of one of the parties and the receipt of benefits by the other party. *Id*. Here, both parties agreed to modify the contract and had proper consideration. When the Guest Services escort and Capitol Sprinkler inspectors reached the locked conference room, they had a discussion regarding access to the room. The escort agreed to drain the drum drip himself and the inspectors agreed to this arrangement. In consideration, the Guest Services escort agreed to drain the drum drip and relieve the inspectors of the duty to do so, and the Capitol Sprinkler left the building without any further demand for access, which was its right pursuant to NFPA 25. Thus, both parties agreed to the modified contract and Guest Services re-assumed all duties under the contract to comply with NFPA 25 and drain the drum drip. Both parties altered each others' duties, thereby providing the consideration necessary to orally modify the contract.

Additionally, both parties had the ability to modify the contract. Plaintiff cites *National Railroad Passenger Corp. v. Expresstrack, LLC,* 2006 WL 2947555 (D.D.C. 2006) for the proposition that low level employees do not have authority to enter into or orally modify a contract between their respective employers. (See Plaintiff's Memorandum in Opposition to Capitol Sprinkler's Motion for Summary Judgment, at Pg. 10). Counsel would have liked to attempt to distinguish this case from the facts of this matter, however, it is an unreported opinion that Plaintiff neglected to attach as an exhibit to its Opposition. Although the District Court does not have a local Rule that addresses the use of unreported decisions, the Circuit Rules for the

United States Court of Appeals for the District of Columbia do.  Federal Rule 32.1, entitled "Citing Judicial Dispositions" provides as follows:

> (b) Copies Required. If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

Fed. R. App. P. 32.1(b).

Circuit Rule 32.1 clarifies this requirement as follows:

> (B) Unpublished dispositions entered on or after January 1, 2002.  All unpublished orders or judgments of this court, including explanatory memoranda (but not including sealed dispositions), entered on or after January 1, 2002, may be cited as precedent. Counsel should review the criteria governing published and unpublished opinions in Circuit Rule 36, in connection with reliance upon unpublished dispositions of this court.

D.C. Cir. R. 32.1(b)(1)(B).

Circuit Rule 36 provides:

> (c) Unpublished Opinions.
>
> .   .   .
>
> (2) While unpublished dispositions may be cited to the court in accordance with FRAP 32.1 and Circuit Rule 32.1(b)(1), a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition.

D.C. Cir. R. 36(c)(2).

Clearly this Court has the option of accepting an unpublished opinion as persuasive authority on the point for which it is offered.  However, when the proffered opinion is unreported, and counsel neglects to include a copy among its filings, the Court and the opposition are at a distinct disadvantage when it comes to assessing the value and applicability of the case.

6

{DE103854.1}

Notwithstanding this, Capitol Sprinkler submits that the *Expresstrack* case does not represent the current state of the law in the District of Columbia. As previously established, the doctrine of *respondeat superior* holds Guest Services responsible for the acts of its employee. Plaintiff has not produced or relied upon any published policy or rule of Guest Services that provides otherwise. Certainly Mr. Ham, as the Building Engineer/Chief of Maintenance, had the training and authority to drain the subject drum drip in Capitol Sprinkler's absence. Mr. Ham selected this particular employee, for a reason unknown to Capitol Sprinkler's inspectors, to act as Guest Services escort and to exercise Guest Services' authority and duty to provide Capitol Sprinkler's inspectors access to the sprinkler system. A special designation, such as "Building Engineer" or "Chief of Maintenance" implies general power and permits reasonable inferences that the employee so designated was invested with the general conduct and control of Guest Services responsibilities with regard to the sprinkler system. Cf. *United States Auto. Association v. Alexander Film Company*, 93 A.2d 770 (D.C. App. 1953). Apparent authority arises when the "principal places an agent in a position which causes a third person to reasonably believe the principal had consented to the exercise of authority the agent purports to hold". *Insurance Management Inc. v. Eno & Howard Plumbing Corp.*, 348 A.2d 310, 312 (D.C. 1975); see also *Dorsky Hodgon & Partners v. National Council of Senior Citizens*, 766 A.2d 54 (D.C. App. 2001). Here, Mr. Ham's designation of a specific employee/escort carries with it the inference that the designated employee/escort could carry out Guest Services duties in this regard. Where, as here, an employee exercises apparent authority to perform a duty, and that duty was one that accrued to his employer at law and through contract first, only then to be passed to a third party by contract, the employee can bind his employer to an oral agreement modifying the written contract.

7

Here, both the escort and the inspectors were operating in the normal course of each's employment when they agreed that the escort would take care of the subject drum drip. The contract modification is therefore binding on both Guest Services and Capitol Sprinkler.

