IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

    Plaintiff,

v.

    Civil Action No. 1:5cv-2115-CKK
    Judge  Colleen  Kollar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

    Defendant/Third-Party Plaintiff,

v.

GUEST SERVICES, INC.

    Third-Party Defendant.
_____/

## AFFIDAVIT OF STEPHEN LOGUE

I, STEPHEN LOGUE, after being first duly sworn, do hereby depose and state as follows:

1.    I am over the age of eighteen, and am competent to testify. I have personal knowledge of the matters as contained in this Affidavit.

2.    In 2002 and 2003, I was the Managing Director of the Kellogg Center located at Gallaudet University. My duties included overseeing the day-to-day operations of the Center.

3.    I am familiar with Terry Hubbard. Terry Hubbard was the Room Division Manager at the Kellogg Center. Terry was a white male, with light or sandy colored hair. He was very thin. (If I remember correctly, since I had to order the uniforms, he wore a

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

EXHIBIT 1

Size 39 Regular suit.) I do not expect that one would think that Mr. Hubbard would be described as of black or mixed-race.

4.  Mr. Hubbard's role as the Room Division Manager meant that he would not be the individual who would walk or escort Capitol Sprinkler personnel to conduct the inspection of the sprinkler system or drain the sprinkler system. Mr. Hubbard was a very detail-oriented individual, who would respect the division of labor, and would have insisted that individuals, other than he, would have walked the Capitol Sprinkler people around to the various locations.

5.  In addition to housing guest rooms, the Kellogg Center housed other operations, including the University's Audio-Visual Department, as well as the Mental Health facilities. In addition to Guest Services employees at the Center, there were other individual who would be present, including University security personnel.

6.  Guest Services, Inc.'s building engineers were under the direction of the Chief Engineer, David Hamm. I do not know Mr. Hamm's current whereabouts. Mr. Hamm and the other engineers had a set of keys, including an electronic type key card that was a "full master". As a result, there was no need to get a special key to enter any of the guest rooms or suites. The engineers were able to use the full master key to get into any guest room or suite. Further, if there was a need for a special key other than the master key, these could be obtained by simply making a radio call to the front desk.

7.  Guest Services, Inc. had been paid to operate certain portions of the Kellogg Center, including food services and the leasing of the rooms. Guest Services, inc. was instructed by Gallaudet University, as part of the management agreement, to retain an outside company to inspect and test the sprinkler system, and Capitol Sprinkler was

2

use by the University for other buildings. Capitol Sprinkler was retained for the purpose of having the sprinkler system at the Kellogg Center inspected and maintained. Guest Services, Inc. was not responsible for life safety equipment and systems, such as a sprinkler system, but had retained third party licensed professionals to perform this work.

8. Guest Services, Inc. employees were not authorized to drain the dry sprinkler system, and the inspection of the dry sprinkler system was the subject of the contract with Capitol. To my knowledge, no Guest Services, Inc. employees drained the sprinkler system.

9. At no time did any Capitol employee or anyone from Capitol Sprinkler ever inform me that they had been denied access to any of the rooms, and were unable to complete their inspection.

10. None of the engineering staff was authorized to modify any contracts, and, in particular, any contract with Capitol Sprinkler. Terrence Hubbard would not have been authorized to modify any contracts with Capitol Sprinkler. The contracts with third parties would all be signed by the President of Guest Services, Inc.

11. I have been advised that Capitol Sprinkler is claiming that an unnamed and unidentified individual modified the Capitol Sprinkler contract. I am not aware of any employee of Guest Services, Inc. who would have taken the Capitol Sprinkler individuals around the building, or who had authority to modify the contract or re-write the contract.

_/s/ Stephen E. Teague_

3

Stephen Logue

STATE OF Massachusetts  
) ss:  
COUNTY OF Middlesex )

Subscribed and sworn to before me, with proof of identity, on this 19th day of February, 2008.

_____  
Notary Public

My Commission expires:

Patricia Iampietro  
Notary Public  
My Commission Expires October 12, 2012  
Commonwealth of Massachusetts

4

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

/s/
_____
Stephen A. Horvath, Esquire DC# 417137
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
shorvath@vadctriallaw.com
*Counsel for Third Party Defendant Guest Services, Inc..*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Affidavit** was served electronically on this    day of                 , 2008 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
2000 Massachusetts Avenue, N.W.
Suite 200
Washington, D.C. 20036
*Counsel for Plaintiff*

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

5

Norman H. Brooks, Esquire
Wayne F. Johnson, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*

/s/ _____
Stephen A. Horvath

6