IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

    Plaintiff,

v.                                               Civil Action No. 1:5cv-2115-CKK
                                               Judge Colleen Kollar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

    Defendant/Third-Party Plaintiff,

v.

GUEST SERVICES, INC.

    Third-Party Defendant.
_____/

### THIRD PARTY DEFENDANT GUEST SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO CAPITOL SPRINKLER INSPECTION, INC.'S MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant, GUEST SERVICES, INC. ("GUEST SERVICES"), by counsel, to request an extension of time to file its Opposition to Defendant, Capitol Sprinkler Inspection, Inc.'s ("Capitol Sprinkler"), Motion for Summary Judgment, and in support thereof states as follows:

1. On January 28, 2008 the Court entered an order directing the dates on which the parties motions for summary judgment, oppositions to motions for summary judgment, and replies to oppositions to motions for summary judgment. Capitol Sprinkler filed its motion for summary judgment on or before February 29, 2008. Guest Service's opposition to Capitol Sprinkler's motion for summary judgment was due on February 22, 2008. Guest Services missed its deadline.

1

2. The failure to timely file the opposition was due to a miscommunication. After Capitol Sprinkler filed its motion for Summary Judgment, the undersigned counsel requested that an associate who had worked on the file, and prepared Guest Service's motion, was asked to confirm the due date for the opposition and further asked to prepare the opposition. The associate was at the same time reviewing the opposition to Guest Services' Motion for Summary Judgment. Because of the presence of the cross motions for Summary Judgement, and the work that was done on related memorandum, drafts of documents were reviewed and prepared, but the Opposition to Capitol's motion was inadvertently not completed. (An affidavit from the former manager was also prepared and signed to be filed with the opposition). The undersigned then asked the associate to confirm that the final version of the Opposition had been filed, and the undersigned was told that the it had in fact been filed. Unfortunately, the associate misunderstood and thought the request and confirmation related to another matter. As a result, there was a misunderstanding regarding whether the opposition had been filed. When Capitol Sprinkler's Reply to its Motion for Summary Judgment was filed, it was mistakenly assumed that the opposition had been filed. A draft of the document was merely printed out and put to the side for review at a later date. It was not until the Reply was actually reviewed that it became apparent that there had been a miscommunication and the Opposition had not actually been filed.

3. Guest Services now seeks an extension of time, by Court order, to file its Opposition to Capitol Sprinkler Inspection, Inc.'s Motion for Summary Judgment on or before Friday, March 7, 2008.

4. This is Guest Services' first request for an extension.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

5. Pursuant to Federal Rule of Civil Procedure 6(b), when an act may or must be done within a specified time, the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

6. In <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Partnership</u>, 507 U.S. 380, 388 (1993), the United States Supreme Court held, "by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." The clear practice of the Federal Courts is to encourage a hearing on the merits. For example, even when a default has been issued, the Federal Courts will allow a late answer. Rule 6 (B). Fed. R. Civ. P., allows the Court to grant an extension of time within which to file a responsive pleading because of excusable neglect. Rule 55 (C), Fed. R. Civ. P., allows for the setting aside of a Default Judgment for showing good cause. This rule has been liberally interpreted by the Courts, and the Fourth Circuit has recognized the "liberal view of discretionary relief from default judgments...". See <u>Augusta Fiberglass Coatings v. Fodor Contracting Corporation</u>, 843 F. 2d 808 (4th Cir. 1988). The clear policy of the Federal Rules of Civil Procedure "is to encourage disposition of claims on the merits. See <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982). "The setting aside of a default should be granted if it is shown that the defendant has acted with reasonable promptness, and, there is an establishment of the existence of a meritorious defense for presentation of proffer of evidence which, if believed, would permit either the court or jury to find for the defaulting party." Id., See <u>Central Operating Company v. Utility Workers of America</u>, 491 F. 2d 245, 252, N. 8 (4th Cir. 1974).

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

4

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

A proposed Order is attached.

Dated this 7th day of March 2008.

<b>GUEST SERVICES, INC.</b><br>By Counsel

TRICHILO, BANCROFT, MCGAVIN,
HORVATH & JUDKINS, PC

/s/_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum of Points and Authorities in Support of Motion for Extension of Time** was served electronically on the 7th day of March, 2008 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
1307 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036
*Counsel for Plaintiff*
E-mail: strav@erols.com

Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

Michelle Murphy, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*
E-mail: nbrooks@mooclaw.com

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*
E-mail: fjohnson@mooclaw.com

/s/ _____
Stephen A. Horvath