UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ST. PAUL MERCURY INSURANCE COMPANY, : 
as Subrogee of Gallaudet University :
  :
   Plaintiff :
  :
   vs. :
  :
CAPITOL SPRINKLER INSPECTION, INC : Civil Action No. 05-2115 (CKK)
  :
   Defendant :
  :
   vs. :
  :
GUEST SERVICES, INC. :
  :
   Third-Party Defendant :

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*The Court Should Deny Third-Party Defendant's [69] Motion for Extension of Time to File Its Opposition to Capitol Sprinkler Inspection, Inc.'s Motion for Summary Judgment because Third-Party Defendant has not demonstrated "good cause" or "excusable neglect" in its failure to abide by the Court's Scheduling and Procedures Order [56].*

    1.     On January 28, 2008, the Court conducted its Status Conference in Courtroom 28-A.  Counsel for all parties attended.  Mr. Horvath appeared on behalf of the movant, Guest Services.  Throughout the conference, the Court sought the input of all counsel, including Mr. Horvath, concerning appropriate response deadlines.  Having received the input of all counsel, the Court was satisfied that it was fair, and that all counsel would comply.  Following that

1

conference, the Court issued its Scheduling and Procedures Order [56], which bears the same date.

2.  The Order imposed clear and unequivocal deadlines upon all counsel intending to file summary judgment motions, oppositions and replies thereto. The Order unambiguously mandated that, "Guest Services shall file its Opposition to Capitol Sprinkler's Motion for Summary Judgment on or before <u>February 22, 2008</u>". [56]  By doing so, the Order actually provided Guest Services more time to prepare its opposition papers than is generally provided by Local Rule 7(b), in that it permitted Guest Services two weeks to file its opposition to Capitol Sprinkler's summary judgment motion as opposed to the 11 days provided by Local Rule 7(b).

3.  The Order clearly set forth its purpose: "In order to administer [this] civil case in a manner fair to the litigants and consistent with the Parties' interest in completing this litigation in the shortest possible time and the least possible cost …". [56]  Moreover, the Order specifically admonished Counsel in Footnote #1 on Page 1, that "The Court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions."

4.  In conformity with the Court's directive, Capitol Sprinkler filed its Motion for Summary Judgment [58] on February 8, 2008;  not February 29 as suggested on Page 1 of Guest Services' Memorandum in Support of the instant motion. [70]  According to the Court's directive, [56; P. 3, Par. 7], Guest Services was required to file any Opposition to Capitol Sprinkler's Motion for Summary Judgment on or before February 22, 2008.  It is undisputed that Guest Services failed to do so.  Moreover, it is undisputed that Guest Services failed to request an extension prior to the February 22 deadline. Capitol Sprinkler, in conformity with the Court's directive, filed its Reply [66] on February 29.

2

5.      Capitol Sprinkler's Reply [66] memorialized the fact that Guest Services failed to file any Opposition in accordance with the February 22 deadline. That being so, no memorandum in support of the Reply was submitted. Following the filing of Capitol Sprinkler's Reply [66], five days passed with absolutely no communication of any kind from Guest Services. Then, on March 6, 2008, i.e., six days after the filing of Guest Services' Reply, an associate from Mr. Horvath's office conducted movant's first overture to secure an extension, viz., a telephone call requesting defendant's position on the filing of an Opposition subsequent to Capitol Sprinkler's Reply.

6.      Now, by Motion filed March 7, 2008, Guest Services requests an extension of time to file its Opposition. Guest Services makes this request <u>two weeks</u> after its Opposition was due, and one week after the filing of Capitol Sprinkler's Reply [66]. Guest Services' only excuse for failing to meet the deadline is "miscommunication."

7.      The limited circumstances under which this Court will extend a deadline and the standard to be applied when the movant's motion is filed out of time are well familiar. The rule of law has previously been well summarized by this very Court:

> A Scheduling Order is "intended to serve 'as the unalterable road map (absent good cause) for the remainder of the case.'" *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (quoting *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia* at 39 (Aug. 1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* As such, Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the

district judge . . . ." Fed. R. Civ. P. 16(b); *see also* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). [43] Memorandum Opinion, at 10-11.

