# Ex. 2

**From:** Brooks Jr., Norman H.
**Sent:** Tuesday, March 18, 2008 4:06 PM
**To:** Murphy, Michelle
**Subject:** FW: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

**From:** Brooks Jr., Norman H.
**Sent:** Tuesday, March 18, 2008 3:53 PM
**To:** 'Stephen Horvath'
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. I am sorry: I am almost out of time and need to turn my attention to the filing of Capitol Sprinkler's Opposition to your motion as it is due today.

2. It will further articulate the manner in which my client would be unfairly prejudiced should your motion be permitted to stand.

3. Perhaps we can continue this discussion after you have had an opportunity to review and consider Capitol's Opposition. Thank you for your attention to this,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Tuesday, March 18, 2008 3:30 PM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks;
    Please correct me if I am wrong, but I specifically asked HOW your client was unfairly prejudiced, and your response was:

However, I do not believe the Court reaches the issue of prejudice unless, and until, it finds good cause. There being none here, I do not believe the Court will reach the issue of prejudice. For the same reason, neither should I.

You later stated that you were prejudice because we saw the reply:

Without the benefit of even seeing the document, we are unfairly prejudiced because we have already filed our reply, which you have seen.

This does not make any sense because your "reply" was that there was no opposition. I will again ask you to state the specific facts that your client was actually unfairly prejudiced, and not just your conclusory statements.

Concerning the opportunity for your client to file a reply, I agree that you should have that opportunity, and hereby consent to your request for leave to file a new reply.

The final issue is the question of fees, and I need to know if you will agree to the late filing if we pay the fees associated that portion of your original reply.

Stephen Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Tuesday, March 18, 2008 2:57 PM
**To:** Stephen Horvath
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. Your representation to the Court in Document #70, filed 3/7/08, to the effect that defendant's only stated prejudice relates to counsel fees, is not supported by either of my 3/6 e-mail transmissions (herein below) directly to you. Paragraph 4 of my response timed 2:33 p.m., specifically stated that to permit you to file an opposition 1 week after the filing of our reply would result in unfair prejudice to Capitol Sprinkler.

2. Similarly, my note timed at 4:25 the same day clearly stated that "we are unfairly prejudiced because we have already filed our reply, which you have seen."

3. Certainly, any agreement to resolve this issue must include in addition to fees, an opportunity for Capital Sprinkler to have the last word. Please let me know your position.


Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Friday, March 07, 2008 12:57 PM

**To:** Brooks Jr., Norman H.
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,

   You should now have a copy of the opposition. Please let me know your position in regards to allowing the court to consider the opposition.

   I understand that your only "prejudice" is the amount of attorneys' fees incurred to prepare the opposition. If we agree to pay the fees will you agree to the extension?

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Thursday, March 06, 2008 4:25 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Jamie Keenan
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. Please do not ignore my request for a copy of the opposition paper that gives rise to this request. I can not realistically agree to the filing of any document without seeing it. Please send it to me without further delay as I need to leave the office in the next few minutes, but can review it tonight if you send it now.

2. Without the benefit of even seeing the document, we are unfairly prejudiced because we have already filed our reply, which you have seen.

3. Moreover, any opposition paper filed by your client at this juncture would render moot the reply that we timely filed on February 29 as per the Court's Order. And, it would likely require us to file another reply. Counsel fees for that work would likely run in the $redacted range. Are you williing to pay them?

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Thursday, March 06, 2008 4:06 PM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team; Jamie Keenan
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,
   Your original email claims "unfair prejudice". I have asked you to explain the prejudice to

see if there was anything that could be reasonably done to overcome the prejudice. Your response is that you do not want to explain the prejudice. I can only assume that your original statement was without any basis, and there is, in fact, no prejudice. Unless I hear to the contrary, I will advise the court that you can not point to any prejudice, and your claim of prejudice has no basis in law or fact.

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Thursday, March 06, 2008 3:46 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Jamie Keenan
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. I understand your recitation of the circumstances that gave rise to your failure to timely file an opposition paper as well as your failure to request an extension prior to the February 22 deadline. In my view, the predicament in which you and your associate have placed the Court and Counsel amounts to nothing more than your cavalier treatment of the Order, against which the Court previously admonished the parties in this very action.

2. This is not a matter of exalting form over substance. And, it is not simply a matter of delay. Your associate's request would result in very real, unfair prejudice to my client as I indicated below. However, I do not believe the Court reaches the issue of prejudice unless, and until, it finds good cause. There being none here, I do not believe the Court will reach the issue of prejudice. For the same reason, neither should I.

3. Moreover, your recitation is inconsistent with Ms. Keenan's telephone call of this morning; vis., her representation that the opposition could be filed as early as tomorrow. If the opposition was completed by the February 22 deadline, why have I not been provided a courtesy copy so I could an have a minimal understanding about what you would like me to agree? If the paper was complete on February 22 as you say, I would have expected you to provide a copy of it this morning along with your request, as opposed to a telephone call. Whereas I still don't have a courtesy copy, I can only surmise that it still not been completed.

