IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University,

    Plaintiff,

v.                                         Civil Action No. 1:5cv-2115-CKK
                                         Judge Colleen Kollar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.,

    Defendant/Third-Party Plaintiff,

v.

GUEST SERVICES, INC.,

    Third-Party Defendant.
_____/

### THIRD-PARTY DEFENDANT GUEST SERVICES, INC.'S REPLY TO DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S OPPOSITION TO GUEST SERVICE'S MOTION FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Third Party Defendant, Guest Services, Inc., by counsel, in response to Defendant Capitol Sprinkler Inspection, Inc.'s Opposition to Guest Service's Motion for Extension of Time to File its Opposition to Defendant's Motion for Summary Judgment.

I. **INTRODUCTION**

Capitol Sprinkler's opposition to Guest Services Motion for an Extension of Time to File its Opposition is based in large part on the premise that Guest Services has failed to demonstrate sufficient good cause and diligence. Capitol Sprinkler also challenges the merits of the arguments raised in Guest Services' Opposition.

1

Accordingly, Capitol Sprinkler asserts that its Motion for Summary Judgment ought to be deemed conceded and therefore granted, despite the evidence that demonstrates that Capitol Sprinkler is not entitled to judgment as a matter of law. Further, the arguments in the Opposition are essentially the same as the arguments in the Reply to the Opposition to St. Paul Mercury Insurance Company's Motion for Summary Judgment and Guest Services' Motion for Summary Judgment. Thus, the legal and factual arguments are already before the Court, and Capitol Sprinkler is attempting to use the late filing to avoid addressing the merits of the cross motions for summary judgment.

Guest Services did fail to timely submit its Opposition to Capitol Sprinkler's Motion for Summary Judgment. That error was due to an inadvertent miscommunication and misunderstanding and in no way reflects any intentional disregard of this Court's Scheduling Order. In response to Capitol Sprinkler's filing of its Motion for Summary Judgment, the undersigned counsel requested that an associate who had previously worked on the file and prepared Guest Service's Motion for Summary Judgment, confirm the due date and prepare the Opposition. The associate who was responsible for preparing the Opposition was also tasked with preparation of a reply memorandum in the same case. Due to the multiple cross motions for Summary Judgement and the work that was done on related memorandum, drafts of documents were reviewed and prepared, but the Opposition to Capitol's motion was inadvertently not completed. (An affidavit from the former manager was also prepared and signed to be filed with the opposition).

A miscommunication and misunderstanding occurred when the undersigned

2

counsel requested and received the incorrect confirmation from the associate that the final version of the Opposition had been filed.  Unfortunately, the associate misunderstood and thought the request and confirmation related to another matter.  Accordingly, when the undersigned counsel received Capitol Sprinkler's Reply to its Motion for Summary Judgment, it was under the mistaken assumption that the Opposition had been timely filed and the Reply was therefore merely printed out and set aside for review at a later date.  It was not until the Reply was actually reviewed that the miscommuncation and misunderstanding became apparent.  Telephone calls were made to opposing counsel to explain the situation and to request their positions on the filing of a Motion for Extension of Time to File Opposition to Defendant's Motion for Summary Judgment, as soon as the undersigned counsel discovered the error and realized that the Opposition had not actually been filed.  After making several unsuccessful attempts to secure the agreement of Capitol Sprinkler on March 6, 2008, Guest Services filed its Motion for Extension of Time to File its Opposition to Defendant's Motion for Summary Judgment and its Opposition to Capitol Sprinkler's Motion for Summary Judgment on March 7, 2008.  Guest Services agrees to any reasonable time for Capitol Sprinkler to reply to Guest Services' Opposition to Capitol Sprinkler's Motion for Summary Judgment.  Guest Services has also agreed to do anything reasonable to cure any possible prejudice to opposing counsel.

**II.   LEGAL ARGUMENT**

In <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Partnership</u>, 507 U.S. 380, 388 (1993), the United States Supreme Court held, "by empowering the courts to accept

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." The clear practice of the Federal Courts is to encourage a hearing on the merits.  See United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  For example, even when a default has been issued, the Federal Courts will allow a late answer. Rule 6 (B). Fed. R. Civ. P.,  allows the Court to grant an extension of time within which to file a responsive pleading because of excusable neglect.  "The setting aside of a default should be granted if it is shown that the defendant has acted with reasonable promptness, and, there is an establishment of the existence of a meritorious defense for presentation of proffer of evidence which, if believed, would permit either the court or jury to find for the defaulting party." *Id.*, *See* Central Operating Company v. Utility Workers of America, 491 F. 2d 245, 252, N. 8 (4th Cir. 1974).

In this case, Guest Services failure to timely file its Opposition to Capitol Sprinkler's Motion for Summary Judgment was due to the inadvertent and excusable neglect that resulted from a miscommunication and misunderstanding.  As demonstrated in the Opposition that was filed on March 7, 2008, as well as the Memorandum of Points and Authorities in Support of Guest Services' Motion for Summary Judgment filed on February 12, 2008, Guest Services' Reply to Capitol Sprinkler's Opposition to Plaintiff's Motion for Partial Summary Judgment, and the Opposition to Capitol Sprinkler's Motion for Summary Judgment filed by St. Paul Mercury Insurance Company February 20, 2008, Guest Services has a number of

4

meritorious defenses to Capitol Sprinkler's Motion for Summary Judgment.

