UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University<br><br>Plaintiff<br><br>vs.<br><br>CAPITOL SPRINKLER INSPECTION, INC<br><br>Defendant<br><br>vs.<br><br>GUEST SERVICES, INC.<br><br>Third-Party Defendant | CASE NUMBER: 1:05CV02115 (CKK) |

**DEFENDANT CAPITOL SPRINKLER INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO STRIKE THIRD-PARTY DEFENDANT GUEST SERVICES, INC.'S
REPLY TO CAPITOL SPRINKLER'S OPPOSITION TO
<u>GUEST SERVICES' MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler"), hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Strike Third-Party Defendant Guest Services, Inc.'s ("Guest Services") Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment:

1. Prior to filing its Motion to Strike, counsel for Capitol Sprinkler conferred with opposing counsel, pursuant to Local Civil Rule 7(m). Plaintiff takes no position on the motion. Third-Party Defendant opposes the motion.

2. On January 24, 2008, Guest Services filed a non-conforming [52] Motion for Summary Judgment and [53] Memorandum in Support. By Order dated January 28, 2008 [56],

{DE105109.1}

the Court denied the motion without prejudice to re-file on or before February 15, 2008 [56]. However, Guest Services failed to re-file its Motion, but instead filed a [59] Memorandum of Points and Authorities in Support of the previously denied motion [52]. Strictly speaking, Guest Services has no summary judgment motion pending before the court. For that reason alone, [68] Guest Services' Reply to Capitol Sprinkler Inspections, Inc.'s Opposition to Motion for Summary Judgment should be stricken.

3. Moreover, the Reply should be stricken because it is an obvious attempt to 'sandbag' Capitol Sprinkler. Guest Services improperly raises new factual and legal arguments in its Reply. The U.S. Court of Appeals for the District of Columbia has long held that the Court will not consider arguments raised for the first time in reply briefs. *Natural Resources Defense Council, Inc., et al v. United States Environmental Protection Agency*, 25 F.3d 1063 (D.C. Cir. 1994). Parties are required to raise all of their arguments in a fair opening brief so as to prevent "sandbagging," and to provide opposing counsel a fair opportunity to respond. *Id; See also Sangar v. Geren*, 2008 U.S. Dist. LEXIS 15944 (2008), wherein at fn. 6, this Court reminded Counsel that it would be procedurally improper for a party to raise new arguments to the trial judge in a Reply, which it failed to raise in the Motion.

4. On February 29, 2008, Capitol Sprinkler timely filed its [64] Memorandum of Points and Authorities in Opposition to Guest Services' Motion for Summary Judgment. On March 7, 2008, Guest Services filed its [68] Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment ('the Reply'). Exhibit 1 to Guest Services' Reply is the affidavit of Stephen Logue. The prominence of the Logue affidavit cannot be overstated. The affidavit and the statements contained therein, are discussed in 7 of the 15 pages constituting the Reply. No other piece of evidence is given as much attention, or reliance as this affidavit.

Given such prominence, one would normally expect either Mr. Logue or the substance of his affidavit to be mentioned in a fair opening Memorandum in Support. However, Guest Services' [53] Memorandum in Support is silent as to both.

5. Mr. Logue's testimony was not mentioned until Guest Services filed its Reply on March 7, in conjunction with its late-filed [71] Memorandum in Opposition to Capitol Sprinkler's Motion for Summary Judgment.[1] The fact that the same affidavit appears for the first time in the contemporaneous late-filed [71] Opposition, suggests that the timing of the affidavit's disclosure was by design. Obviously, had Guest Services fairly raised the testimony of Mr. Logue in its Memorandum in Support, or in a timely-filed Opposition to Capitol Sprinkler's motion that was due on February 22, Capitol Sprinkler could have addressed Mr. Logue's testimony in the [58] Reply that Capitol Sprinkler filed on February 29. Whereas Guest Services now raises factual arguments through Mr. Logue's affidavit, and whereas it included the same affidavit in the [71] Opposition that it filed subsequent to Capitol Sprinkler's Reply, Guest Services has effectively denied Capitol Sprinkler all opportunity to address Mr. Logue's testimony.

