# Ex. 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,: <br> as Subrogee of Gallaudet University | CASE NUMBER: 1: 05-CV-02115 |
| Plaintiff | |
| vs. | |
| CAPITOL SPRINKLER INSPECTION, INC | |
| Defendant | |
| vs. | |
| GUEST SERVICES, INC. | |
| Third-Party Defendant | |

## NOTICE OF ORAL DEPOSITION

TO:    Stephen Horvath, Esquire
Trichilo, Bancroft, McGavin , Horvath & Judkins, P.C.
3920 University Drive, P.O. Box 22
Fairfax, VA  22030

David J. Groth, Esquire (phv)
Daniel J. Luccaro, Esquire (phv)
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000 (p)
(215) 701-2368 (f)


PLEASE TAKE NOTICE that plaintiff will take the depositions of the following individuals at the offices of Mesirow & Stravitz, 2000 Massachusetts Avenue, Suite 200, Washington, DC upon oral examination pursuant to the Federal Rules of Civil Procedure, before a Notary Public, or before some other officer authorized by law to administer oaths.

{DE067099.1}

**Monday, October 16, 2006**

| Deponent | Time |
|---|---|
| Terrance Hubbard | 10:00 a.m. |
| Plaintiff's 30(b)(6) witness concerning access to the Conference Center provided by Gallaudet University on January 9, 2003. | 11:00 a.m. |
| David Hamm | 1:00 p.m. |
| Third Party Defendant's 30(b)(6) witness concerning access to the Conference Center provided to Defendant by Third Party Defendant on January 9, 2003. | 3:00 p.m. |

You are asked to notify the deponents to be present at the time and place aforesaid and you are privileged to attend and participate in the examination. Said depositions will continue from day to day until completed.

Michael T. Hamilton, Esquire
Norman H. Brooks, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, #800
Wilmington, DE 19805
(302) 658-6538

{DE067099.1}

# Ex. 2

IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University

   Plaintiff,

  v.           Civil Action No. 1:5cv-2115-CKK
                Judge Colleen Killar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.

   Defendant,

  v.

GUEST SERVICES, INC.

   Third-Party Defendant.
_____/

**THIRD PARTY DEFENDANT, GUEST SERVICES, INC.'S RULE 26(A)
DISCLOSURES**

   COMES NOW, the third party defendant, Guest Services, Inc., by counsel, and hereby

discloses the following information:

**A. Individuals That Have Discoverable Information**

   1). **Stephen E Logue**: Mr. Logue will have factual information in regards to the incident.
     Managing Director
     Guest Services
     Gallaudet University
     Kellogg Conference Center
     800 Florida Ave., N.E.
     Washington, DC 20002

   2). **David Ham**: Mr. Ham is a current employee and has information relevant to the loss.
     Gallaudet University
     Kellogg Conference Center

1

800 Florida Ave., N.E.
Washington, DC 20002

3). **Terry Hubbard**    Employee of Guest Services, Inc.
Gallaudet University
Kellogg Conference Center
800 Florida Ave., N.E.
Washington, DC 20002

4). **Gary B. Aller**
Director of Business Operations
Gallaudet University
800 Florida Ave., N.E.
Washington, DC 20002

5). **Nick Dimeglio**    Past employee of Guest Services, Inc.

**Documents**

1). Management agreement between Guest Services and Gallaudet University.

2). Capital Sprinkler Inspection, Inc. Fire Pump Test Procedure

3). Contract between Capital Sprinkler Inspection, Inc. and Guest Services for annual trip test (2002).

4). Contract between Capital Sprinkler Inspection, Inc. and Guest Services for annual Fire Pump Test (2002).

5). Gallaudet University Incident Report.

6). Capital Sprinkler Inspection, Inc. report dated 7/2/02.

7).Capital Sprinkler Inspection, Inc. report dated 1/9/03

8). Dry Valves Location Checklist.

9). Capital Sprinkler Contracting, Inc. Invoice.

