IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

St. Paul Mercury Insurance Company
As Subrogee of Gallaudet University,

      Plaintiff,

v.                                                  Civil Action No. 1:5cv-2115-CKK
                                               Judge Colleen Kollar-Kotelly

CAPITOL SPRINKLER INSPECTION, P.C.,

      Defendant/Third-Party Plaintiff,

v.

GUEST SERVICES, INC.,

      Third-Party Defendant.
_____/

**THIRD-PARTY DEFENDANT GUEST SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S MOTION TO STRIKE THIRD-PARTY DEFENDANT GUEST SERVICES, INC.'S REPLY TO CAPITOL SPRINKLER'S OPPOSITION TO GUEST SERVICES' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Third Party Defendant, Guest Services, Inc., by counsel, and in and for its Opposition to Defendant Capitol Sprinkler Inspection, Inc.'s Motion to Strike Third-Party Defendant Guest Services, Inc.'s Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment and in support thereof states as follows:

I.    **Capitol Sprinkler's Motion to Strike Should Be Denied Because the Use of the Stephen Logue Affidavit Does Not Constitute "Sand Bagging"**

In its Motion to Strike Third-Party Defendant Guest Services, Inc.'s Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment

1

("Motion to Strike"), Defendant, Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler"), incorrectly asserts "at *no point* did Guest Services suggest the *possibility* that Mr. Logue had *any degree of knowledge* on the subject described in the Rule 30(b)(6) Notice of Deposition." (*Emphasis added*). See Capitol Sprinkler's Motion to Strike ¶ 13.

Capitol Sprinkler's statement is inaccurate. On June 6, 2006, Guest Services filed its Rule 26(A) Disclosures, in which Stephen E. Logue was the first person identified as an individual with discoverable information. Specifically, Guest Services provided, "Mr. Logue will have factual information in regards to the incident." See Exhibit 1, Rule 26(A) Disclosures.[1] Capitol Sprinkler has never made any attempt to depose Stephen Logue. Capitol Sprinkler's failure to depose Stephen Logue, who is no longer a Guest Services employee, is not grounds for now claiming it was "sand bagged" by the information provided in his Affidavit.

Furthermore, the Logue Affidavit merely provides additional factual support to those arguments already raised. Specifically, Guest Services has consistently maintained that any alleged escort was an unidentified individual, and there is no evidence that he was a Guest Services employee or agent; that Terrance Hubbard was not the gentleman who escorted Capitol Sprinkler employees throughout the Kellogg Conference Center; that a Guest Services employee or agent did not agree to drain the final drum drip; that a Guest Services employee or agent would not have agreed nor

---

[1] Based on the inaccuracy of the assertions made in Capitol Sprinkler's Motion to Strike, counsel for Guest Services has sent a letter, dated April 1, 2008, to counsel for Capitol Sprinkler in order to give Capitol Sprinkler the opportunity to withdraw its Memorandum. See Exhibit 2, April 1, 2008 Letter. That offer was rejected by Mr. Brooks by letter dated April 3, 2008.

2

would he have had authority to drain the subject drum drip; and that the unidentified escort would not have had the authority to orally modify the contract. See Guest Services Reply to Defendant Capitol Sprinkler Inspection, Inc.'s Opposition to Plaintiff's Motion for Partial Summary Judgment filed on January 24, 2008. In the case cited by Capitol Sprinkler, the Court provides that it is procedurally improper to "sand bag" opposing counsel by raising new *arguments* in a Reply. See Sangar v. Geren, 2008 U.S. Dist. LEXIS 15994, n. 6 (2008). No new arguments have been presented in Guest Services' Reply. Capitol Sprinkler was not unfairly prejudiced or "sand bagged" by the presentation of factual support to previously made arguments. therefore Capitol Sprinkler is incorrect in its assertion that the Logue Affidavit constitutes "sand bagging." Furthermore, even if this Court found that new arguments were raised by virtue of the Logue Affidavit in Guest Services' Reply, the Court may exercise its discretion to consider any additional arguments. Id.

