## Stephen Horvath

| | |
|---|---|
| **From:** | Groth, David [DGroth@cozen.com] |
| **Sent:** | Thursday, March 27, 2008 9:49 AM |
| **To:** | Brooks Jr., Norman H. |
| **Cc:** | Stephen Horvath; Eric Stravitz |
| **Subject:** | RE: St. Paul a/s/o Gallaudet University v. Captiol Sprinkler v. Guest Services |

Mr. Brooks: Formally, my position is that my client is not involved in the cross-motions for summary judgment between Capitol and Guest Services on Capitol's third party claim, and therefore has no position.

Informally, my position, by recollection, is that when Capitol issued its Rule 30(b)(6) notice to Guest Services, it was done on short notice and cancelled because of counsel's unavailability. Thereafter, your efforts were directed to locating and deposing Messrs. Ham and/or Hubbard. I do not recall that you ever reissued your Rule 30(b)(6) notice for a Guest Services designee at anytime before the discovery deadline, nor did you request an extension of the discovery deadline to take the deposition, nor did you ever verbally raise the issue with me.

I cannot speak to what you may have discussed with Mr. Horvath, alone, on this issue. Again, my recollection is that the issue of your taking the deposition of a Rule 30(b)(6) witness of Guest Services dropped off the table completely after your first attempt to do so. Even at the status conference on January 31, 2007, you did not ask Judge Kollar-Kotelly for additional time to take a Rule 30(b)(6) deposition of a Guest Services witness, you only asked the court for additional time to try to locate and depose Mr. Ham and Mr. Hubbard, the specific Guest Services employee which Capitol has consistently, until recently, identified as the actual, and therefore the "most knowledgeable," person who gave Capitol's employees access to the to the sprinkler system. Had you followed-up on this issue before the discovery deadline, you may have obtained the information which is now contained in Mr. Logue's affidavit.

---

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service."

---

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

---

From: Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
Sent: Monday, March 24, 2008 11:08 AM
To: Groth, David
Cc: NHB Team
Subject: RE: St. Paul a/s/o Gallaudet University v. Captiol Sprinkler v. Guest Services

1

EXHIBIT 5

Re:  Motion to Strike Guest Services' Reply [68]

Mr. Groth:

1. I anticipate filing a motion to strike Guest Services' Reply [68], which was filed on March 7. The basis for this motion is Guest Services' 'sandbagging', as Judge Kollar-Kotelly used the term in Sangar v. Geren.

2. Specifically, Guest Service has raised in this reply, new factual and legal arguments that were not raised in its Opening memorandum [59].
In the Reply, Guest Services relies inter alia, upon the affidavit of Mr. Logue for propositions cited on 7 of its 15 pages.

3. Despite the prominence given to Mr. Logue it in its Reply, Guest Services' Opening memorandum is completely devoid of any reference to him. Moreover, during the discovery phase, counsel for Capitol Sprinkler Noticed the deposition of Guest Services' 30(b)(6) person most knowledgeable about the access it gave to Capitol Sprinkler on the relevant day, and Guest Services was unable to produce anyone with any knowledge of this subject matter. Now, it appears that this gentleman is able to speak to the subject.

4. Please let me know your position.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com