### 3.  Guest Services' actions prevented Capitol Sprinkler from performing under the contract.

The actions of Guest Services, through its employee, prevented Capitol Sprinkler from performing under the contract and excused that performance. As discussed above, the actions of the Guest Services employee prevented the Capitol Sprinkler inspectors from gaining access to the drum drip they set out to drain. The inspectors could not force the escort to unlock room 5200 - they were at the mercy of Guest Services' employee. They attempted to enter the room, but were unable. The inspectors took reasonable steps to fulfill their duties but could not because of Guest Services' actions. Furthermore, as discussed previously, the contract was thereafter modified, and Capitol Sprinkler's duty was removed.

### D.  CAPITOL SPRINKLER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NEGLIGENCE CLAIM.

#### 1.  Guest Services, and therefore Gallaudet, was contributorily negligent.

Contributory negligence by plaintiff is a complete bar to plaintiff's negligence claim. The facts in this case are clearly and unambiguously demonstrate that plaintiff was negligent: the property owner had a duty to maintain the building's sprinkler system; the owner contracted with a property management agent to perform that maintenance; the property management agent hired Capitol Sprinkler to perform inspections and maintenance; the property management agent thwarted Capitol Sprinkler's ability to perform and agreed to reassume the duty to inspect and maintain; and, the property management agent failed in its duty and caused the damages in this case. The standard of care in this case is stated in NFPA 25, which is clear on its face. The standard clearly states a property owner's duties. Additionally, plaintiff's own expert witness

agrees that NFPA 25 applies in this case. Consequently, two points are abundantly clear: the property owner had a statutory duty to inspect and maintain the sprinkler system, and the owner failed in that duty. At the very least, plaintiff is contributorily negligent.

### 2. Guest Services was an agent of Gallaudet.

Guest Services was an agent of Gallaudet. When evaluating an agency relationship, the determinative factor is whether the principal had the *right* to exercise control over the agent as opposed to the actual exercise of control. *Henderson v. Charles E. Smith Management, Inc.*, 567 A.2d 59, 62 (D.C. 1989). The contract between Gallaudet and Guest Services states that Guest Services "shall act as agent for [Gallaudet] in the performance of its responsibilities under this Agreement." (Exhibit A to Capitol Sprinkler's Motion, Gallaudet University Kellogg Conference Center Management Agreement §3.4). It also states that Guest Services "agrees to consult with [Gallaudet] on a regular basis to assure that the Property is being marketed and operated in accordance with the policies, goals and objectives of [Gallaudet]." (Id. at §3.1). And, it states that Gallaudet "shall have the right to approve the hiring of the person [Guest Services] selects to be the Property's general manager." (Id. at §3.2). Here, Gallaudet had the right to control Guest Services, whether it actually did or not is irrelevant. Consequently, Guest Services acted as Gallaudet's agent while managing the Conference Center.

### 3. Gallaudet, as owner of the Conference Center, had a duty under NFPA regardless of who it assigned the performance of that duty to.

Gallaudet, as owner of the Conference Center, had a duty under NFPA to inspect and maintain the sprinkler system. Quoting the 1998 version of NFPA Standard 25, Plaintiff notes that the "*responsibility* for properly maintaining a water-based fire protection system shall be that of the owner(s) of the property." NFPA 25 §1-4.2 (1998) (*emphasis added*). (Exhibit 4 to Plaintiff's Opposition). This section continues as follows: "[w]here the owner is not the

9

occupant, the owner shall be permitted to pass on the *authority* for inspecting, testing, and maintaining the fire protection systems to the occupant, management firm . . . ." *Id.* (emphasis added). And, as Plaintiff noted in it's Opposition, Appendix A-1-4.2 to the 1998 edition of NFPA 25 states that "[i]nspection, testing, and maintenance may be permitted to be contracted with an inspection, testing, and maintenance service." (NFPA 25 §1-4.2, Appendix A-1-4.2 (1998). As applied in this case, Gallaudet had the *responsibility* for maintaining the sprinkler system, Gallaudet could grant Guest Services the *authority* to conduct the maintenance, and Guest Services could contract out for those services to be performed. The cited provision merely allow for Gallaudet to have others perform the actual maintenance activities. However, at all times, the responsibility for the maintenance remained with Gallaudet. Gallaudet failed in this responsibility and is responsible for the resulting damages.

### IV.  CONCLUSION

Based on the breach of contract and negligence by Gallaudet, Capitol Sprinkler respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment and enter Judgment in its favor.

> Respectfully submitted,
>
> **MARKS, O'NEILL,**
> **O'BRIEN & COURTNEY, P.C.**
>
> /s/Donald R. Kinsley
> Michael T. Hamilton, Esquire (Bar ID No. 474233)
> Donald R. Kinsley, Esquire (Bar ID No. 432998)
> Norman H. Brooks, Jr., Esquire (PHV)
> 913 N. Market Street, Ste. 800
> Wilmington, DE  19801
> *Attorneys for Defendant*
> *Capitol Sprinkler Inspection, Inc.*

DATE:  February 29, 2008

{DE103854.1}