8. Guest Services may secure a modification of the Court's Scheduling Order [56], only by demonstrating "good cause" before filing its Opposition to Capitol Sprinkler's Motion for Summary Judgment. Fed. R. Civ. P. 16(b); LCvR 16.4; *Olgyay, supra.,* 169 F.R.D. at 219-20. The limits of "good cause" have also been well defined by this Court [43], which stated:

> "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment)); *see also* 3 *Moore's Federal Practice* § 16.14[b] (2003) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."). Importantly, "<u>carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief</u>." *Johnson*, 975 F.2d at 609 (emphasis added); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559-60 (S.D. Cal. 1999) (if a party that seeks to extend the scheduling order "was not diligent, the inquiry should end"); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1, at 231 (2d ed. 1990) ("Good cause" "require[s] the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); 3 *Moore's Federal Practice* § 16.14[b] (2003) ("'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp.*, 108 F.R.D. at 141). "If that party was not diligent, the inquiry should end." *Id*. [43] Memorandum Opinion, at 11-12.

9. Pursuant to Local Civil Rule 7(b), "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of

{DE104776.1}

points and authorities in opposition to the motion. If such memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.C. LCvR 7(b).  Discretion to determine whether a motion is treated as conceded for failure to timely file an opposition "lies wholly with the district court". *F.D.I.C. v. Bender*, 326 U.S. App. D.C. 390, 127 F.3d 58, 68(D.C. Cir. 1997)  Where the district court relies on the absence of a response as a basis for treating a motion as conceded, the Court of Appeals for the D.C. Circuit honors its enforcement of Local Rule 7(b).  *Harrison v. Snow*, 2004 U.S. App. LEXIS 26401, 2004 WL 2915335 (D.C. Cir.) (quoting *Twelve John Does v. District of Columbia*, 326 U.S. App. D.C. 17, 117 F.3d 571, 577 (D.C. Cir. 1997)).

10.   Guest Services has not demonstrated "good cause" for its failure to comply with the Court's Scheduling Order.  To demonstrate diligence under the "good cause" standard, the movant must demonstrate that its noncompliance with a deadline occurred, notwithstanding its diligent efforts to comply, because of matters which could not have been reasonably foreseen or anticipated at the time of the scheduling conference and that the movant was diligent in seeking amendment of the order, once it became apparent that it could not comply with the order.  *DAG Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005) (citations omitted)  The Court issued its Scheduling & Procedures Order on January 28, 2008.  The deadlines were clearly set forth in the Order.  Guest Services does not suggest that the Order is unclear in any respect, but only that counsel thought they complied with the Order when in fact, they did not.  Moreover, despite the fact that Capitol Sprinkler's Reply [66], filed February 29, clearly brought to Guest Services' attention the fact that no Opposition was filed on February 22 as per the Court's directive, Guest Services delayed another 6 days until March 6, before its first telephone

call requesting the undersigned's position on the instant motion.  This is the antithesis of diligence.

11.     Guest Services offers only <u>inexcusable</u> neglect.  All counsel are duty-bound to remain apprised of the Court's deadlines, and to ensure that they, as well as their colleagues, comply with them.  Guest Services offers no unforeseen circumstances, over which it had no control, as preventing it from filing its Opposition.  The excuse offered by it amounts to nothing more than inexcusable neglect, which does not constitute good cause, and should not provide Guest Services with a basis for filing its Opposition out of time.

12.     Where a party requests an enlargement of time *after* the prescribed time has expired, the party must show cause and "excusable neglect".  *Stephenson v. Cox & Mossburg*, 223 F.Supp. 2d 119, 120; 2002 U.S. Dist. LEXIS 18008 (September 23, 2002) (quoting Fed. R. Civ. P. 6(b)).  A district court may exercise its discretion and decide to not consider a late-filed response that falls short of the requirements of Rule 6(b).  *Stephenson, supra.*, cit. *Fed. Deposit Ins. Corp. v. Bender*, 326 U.S. App. D.C. 390, 127 F.3d 58, 67-68 (D.C. Cir. 1997)

13.     Prejudice to the non-movant, or lack thereof, is not traditionally assessed under Fed. R. Civ. P. 16.  "'The existence or degree of prejudice to the party opposing modification may supply an *additional reason to deny a motion* to modify a scheduling order, *but it is irrelevant* to the moving party's exercise of diligence and does not show good cause.'"  *DAG Enters.*, 226 F.R.D. at 110 (quoting 3 *Moore's Federal Practice* § 16.14[b] (2003)).  Therefore, prejudice to Capitol Sprinkler has no bearing on the Court's disposition.  Only Guest Services' diligence and good cause are relevant.