3. My position remains unchanged. Thank you for your attention to this.


Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537

3/18/2008

nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Thursday, March 06, 2008 2:46 PM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team; Jamie Keenan
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks, the failure to timely file the opposition was due to a miscommunication between myself and my associate. I had asked her to confirm the due date for the opposition and further asked her to confirm that the opposition was filed. She had misunderstood what I was asking, and thought that it related to another matter. As a result, when I was told that the opposition had been filed, I did not follow up to make sure that it was timely. When I saw that you had filed a reply, I simply assumed that the opposition had been filed, copied the document, and put it aside for review at a later date. When I saw that the opposition had not been filed, I told the associate to call your office to request and extension. I

t now appears that you are attempting to assert form over substance, since the arguments concerning your motion are essentially the same as the ones you made with the plaintiff, and my response is much the same. Further, you have already had the benefit of my client's motion for summary judgment.

I understand that you are now claiming prejudice by the delay. Please tell me in detail how you have been prejudiced by the delay. If there is anything that I can do to alleviate the prejudice, please let me know, and I will do any reasonable request to reduce the impact of the delay.

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Thursday, March 06, 2008 2:33 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Jamie Keenan
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. This responds to Ms. Keenan's e-mail of 10:04 this morning to my associate, Mr. Segletes, which is set out immediately below for your convenience.

2. I can not reconcile her statement to the effect that you are required by March 7, to re-file the document that you filed on January 24. I understood from your 1/26 transmission (further below), that third-party defendant, Guest Services, refused to withdraw the paper as Mr. Segletes requested on January 25. Although I do not concede that third-

party defendant had standing to file the reply in the first instance, I see no need for the document to be re-filed on March 7.

3. Concerning your request to file an opposition to our motion for summary judgment 1 week after we filed third-party plaintiff's reply in support of the motion, I can only refer you to the admonition of Judge Kollar-Kotelly cited in our reply wherein Her Honor said the Court would not alter a scheduling order in the absence of good cause because:

> A Scheduling Order is "intended to serve 'as the unalterable road map (absent good cause) for the remainder of the case.'" *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (quoting *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia* at 39 (Aug. 1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* As such, Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(bLCvR

4. Since receiving your associate's request this morning, neither one of you has offered any excusable neglect or any reason approaching good cause for the Court's January 28 Order to be altered at this late date. To permit you to file an opposition 1 week after the filing or our reply would result in unfair prejudice to Capitol Sprinkler.

5. Whereas neither of you has offered any good cause, I can not agree to modify the Court's January 28 Scheduling and Procedures Order. Thank you for your attention to this. Sincerely,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

-----Original Message-----

From: Jamie Keenan [mailto:JKeenan@tbmhjlaw.com]

Sent: Thursday, March 06, 2008 10:04 AM

To: Segletes, Theodore J.

Subject: RE: St. Paul a/s/o Gallaudet v. Capitol Sprinkler v. Guest Services

I filed the reply to your opposition to plaintiff's motion for summary judgment January 24, 2008. This is the document that I was referring to when we spoke on the phone this morning. It appears that we are required to re-file this document by March 7, 2008. I apologize for all of the confusion surrounding this issue, which admittedly arises from my mistake.

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Saturday, January 26, 2008 4:37 PM
**To:** Segletes, Theodore J.
**Cc:** NHB Team; Brooks Jr., Norman H.
**Subject:** RE: St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

If it is your position that I do not have the authority to correct the factual assertions in your opposition, I would appreciate your letting me know the authority for your position. If you are of the opinion that I can only correct the misstatements by some other form of pleading, please let me know the title to that pleading. In the alternative, you can correct your opposition, and remove the allegations which are not supported by your clients' deposition.

Stephen Horvath

---

**From:** Segletes, Theodore J. [mailto:TSegletes@mooclaw.com]
**Sent:** Fri 1/25/2008 7:22 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Brooks Jr., Norman H.
**Subject:** St.Paul Mercury a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services


RE:   Guest Services' Reply to Capitol's Response to Plaintiff's Motion for Partial Summary Judgment

Mr. Horvath:

I received Guest Services' Reply in the above. In reviewing LCvR 7(d), it appears that only the "moving party" is authorized by the Rules to file a Reply to a memorandum in opposition and that the Reply must take the form of a memorandum as well. I have been unable to identify any substantive law tending to authorize your filing and, since

you hadn't cited any in your pleading, we are contemplated filing a Motion to Strike the same. As a professional courtesy, we wanted to offer you the opportunity to voluntarily withdraw it first. If there is authority to support you filing, please let me know so that I might have a chance to consider it before filing a motion. I appreciate your attention to this.

Ted


Theodore J. Segletes, III, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
tsegletes@mooclaw.com <mailto:658-6537tsegletes@mooclaw.com>

3/18/2008