In its Opposition, Capitol Sprinkler asserts that it will be unfairly prejudiced if this Court grants Guest Services Motion for Extension of Time to File its Opposition to Capitol Sprinkler's Motion for Summary Judgment. The bases for Capitol Sprinkler's assertions are that Guest Services had the unfair opportunity to read, analyze, and incorporate added arguments from Capitol Sprinkler's Opposition to Guest Services Motion for Summary Judgment, Capitol Sprinkler's Reply in Support of its Motion for Summary Judgment, and Capitol Sprinkler's Reply to St. Paul Mercury Insurance Company's Opposition to Capitol Sprinkler's Motion for Summary Judgment. This assertion is without merit. The filing of motions and briefs is not to be considered as a game of hiding arguments to only spring the arguments in an opposition. The arguments in the reply will most likely be the same arguments made in Capitol Sprinkler's Opposition to Guest Services Motion for Summary Judgment. The facts of this case, upon which Guest Services relies in support of its Motion for Summary Judgment and in Opposition to Capitol Sprinkler's Motion for Summary Judgment, have remained the same. Additional support for the arguments made in Guest Services in asserting it is not liable to Capitol Sprinkler did come to light after Guest Services filed its Motion for Summary Judgment or Memorandum of Points and Authorities in support thereof. However, Guest Services has continued to maintain the same position and asserted the same arguments to support that position.

Capitol Sprinkler opposes Guest Services' reliance on the Affidavit of Stephen Logue. Capitol Sprinkler asserts that the Logue Affidavit constitutes "sand bagging" and that the Court should not consider the Affidavit because it is a new argument,

5

which, according to Capitol Sprinkler ought to have been raised in Guest Services' Motion for Summary Judgment. Capitol Sprinkler is incorrect in the assertion that the Logue Affidavit raises new arguments. To the contrary, the Logue Affidavit merely provides additional factual support to those arguments already raised and responds to Capitol Sprinkler's affidavits. Specifically, Guest Services has consistently maintained that any alleged escort was an unidentified individual, and there is no evidence that he was a Guest Services employee or agent; that Terrance Hubbard was not the gentleman who escorted Capitol Sprinkler employees throughout the Kellogg Conference Center; that a Guest Services employee or agent did not agree to drain the final drum drip; that a Guest Services employee or agent would not have agreed nor would he have had authority to drain the subject drum drip; and that the unidentified escort would not have had the authority to orally modify the contract. *See* Guest Services Reply to Defendant Capitol Sprinkler Inspection, Inc.'s Opposition to Plaintiff's Motion for Partial Summary Judgment filed on January 24, 2008. Capitol Sprinkler was not unfairly prejudiced or "sand bagged" by the presentation of factual support to these previously made arguments.

Furthermore, Capitol Sprinkler's assertion that Guest Services subverted the purpose of Rule 30(b)(6) by failing to provide Stephen Logue is also without merit. In October 2007, counsel for Capitol Sprinkler noticed Guest Services' deposition. Before doing so, however, counsel for Capitol Sprinkler failed to contact counsel for Guest Services for available dates. Ultimately, counsel for both parties agreed that depositions would not go forward. That agreement was confirmed by letter dated October 12, 2007. *See* Exhibit 1, Letter of October 12, 2006. During the course of

6

those conversations, counsel for Capitol Sprinkler also requested the last known addresses for Mr. Hubbard and Mr. Hamm. Counsel for Guest Services provided that information. Capitol Sprinkler never made any follow-up attempts to depose a designee of the corporation. At Capitol Sprinker's request, a representative would have been made available on a date agreeable to all parties.

Moreover, with regard to Stephen Logue specifically, he is not an employee of Guest Services. There was no way that Counsel for Guest Services could have produced Stephen Logue for deposition. Furthermore, Stephen Logue would not have been the designated representative of Guest Services. Under Rule 30(b)(6), in its notice or subpoena, a party may name as a deponent a private or public corporation. "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. Rules Civ. Pro. R. 30(b)(6). The Rule 30(b)(6) notice is not a request to depose a particular individual.

Granting Guest Services' request for an extension of time to file its Opposition to Defendant, Capitol Sprinkler Inspection, Inc.'s, Motion for Summary Judgment will not prejudice either the Court or any party to this matter. A request was made for Capitol Sprinkler to agree to the extension of time, and an offer was made to do whatever was reasonable to alleviate any possible prejudice. In Tibbs v. Williams, 2002 U.S. Dist. LEXIS 26324 (D.D.C. 2002) Judge Sullivan declined to strike an untimely reply, opting for a decision on the merits of the case. "This Court, however, declines to strike the reply memorandum, finding that it is in the interests of justice to fully consider arguments presented by the parties. Plaintiff has not demonstrated that he was

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

prejudiced ..." Id. Tibbs v. Williams Tibbs v. Williams is relevant because it demonstrates the practice of the Federal Courts to fully consider arguments presented by the parties and decide matters in a manner consistent with the interests of justice, rather than inadvertent procedural errors.

### III.   CONCLUSION

Based on the foregoing, Third-Party Defendant, Guest Services, Inc. respectfully requests that this Honorable Court grant Guest Services Motion for Extension of Time to File Its Opposition to Capitol Sprinkler's Motion for Summary Judgment.

Respectfully submitted,

**GUEST SERVICES, INC.**
By Counsel

Trichilo, Bancroft, McGavin, Horvath & Judkins, PC


/s/
_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **REPLY TO DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S OPPOSITION TO GUEST SERVICE'S MOTION FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO CAPITOL SPRINKLER'S MOTION FOR SUMMARY JUDGMENT** was served electronically on the 21ST day of March, 2008 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
1307 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036
*Counsel for Plaintiff*
E-mail: strav@erols.com

Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

Michelle Murphy, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*
E-mail: nbrooks@mooclaw.com

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*
E-mail: fjohnson@mooclaw.com

/s/ _____
Stephen A. Horvath