6. Through this affidavit, Mr. Logue testifies about the access that Guest Services provided to Capitol Sprinkler's inspectors on January 9, 2003, i.e., the only day on which Capitol Sprinkler's employees are alleged to have been negligent. Based only upon this affidavit, Guest Services argues that Guest Services' employees "had a set of keys, including an electronic type key card that was a 'full master'", and that as a result, any Guest Services employee who escorted the Capitol Sprinkler inspectors on January 9, 2003, would not have needed a special key to enter any guest room or suite. Reply, [68] at 2. Concerning the access it supposedly gave

---

[1] Pursuant to the Court's January 28, 2008 Scheduling Order [56], Guest Services' Opposition to Capitol Sprinkler's Motion for Summary Judgment was due by February 22, 2008. However, Guest Services did not file its Opposition until March 7, 2008, i.e., well after Capitol Sprinkler had timely filed its Reply.

{DE105109.1}   3

to Capitol Sprinkler's inspectors, Guest Services relies upon Mr. Logue's affidavit to argue that "even if the engineer was unable to use the master key to get into any guest room or suite, a special key could be obtained by simply making a radio call to the front desk". Reply [68] at 2.

7.  Guest Services' reliance upon the testimony of Mr. Logue is inconsistent with its position during discovery that it had no witness to speak to the issue described in Capitol Sprinkler's [22] Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6).

8.  On October 9, 2006, Capitol Sprinkler filed its Notice of Oral Deposition for Guest Services' 30(b)(6) witness regarding the access provided by Guest Services to Capitol Sprinkler inspectors at the Gallaudet University Conference Center on January 9, 2003. (*see* Ex. 1). The subject of the requested testimony was clearly articulated in the Notice: "concerning access to the Conference Center provided to Defendant by Third-Party Defendant on January 9, 2003."

9.  Guest Services produced no 30(b)(6) witness on this subject throughout the discovery period. Moreover, it has produced no witness for deposition.

10. During discovery, Capitol Sprinkler noticed the depositions of Terence Hubbard and David Hamm (Ex. 1) However, the deposition of Terrence Hubbard was made impossible due to his death. Capitol Sprinkler was misled by Guest Services' Rule 26(a) disclosures [21], filed on June 6, 2006, which misrepresented that Terrence Hubbard was an employee of Guest Services at the time (*See* Ex. 2). It now appears that Mr. Hubbard died in September, 2005, *nine months before* Guest Services' Rule 26(a) disclosures that Mr. Hubbard was employed there. Obituary, (*See* Ex. 3). Compare the difference between Guest Services' identification of Hubbard as an employee at the time and its identification of Nick Demeglio as "past employee." [21] (*see* Ex. 2). Guest Services' disclosures [21] also misrepresent that Stephen Logue was the

managing director of Guest Services as of June 6, 2006, and mis-stated Mr. Logue's address as being on the Gallaudet University campus (*see* Ex. 2).  However, the subsequent deposition of Gary Aller indicated that Guest Services' contract with Gallaudet was terminated in August, 2003 (See Deposition Transcript, Ex. 4, p. 42).  Therefore, Guest Services' disclosures pertaining to Mr. Logue inaccurately suggests that Mr. Logue was an employee on the subject campus at that time.  Guest Services now discloses that Mr. Logue is not a Guest Services employee (*see* Ex. 5).  Yet, Guest Services during the discovery period, made no effort to amend or modify its disclosures to indicate that Capitol Sprinkler's counsel was free to contact him off the record, since he was no longer a Guest Services employee.

11.   In its Reply, Guest Services argues for the first time that the escort who accompanied the Capitol Sprinkler inspectors on January 9, 2003, was not a Guest Services employee.  Relying on Mr. Logue's affidavit, Guest Services argues that because Guest Services' engineers would have had an electronic master key, the fact that the escort could not provide access to the subject room indicates that the escort was not a Guest Services employee. Reply, [68] at 2, 9, 10.  Guest Services did not raise this argument until its Reply, even though it was appropriate to do so in its Memorandum in Support, where it argued that statements made by the escort could not alter the terms of the contract, thereby presumptively addressing Capitol Sprinkler's argument that its inspectors were not given access to the subject suite room, but were told by the escort that he would later drain the drum drip himself. Memorandum in Support [59], at 14-15.  That was the appropriate time to raise the argument that the escort was not a Guest Services employee.  However, Guest Services did not do so, but instead waited to make the argument in its Reply, and support it with a newly created affidavit.