2

**Insurance Policy**

Insured:        Guest Services, Inc.

Insurer:        The Hartford

Policy Number:        42 UEN MF4671

Policy Period:        11/01/2002- 11/01/2003

Respectfully submitted,

**GUEST SERVICES, INC.**

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

3

# Ex. 3

Deaths - Courier-Gazette Digital Edition Newark NY 14513

# Death Notices
## July – September 2005

### October 4, 2005

**Overacre, Thelma -** Thelma Overacre, 76, of Ladue Avenue, Clifton Springs died September 28, 2005 at Strong Memorial Hospital in Rochester. Her loving family was by her side. Thelma was born June 22, 1929 in Canandaigua and was the daughter of the late William and Florence Potter. She had lived in the area all her life and retired from Mobil Chemical in Bushnell's Basin. Thelma was a former member of the Order of Eastern Star. She loved history, especially about World War II. She was a family woman, devoting her time raising her family with love. She was happiest spending time with her children, grandchildren and great-grandson. Thelma will be sadly missed by all her loving family and friends. Arrangement entrusted to R. A. Patrick Funeral Home, 26 W. Main St. Clifton Springs. Funeral services are this morning at the funeral home. Burial will be at the convenience of the family in Pioneer Cemetery. Friends may contribute to Clifton Springs Fire Department. She is survived by her children, Bradley G. Overacre of Lyons and Michelle (Donald) Overacre-Post, Deborah Taylor and Suzanne Giordano, all of Clifton Springs; grandchildren, a great-grandson; sister, Florence Miles of Shortsville; several nieces and nephews. She was predeceased by her husband, Earl Overacre; brothers, George and Kenneth Potter; and sister, Virginia Wiley.

**Hubbard, Terrance E. -** Terrance E. "Terry" Hubbard, 51, of Sodus/Washington, D.C., died suddenly on September 10, 2005. Terry served 12 years in the U.S. Navy. He is predeceased by his grandmother and grandmother, Fred and Marge Hubbard, and grandfather, Ralph Rawden. Terry is survived by his parents, Beverly and Edwin Hubbard; sister, Debra Cudney and Penny (Steve) Billington; brother, Barry (Laurie) Hubbard; grandmother, Edith Rawden; aunts, uncles, niece, and nephews. Arrangements by Norton Funeral Home. Funeral Services will be held at the convenience of the family.

top of page

# Ex. 4

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

2

-------------------------------:

3  ST. PAUL MERCURY                :

INSURANCE COMPANY, as           :       ORIGINAL

4  Subrogee of Gallaudet ,        :

University,                     :

5                                  :

Plaintiff,              :

6                                  :

v.                  :       Case No.:

7                                  :       1:05-cv-20115

CAPITAL SPRINKLER                :

8  INSPECTION, INC.,               :

:

9      Defendant               :

:

10          v.                     :

:

11  GUEST SERVICES, INC.,          :

:

12      Third-Party Defendant.     :

-------------------------------:

13

Washington, D.C.

14                              October 26th, 2006

15  Deposition of:

16              GARY ALLER,

17          Called for oral examination by counsel for

18  Defendant, pursuant to notice, at the Gallaudet

19  University, 800 Florida Avenue, College Hall, Suite

20  318, Washington, D.C., beginning at 10:00 a.m,

21  before Teague Gibson of Esquire Legal Services,

22  Inc., a Notary Public.

1  cancellation of the contract whatsoever.

2      Q     Is it fair to say that the prime basis

3  for canceling the contract was the profit and loss

4  line during the preceding years?

5      A     Yes.

6      Q     To whom was the next contract awarded?

7      A     Flik International, F-L-I-K.

8      Q     That contract began in August or

9  September of '03?

10      A     August of '03.

11      Q     When does that contract end?

12      A     August of '08.

13      Q     The monthly reports that Guest Services

14  generated from the point that you arrived in July

15  of '02 through August of '03 were they kept in the

16  normal course of business?