Capitol Sprinkler's assertion that Guest Services subverted the purpose of Rule 30(b)(6) by failing to provide Stephen Logue is also without merit. On October 9, 2006, counsel for Capitol Sprinkler noticed Guest Services' deposition. Specifically, Capitol Sprinkler noticed the deposition of "Third-Party Defendant's 30(b)(6) witness concerning access to the Conference Center provided to Defendant by Third Party Defendant on January 9, 2003." See Exhibit 3, Notice of Oral Deposition. Before doing so, however, counsel for Capitol Sprinkler failed to contact counsel for Guest Services for available dates. Guest Service's counsel was not available on the dates noticed, therefore counsel for both parties agreed that depositions would not go forward. That agreement was confirmed by letter dated October 12, 2006. See Exhibit 4, Letter of October 12,

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

2006; See Also Exhibit 5, March 27, 2008 E-Mail from David Groth. During the course of those conversations, counsel for Capitol Sprinkler also requested the last known addresses for Mr. Hubbard and Mr. Hamm. Counsel for Guest Services provided that information. Capitol Sprinkler never made any follow-up attempts to depose a designee of the corporation after it was mutually agreed that the notice would be withdrawn. Capitol Sprinkler has never asked to depose or talk to Stephen Logue, and never inquired into what "factual information" was possessed by Stephen Logue.

At Capitol Sprinker's request, a representative would have been made available on a date agreeable to all parties. Capitol Sprinkler now asserts that the 30(b)(6) notice was to be narrowly interpreted and that the disclosure of Stephen Logue as an individual with factual information in regards to the incident in Guest Services' June 6, 2006 Rule 26(A) Disclosures was insufficiently broad. If that is the case, however, Capitol Sprinkler's statement in its Motion to Strike that "at no point did Guest Services suggest the possibility that Mr. Logue had any degree of knowledge..." is a misrepresentation, otherwise Capitol Sprinkler's statement as to the scope of the notice is incorrect. In either event, Capitol Sprinkler's assertion is without merit.

Moreover, with regard to Stephen Logue specifically, he is not an employee of Guest Services. There was no way that counsel for Guest Services could have produced Stephen Logue for deposition, but his address and telephone number were provided in an e-mail to counsel for Capitol Sprinkler. See Exhibit 6, March 19-24, 2008 E-Mail Correspondence.

Based on the foregoing, Capitol Sprinkler's claim that the Stephen Logue Affidavit constitutes "sand bagging" is clearly just a meritless attempt to hide the truth in

4

this matter. Accordingly, this Court should deny Capitol Sprinkler's Motion to Strike Third-Party Defendant Guest Services, Inc.'s Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment.

## II. The Affidavit of Stephen Logue Was Necessary In Order to Respond to New Information In Capitol Sprinkler's Affidavit of Vernon Vane

During his deposition, Capitol Sprinkler employee Michael Bowlin testified that an unknown individual verbally agreed to drain the drum drip above conference room 5200. *See* Exhibit 7, Bowlin Deposition, p. 40, lines 13-22; p. 41, lines 1-9; p. 50; lines 10-20; 10-21. Mr. Bowlin's deposition testimony also indicated that Mr. Bowlin never asked the escort to get the key card in order to access the room. *See* Exhibit 7, Bowlin Deposition, p. 54, lines 18-21. Capitol Sprinkler employee Vernon Vane, also testified during his deposition that the identity of alleged escort was unknown. *See* Exhibit 8, Vane Deposition, p. 40, lines 14-22; p. 41, lines 1-3. Based, in part, on the information obtained from those depositions, Guest Services filed its Motion for Summary Judgment on January 24, 2008.[2] Contrary to Vane's deposition testimony, Vernon Vane later implicated Terrance Hubbard as the individual who escorted Capitol Sprinkler employees throughout the Kellogg Conference Center in Affidavit dated February 7, 2008. That Affidavit was used in support of Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment. *See* Exhibit 9, Vane Affidavit.

In order to respond to this affidavit, which was produced for the first time in Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment, Guest

---

[2] Due to procedural errors in the Memorandum of Points and Authorities in Support of Guest Services' Motion for Summary Judgment, the Memorandum was re-filed on February 12, 2008.