14.     Even so, Capitol Sprinkler will suffer unfair prejudice should the Court permit Guest Services to file its Opposition two weeks after the deadline and one week after Capitol

6

{DE104776.1}

Sprinkler filed its Reply. Guest Services has had the opportunity to read Capitol Sprinkler's Memorandum in Opposition to Guest Services' Motion for Summary Judgment and attachments [64], timely filed on February 29, Capitol Sprinkler's Reply [65] in support of its own motion for summary judgment against Guest Services, filed February 29, as well as Capitol Sprinkler's Reply [66] in support of its motion for summary judgment against plaintiff, also filed February 29. It would be unfairly prejudicial to Capitol Sprinkler to permit Guest Services to take a full week to read, analyze, and incorporate additional arguments into its own Opposition. Moreover, Capitol Sprinkler would be unfairly prejudiced because it would have no opportunity to reply to items that should be been raised in a timely filed Opposition. At no time has Guest Services ever proposed to seek leave of the Court to amend the Scheduling Order so as to permit Capitol Sprinkler to file a reply to its late-filed opposition, but has only sought to file its opposition subsequent to Capitol Sprinkler's Reply. Should the Court grant the motion, Capitol Sprinkler would be prejudiced by the additional time and expense of preparing another Reply to respond to Guest Services' late-filed Opposition.

15. The prejudice is not theoretical or academic, but very real. If accepted, this late filing would give Guest Services the tactical advantage of having "the last word" on Capitol Sprinkler's Motion for Summary Judgment, which under the Court's Order, was reserved for the Movant. The Court's Order was very methodical so as to provide each movant the last word in support of its own motion for summary judgment. Whereas this late filing would be the last word, it is constructively a Reply rather an Opposition.

16. As part of this 'constructive reply', Guest Services offers a four page affidavit of Stephen Logue. [67-3], Affidavit . Parenthetically, although Guest Services has no motion for summary judgment presently pending before the Court, (see paperless Minute Order dated

7

{DE104776.1}

1/28/08), it nevertheless filed a Memorandum in support of same on February 15, 2008. [59] **Noticeably absent in Guest Services Memorandum [59], Filed February 15, is any reference to the affiant, Stephen Logue.** Mr. Logue's affidavit is dated February 19, 2008, so it was in existence at the time of the Court's February 22 deadline.

17. Among the subjects discussed by Mr. Logue's affidavit is the access provided by Guest Services to Capitol Sprinkler's inspectors on January 9, 2003. Based upon Mr. Logue's affidavit, Guest Services argues in its Reply [68], that its employees "had a set of keys, including an electronic type key card that was a 'full master'." And, as a result, the Guest Services employee who escorted the Capitol Sprinkler inspectors on January 9, 2003 did not need a special key to enter any guest room or suite. [68], Third-Party Defendant Guest Services, Inc.'s Reply to Defendant' Capitol Sprinkler's Opposition to Guest Service's Motion for Summary Judgment.

18. Moreover, in the disputed filing, Guest Services used the same affidavit from the same individual to argue 4 points: 1) Guest Service's escort would have had, or could get, the proper key; 2) Guest Service's escort would not have agreed to personally drain the drum drip; 3) The only person authorized to modify the contract on behalf of Guest Services was its president; and 4) The escort that accompanied Capitol Sprinkler's employees during the subject inspection could not have been an agent of Guest Services because its escort would have had a complete set of keys.