12. Furthermore, Guest Services attached 11 pages of Michael Bowlin's deposition testimony transcript as Exhibit 6 to its Memorandum in Support. [59]. There, Mr. Bowlin testified that the escort assigned to him gave him access to all of the areas needed, save one, and that this escort did not have access to the subject guest room. [59] at Exhibit 6: 2, 8, 9. At no point in its opening Memorandum in Support did Guest Services argue that this escort was not in fact a Guest Services employee, or that all of Guest Services' employees would have had a master key. Instead, Guest Services argued simply that Capitol Sprinkler had no evidence that the escort was a Guest Services employee. [59] at 15. Merely arguing an alleged absence of evidence is very different than affirmatively arguing that the escort was not a Guest Services employee, which Guest Services does for the first time in its Reply. By waiting until its Reply to make this argument, Guest Services has engaged in the improper "sandbagging" that is prohibited by this court.

13. At the Court's January 31, 2007, status hearing, Counsel for Guest Services told the Court that he had no idea of Mr. Hamm's location, but that if located, he would disclose the address and agree to a phone interview (*see* Transcript of Status Hearing; Exhibit. 6, at 9-10). At no point did Guest Services suggest the possibility that Mr. Logue had any degree of knowledge on the subject described in the Rule 30(b)(6) Notice of Deposition. However, Guest Services would now use Mr. Logue's affidavit describing that very subject, access provided by Guest Services to Capitol Sprinkler, to support its Reply.

14. Finally, Guest Services argues for the first time in its Reply that its employees were not authorized to drain the drum drips. However, in its Memorandum in Support, Guest Services noted that Capitol Sprinkler contended that the person escorting them on the 1/9/03 inspection "told the inspectors that he would go back and drain the drum drip at a later time".

{DE105109.1}                                6

[59] at 15. A fair Memorandum in Support would have been the appropriate place to argue that such an act would be beyond the authority of a Guest Services employee. Instead, Guest Services waited to spring this argument in conjunction with Mr. Logue's affidavit. Relying on the affidavit, Guest Services argues in its Reply, that no Guest Services employee had the authority to drain the drum drips, or to modify any contracts in any way. [59] at 2, 7. In its Memorandum in Support, Guest Services argued only the absence of any evidence that draining the drum drip was within the scope of employment of the escort. [59] at 7. Merely pointing out an alleged lack of evidence is quite distinct from affirmatively arguing that the escort had no authority to do so, which Guest Services now does in its Reply.

15. This Court has clearly delineated the purpose of a deposition pursuant to Fed. R. Civ. P. 30(b)(6): " to inform defendant of facts upon which [the party] relies" in supporting its claim. *Founding Church of Scientology, Inc. v. Director, Federal Bureau of Investigation*, 1979 U.S. Dist. LEXIS 12757 (1979). By failing to produce Mr. Logue as a 30(b)(6) witness on the 'access' issue during the discovery period when requested by Capitol Sprinkler, and by providing an affidavit for the first time in its simultaneous filings, (i.e., its late-filed [67] Memorandum in Opposition and in its disputed [68] Reply to Capitol Sprinkler's Opposition), Guest Services has subverted the purpose of a Rule 30(b)(6) deposition, and ignored this Court's admonition against 'sandbagging' in the briefing process. Guest Services' failure to produce Mr. Logue for deposition on this subject area during the discovery period, a subject in which he now purports to have some knowledge, has effectively denied Capitol Sprinkler any opportunity to speak to the disputed contention raised in the Logue affidavit. This tact is particularly egregious in an action where, as here, the offending party produced no witness for deposition throughout the discovery period. As such, Guest Services' Reply should be stricken.

16. In the alternative, should this Court countenance Guest Services' briefing, despite the fact that no Motion for Summary Judgment is currently pending before the Court, by denying this Motion to Strike, then the Court should provide alternative relief to movant. As alternative relief, Capitol Sprinkler requests leave to file a sur-reply in order to respond to the new legal and factual agreements raised in the Reply, a reasonable opportunity to depose Mr. Logue on the issues previously Noticed in Capitol Sprinkler's Rule 30(b)(6) Notice, and counsel fees.

17. Without a sur-reply and deposition of Mr. Logue, Capitol Sprinkler will be unfairly prejudiced in that it will be denied opportunity to respond to the new factual and legal arguments raised by Guest Services for the first time in its Reply.

WHEREFORE, Defendant Capitol Sprinkler Inspection, Inc. requests this Court to grant its Motion to Strike Third-Party Defendant Guest Services' [68] Reply, and in the alternative, to grant it alternative relief in the form of opportunities to depose Mr. Logue and to file a sur-reply, as well as an award of counsel fees.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

/s/ Donald R. Kinsley
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE  19801
*Attorneys for Defendant*
*Capitol Sprinkler Inspection, Inc.*

DATE: March 28, 2008