17      A     Yes.

18      Q     And here we are three years later you

19  would still have a copy of those reports or

20  someone would still have a copy of those reports?

21      A     I believe so.

22      Q     Where would those be kept?

# Ex. 5

## Brooks Jr., Norman H.

**From:** Stephen Horvath [SHorvath@tbmhjlaw.com]
**Sent:** Thursday, March 20, 2008 11:21 AM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team; Hamilton, Michael
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,

In your email and in the pleadings you reference a Rule 30(b)(6) notice to depose my client. You will recall that when you sent the notice in October of 2007, you failed to contact me prior to setting the deposition and then attempted to set the deposition on a date that was not available. We discussed the matter on October 12,2007 and agreed that the depositions would not go forward. I confirmed this in a letter dated October 12. During our conversation you requested that I provide you with the last known addresses for Hubbard and Hamm. Pursuant to our agreement, I provided this information. According to my file you never made any timely follow up request for the deposition of a designee of the corporation, and assumed until your recent pleadings that you did not want a deposition of the corporation. If you had wanted a deposition, I would have made a representative available

Mr Logue is no longer an employee of my client and would not have been the Rule 30(b)(6) designee. I do not have the power to produce him as a witness, let alone a 30(b)(6) witness. Further, I believe that you do not understand how the notice to depose a corporation works. You do not get to select the witness. The corporation designates the individual or individuals who will act as the designee. Since Logue is no longer an employee, I am surprised that you have not tried to interview him.

Concerning the request to file an opposition to the reply, I do not believe that any new issues have been raised, but I also do not object to you designating your reply to my opposition to be considered by the court as an opposition to the reply. I am willing to work with you on this issue and consider your filing a narrow response to the reply. I look forward to hearing from you.

Steve Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Wednesday, March 19, 2008 12:14 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Hamilton, Michael
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Re: Motion to Strike Guest Services' Reply [68]

Mr. Horvath:

1. I anticipate filing a motion to strike Guest Services' Reply [68], which was filed on March 7. The basis for this motion is your 'sandbagging', as Judge Kollar-Kotelly used the term in *Sangar v. Geren*.

2. Specifically, Guest Service has raised in this reply, new factual and legal arguments that were not raised in its Opening memorandum [59]. In the Reply, Guest Services relies *inter alia*, upon the affidavit of Mr. Logue for propositions cited on 7 of its 15 pages.

3.   Despite the prominence given to Mr. Logue it in its Reply, Guest
Services' Opening memorandum is completely devoid of any reference to him. Moreover,
during the discovery phase, counsel for Capitol Sprinkler  Noticed the deposition of Guest
Services' 30(b)(6) person most knowledgeable about the access it gave to Capitol Sprinkler on
the relevant day, and Guest Services was unable to produce anyone with any knowledge of
this subject matter. Now, it appears that this gentleman is able to speak to the subject.

4.   Assuming *arguendo* that you do not agree to voluntarily withdraw the Reply [68], please let
me know whether we can avoid troubling the court with this motion by means of an agreement
that permits the reply to stand, but also allows Capitol Sprinkler an opportunity to file a
memorandum addressing the new material.  In order to do that, we would need you to quickly
produce Mr. Logue for a discovery deposition on the subject matter identified in the Rule 30(b)
(6) Notice that we filed in October, 2006.  Please let me know if you have any interest in an
agreement along these lines.  If so, I will follow up with my principal for authority. Thank you for
your attention to this.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

# Ex. 6

COPY

FEB 19 2008

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury                    Docket No. CA 05-2115 CKK
   Insurance Company

       Plaintiff

                  Washington, D.C.
      vs.             Wednesday, January 31, 2007
                  9:04 a.m.
Capitol Sprinkler Inspection,
   Inc.

       Defendant


Capitol Sprinkler Inspection,
   Inc.

       Third-Party Plaintiff

     vs.

Guest Services, Inc.