Services obtained an Affidavit from Stephen Logue. The statements in Stephen Logue's Affidavit were not "sand-bagging," but an effort to respond to Affidavits that were inconsistent with statements made by Capitol Sprinkler employees during depositions. For these reasons, Capitol Sprinkler's Motion to Strike should be denied.

### III. Capitol Sprinkler's Motion to Strike Should Be Denied Because Capitol Sprinkler Failed to Make a Good Faith Effort to Confer with Opposing Counsel in Order to Resolve the Issue

Capitol Sprinkler's motion to strike should also be denied because Capitol Sprinkler has failed to make a "good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement," as is required by the Rules of the United States District Court for the District of Columbia, LcvR 7(m).

In an e-mail dated March 19, 2008, counsel for Capitol Sprinkler informed Guest Services that it anticipated filing a motion to strike Guest Services' Reply. Counsel also indicated that it would be possible to "avoid troubling the court with this motion [to strike] by means of an agreement that permits the reply to stand, but also allows Capitol Sprinkler an opportunity to file a memorandum addressing the new material." See Exhibit 6, March 19-20, 2008 E-Mail Correspondence.

In response to that e-mail, on March 20, 2008, counsel for Guest Services replied, "concerning your request to file an opposition to the reply, I do not believe that any new issues have been raised, but I also do not object to you designating your reply to my opposition to be considered by the court as an opposition to the reply. **I am willing to work with you on this issue** and consider your filing a narrow response to

the reply. I look forward to hearing from you." (*emphasis added*). See Exhibit 6, March 19-24, 2008 E-Mail Correspondence.

On March 24, 2008, counsel for Capitol Sprinkler responded, "your position now requires Capitol Sprinkler to proceed via the motion...I am willing to continue to work to resolve this issue without requiring the Court to decide yet another motion. Toward that end, I ask you to immediately provide me all current contact information you have for Mr. Logue..." On that very same day, counsel for Guest Services replied, "Did I miss something in our exchange? I was trying to work with you on the issue of the request to file a response to the reply, and I am still willing to work with you on this. You should not interpret my prior email as a blanket objection, but rather as an effort to resolve the dispute. If you would like to respond to the merits of my proposal, please let me know. I stand ready to discuss the issues, and come to a reasonable resolution of the issues. I suggest that if you are interested in trying to resolve the issue, please give me a call." Contact information for Stephen Logue was also provided in that e-mail. See Exhibit 6, March 19-24, 2008 E-Mail Correspondence.

Prior to filing its Motion to Strike, Capitol Sprinkler never responded to or contacted counsel for Guest Services in order to make a good faith effort to resolve this issue. Instead of conferring with Guest Services, Capitol Sprinkler merely notified Guest Services of its intent to file a motion to strike, disregarded Guest Services responses to that communication, and filed the Motion to Strike. On that basis, as well as those previously mentioned, Capitol Sprinkler's Motion to Strike should be denied.

### IV.  CONCLUSION

Based on the foregoing, Third-Party Defendant, Guest Services, Inc. respectfully

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

requests that this Honorable Court deny Capitol Sprinkler's Motion to Strike Guest Services, Inc.'s Reply to Capitol Sprinkler's Opposition to Guest Services' Motion for Summary Judgment.

                                    Respectfully submitted,

                                    **GUEST SERVICES, INC.**
                                    By Counsel

Trichilo, Bancroft, McGavin, Horvath & Judkins, PC

/s/
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000; Fax: (703) 385-1555
*Counsel for Guest Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION DEFENDANT CAPITOL SPRINKLER INSPECTION, INC.'S MOTION TO STRIKE** was served electronically on the 4th day of April, 2008 to:

Eric Neil Stravitz, Esquire
Mesirow & Stravitz, P.L.L.C.
1307 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036
*Counsel for Plaintiff*
E-mail: strav@erols.com

Of Counsel:

David J. Groth, Esquire
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiff*

Michelle Murphy, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Defendant Capitol Sprinkler, Inc.*
E-mail: nbrooks@mooclaw.com

Wayne F. Johnson, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801
*Counsel for Capitol Sprinkler, Inc.*
E-mail: fjohnson@mooclaw.com

/s/ _____
Stephen A. Horvath

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555