19. Guest Service's reliance upon the Logue affidavit cannot be overstated. No other piece of evidence is relied upon as much as this affidavit. Guest Services relies on it during 50% of its discussion. The affidavit is discussed in 11 of its 22 page Memorandum in Opposition:

Pages 3,4,5,7,10,11,12,16,18,20, and 21.  It is essentially the cornerstone of Guest Service's defense.

20 .     Despite Mr. Logue's apparent familiarity with the access to which Guest Services provided to Capitol Sprinkler's employees on the relevant day, Mr. Logue was never produced for deposition.  Throughout the course of this litigation, Guest Services has produced no witnesses for deposition, despite the expressed intentions of counsel for Capitol Sprinkler.

21.     On October 9, 2006, Capitol Sprinkler filed its Notice of Oral Deposition pursuant to Fed. R. Civ. P 30(b)(6), to depose Guest Services' person most knowledgeable "concerning access to the Conference Center provided to Defendant by Third-Party defendant on January 9, 2003."  [22], Notice of Deposition, attached as Exhibit 1.

22.     This Court has clearly stated the purpose of a 30(b)(6) deposition. It is to inform one party of facts upon which the other intends to rely. *Founding Church of Scientology, Inc. v. Direct, Federal Bureau of Investigation*, 1979 U.S. Dist. LEXIS 12757; 27 Fed. R. Serv. 2d (Callaghan) 601 (1979).  By failing to produce Mr. Logue as a Rule 30(b)(6) witness during the discovery period when requested by Capitol Sprinkler, and by offering an affidavit for the first time in support of its late-filed Memorandum in Opposition  [67] and in its Reply to Guest Services Opposition [68], both of which were filed on March 7, (i.e.,  7 days after Defendant's last opportunity  to address them under the Court's Order [56]),  Guest Services has subverted not only the purpose of Rule 30(b)(6), but also the sequential filing mandated by the Court's Order. [56]  Guest Services' failure to produce Mr. Logue for deposition on subject areas to which he now claims to be most knowledgeable, in concert with the late-filing of  its Opposition subsequent to the filing of Capitol Sprinkler's Reply, has effectively denied Capitol Sprinkler any opportunity to speak to the Logue affidavit, which is the foundation of its argument.

23.     Given the prominence to which Guest Services' Opposition [67] gives the Logue affidavit (discussing it in 11 of 22 pages), as well as the prominence given it in Guest Services' Reply [68], (discussing it in 7 of 15 pages), one would naturally expect either Mr. Logue or his affidavit to be mentioned in Guest Services' opening Memorandum [59], filed February 12.  The opening Memorandum [59] is silent as to both.  Had Guest Services, properly presented Mr. Logue for deposition during discovery, and had it fairly raised the testimony of Mr. Logue during its opening Memorandum [59] or in a timely filed Opposition on or before February 22, Capitol Sprinkler could have addressed the arguments in the Reply it filed on February 29.  Whereas Mr. Loge was not mentioned until Guest Services' simultaneous submissions on March 7, [67 & 68], Capitol Sprinkler is unfairly prejudiced.

24.     The unfair prejudice is not unlike that realized when a movant presents an argument for the first time in a reply brief.  The U.S. Court of Appeals for the District of Columbia has long held that the Court will not consider arguments raised for the first time in reply briefs.  *Natural Resources Defense Council, Inc., et al v. United States Environmental Protection Agency*, 25 F.3d 1063 (D.C. Cir. 1994).  Parties are required to raise all of their arguments in the opening brief so as to prevent "sandbagging", and to provide opposing counsel a fair opportunity to respond.  *Id*.  See also: *Sangar v. Geren,* 2008 U.S. Dist. LEXIS 15994 (2008), wherein at fn. 6, this Court reminded Counsel that it would procedurally improper for a party to raise new arguments to the trial judge in an Opposition and Reply, which it failed to raise in the motion.  By failing to produce Mr. Logue during discovery in response to Guest Services' Notice of Deposition pursuant to Rule 30(b)(6), in concert with its failure to timely file an Opposition as well as its failure to fairly disclose Mr. Logue as the foundation and cornerstone of its argument in the opening Memorandum [59] that it Filed February 12, Guest