       Third-Party Defendant




       Transcript of Status Hearing
   Before the Honorable Colleen Kollar-Kotelly
     United States District Judge jury




APPEARANCES:

For the Plaintiff:        Eric Stravitz, Esq.
                          David Groth, Esq.

For the Defendant:        Norman Brooks, Jr., Esq.
                          Stephen Horvath, Esq.

4

1  have a couple of issues that would probably merit some

2  discussion concerning completing discovery which would probably

3  take another 30 days.

4          THE COURT:  Discovery is not done?

5          MR. BROOKS:  No, it's not, Your Honor.

6          THE COURT:  How come?  I mean this thing got pushed

7  off.  You got extra time.  Why isn't it done?

8          MR. BROOKS:  That is correct, Your Honor.  We have

9  had two depositions that we wanted to take on the part of the

10  third-party defendant.  We understand that one witness who is a

11  very critical witness, we think he is deceased.  We are trying

12  to get a copy of the certified death certificate.  But our

13  unofficial research on the Internet suggests he is deceased.

14          The second is a former employee, Mr. Ham.  He is an

15  employee of the third-party defendant.  If the third-party

16  defendant is going to call him as a witness, then we would like

17  to depose him.  The plaintiff noticed his deposition early on

18  in the case and then we noticed the deposition towards the end

19  of the case, and neither one went forward.

20          We understand he is a former employee, and that issue

21  needs to be resolved.  I understand that counsel for third-

22  party defendant early in the case was in contact with this

23  gentleman but is no longer in contact with him.  So we need to

24  have a decision about whether or not this fellow is going to

25  testify at trial or not.

9

1    it?  I thought that's what defense counsel said.

2         MR. GROTH:  I noticed his deposition very early on in

3    the case.  I don't have a claim against the third-party

4    defendant.  Plaintiff doesn't have a claim against the third-

5    party defendant.  I noticed his deposition because his name was

6    disclosed by Guest Services, the third-party defendant.

7         I decided shortly thereafter that I did not need his

8    deposition.  I never sought his deposition again.  The

9    information I had was that he was last known to be living in

10   California or something like that; and since I didn't have a

11   claim against Guest Services, I had no intention of taking a

12   deposition.

13        So I initially noticed the depositions of two Guest

14   Services employees neither one of whom plaintiff decided it

15   needed and no attempt was made to get those at any time during

16   the discovery process.

17        So in terms of the status of the discovery, I believe

18   the plaintiff and the third-party defendant are quite content

19   with the status of discovery right now that it's completed.  We

20   completed everything we needed to do and it is the defendant

21   who is seeking to f, or no good reason, to reopen discovery

22   because the defendant did not do what it was supposed to do

23   under the extended discovery deadline entered by the court on

24   October 24, 2006.

25        THE COURT:  Let me hear from the third-party about at

10

1   least, Mr. Ham.

2           MR. HORVATH:  Thank you, Your Honor.  Steve Horvath

3   for Guest Services.  Dealing with issue of Mr. Ham, he was

4   identified early on.

5           THE COURT:  Can you spell his name?

6           MR. HORVATH:  Ham like in the pork.

7           THE COURT:  The meat, okay.

8           MR. HORVATH:  He was identified early on.  My office

9   did have a contact with him early on, and since his move, we've

10  lost contact.  We have no idea where he is.  If we locate him,

11  of course, we will disclose his new address.  But at this time

12  I do not have an address for him.  So I do not know of his

13  whereabouts.

14          An effort was made to take his deposition during the

15  last week of discovery by serving a notice on me.  I advised

16  counsel for the defendant that I don't have access to him.  I

17  don't have control over him.  He's not our employee anymore.

18  So, therefore, I cannot produce him.

19          He agreed.  He tried to serve a subpoena.  He was not

20  able to serve him with a subpoena and, therefore, the

21  deposition was canceled.

22          THE COURT:  So at this point nobody knows his

23  location, is that correct?

24          MR. HORVATH:  That is correct.  Frankly I thought we

25  had a location at one time in the file and I didn't follow up