Services has ignored the Court's prohibition against sandbagging, and has denied Capitol Sprinkler a fair chance to respond to the issues raised made in the affidavit, and argued by Guest Services on pages 3,4,5,7,10,11,12,16,18,20, and 21 of its Opposition. [[67]

25.    Guest Services' reliance upon Judge Sullivan's opinion in *Tibbs v. Williams*, 2002 U.S. Dist. LEXIS 26324 (D.D.C. 2002), is misplaced.  In that action, the Court was considering the late filing of a reply brief, not an opposition.  The non-movant was unable to demonstrate any prejudice by the late filing of the reply.  Whereas the movants got the last word in support of their motion, and whereas plaintiff had already filed its opposition, no unfair prejudice inurred to plaintiff on account of the late filing.

26.    That is quite different than the issue at bar.  Here, under paragraph 5, page 3 of the Scheduling & Procedures Order [56], Capitol Sprinkler was entitled to file a meaningful reply to Guest Services' opposition.  Guest Services careless treatment of the Order [56] has frustrated that purpose.

27.    Guest Services was aware of this prejudice when its counsel filed its motion [69] on March 7, 2008.  Counsel's representations to the Court concerning the prejudice claimed by Capitol Sprinkler tests the bounds of opposing counsel's duty of candor with the tribunal.  Paragraph 8 of Guest Services' memorandum in support [70] represents to the Court that counsel for Guest Services' claim of prejudice was limited to attorney fees.  However, attached as Exhibit 1 to Guest Services' memorandum [70-2] is a copy of Mr. Brooks' 3/6/08 e-mail to Mr. Horvath, which clearly states that "to permit you to file an opposition one week after the filing of our reply would result in unfair prejudice to Capitol Sprinkler".  Moreover, movant's counsel suggests that the *only* stated prejudice was that of counsel fees.  However, they curiously failed to attach that part of the e-mail chain which raised the issue of fees.  That is because the very

same transmittal, sent 3/6/8 at 4:25 p.m., i.e., 39 minutes following the e-mail attached as Exhibit 1 to Guest Services' memorandum [70-2], also raised the unfair prejudice inherent in the filing of an opposition paper subsequent to a reply.  That e-mail is attached hereto as Exhibit 2  At paragraph 2, Capitol Sprinkler's counsel clearly stated, "Without the benefit of even seeing the document, we are unfairly prejudiced because we have already filed our reply, which you have seen".  Exhibit 2.

28.     Guest Services has failed to make the requisite showing of excusable neglect and accordingly, its motion for enlargement of time should be denied.  Miscommunication does not support a finding of excusable neglect.  *See Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("Were the court to find that counsel's act of 'inadvertently overlooking' a filing deadline is 'excusable neglect,' then the standard would be rendered meaningless.")  Were this Court to allow Guest Services to file its Opposition, it would render Fed. R. Civ. P. 16(b), Local Rule 7(b), and the Court's January 28, 2008 Scheduling and Procedures Order meaningless.

29.     Mr. Horvath and his associate have failed to provide any grounds warranting acceptance of the late-filed opposition.  Their neglect was nothing more than the manifestation of a cavalier attitude regarding the Court's Order, against which this Court has previously cautioned the parties.  As a result, the Court should deny Guest Services' motion, strike the opposition, and consider Capitol Sprinkler's Motion for Summary Judgment as conceded.

**WHEREFORE**, Capitol Sprinkler respectfully requests that this Honorable Court DENY Guest Services, Inc.'s Motion for Extension of Time to File its Opposition to Capitol Sprinkler's Motion for Summary Judgment by entering the attached Order as proposed.

                                              Respectfully submitted,

                                              **MARKS, O'NEILL, O'BRIEN**
                                              **& COURTNEY, P.C.**

                                              */s/ Michael T. Hamilton*
                                              Michael T. Hamilton, Esquire (Bar ID No. 474233)
                                              Donald R. Kinsley, Esquire (Bar ID No. 432998)
                                              Norman H. Brooks, Jr., Esquire (PHV)
                                              913 North Market Street, #800
                                              Wilmington, DE  19801
                                              *Attorneys for Defendant*
                                              *Capitol Sprinkler Inspection, Inc.*

DATE:  <u>March 18, 2008</u>

{DE104776.1}