## Stephen Horvath

**From:** Stephen Horvath
**Sent:** Monday, March 24, 2008 6:46 PM
**To:** 'Brooks Jr., Norman H.'
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,
   Did I miss something in our exchange? I was trying to work with you on the issue of the request to file a response to the reply, and I am still willing to work with you on this. You should not interpret my prior email as a blanket objection, but rather as an effort to resolve the dispute. If you would like to respond to the merits of my proposal, please let me know. I stand ready to discuss the issues, and come to a reasonable resolution of the issues. I suggest that if you are interested in trying to resolve the issue, please give me a call.
   I can only interpret your paragraph on not agreeing with my representations to mean that you have no facts contrary to what I stated. If I was in error, please let me know. Did you respond to my October letter and state that I was wrong about my understanding that there was an agreement to cancel the depositions? Did you appear at a deposition, and no one else showed up?
   Concerning the request for a Rule 30 (b)(6) deposition, did you ever follow up with another request for such a deposition after we agreed to cancel your notice? Did I miss a request from office to depose Mr. Logue? I note that you feel that it is now necessary to contact Mr. Logue even though his identity had been disclose long ago, and you never once sought to talk to him. I will give you his contact information, but not his social security number or date of birth. Based on all of the problems with identity theft, I do not like to disclose this type of information , and you do not need the confidential information to talk to him.

Steve Logue

115 Nipmuc Road

Framingham, Massachusetts 01702

Phone: 508-872-9006

Are you willing to allow me to talk to the people who have now signed affidavits that you submitted that are contrary to their testimony?

Concerning the "last word" in paragraph 6, I assume that you are referring to your reply to my client's opposition, and I do not object to your being given time to file a reply. Since the opposition and the reply are virtually the same, your reply to my opposition will provide you with the opportunity to fully address the issues with the court.

Steve Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Monday, March 24, 2008 1:47 PM
**To:** Stephen Horvath
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. I understand your below response to voice your objection to our motion to strike the Reply [68]. Your position now requires Capitol Sprinkler to proceed via the motion

2. I do not agree with some of your representations. Rather than waste much time responding to them now, we will address pertinent points in the motion.

3. I will take a minute to address your claimed 'surprise' that I have not already tried to interview Mr. Logue off the record, without notice to you. You should not be surprised because in Guest Services' Rule 26A disclosures, filed 6/6/06, you identified Mr. Logue as being Guest Services' Managing Director. I am not in the habit of speaking with other parties' employees off the record or otherwise without notice to their counsel. You represented at that time, that Mr. Logue's address was at Guest Services on the Gallaudet campus. It now appears that that information was false as of the day those representations were made.

4. It is undisputed that throughout the discovery period, you neglected to update your client's Rule 26A responses by providing Mr. Logue's contact information once you realized that the information provided on 6/6/06 was untrue. The fact that Mr. Logue is no longer employed by Guest Services was not made known during the discovery period.

5. Finally, you misrepresent the facts concerning our Notice to depose your Rule 30(B)(6) witness. We had no discussions of any kind about this in October, 2007. The scope of the deposition was clearly set forth in the Notice. You were required to produce the witness upon whom Guest Services would rely "concerning access to the Conference Center provided to Defendant by the Third Party Defendant on January 9, 2003", without regard to whether the witness is an employee. The simple truth of the matter is that you misrepresented during the relevant time, i.e., during the discovery period, that the witness was employed by Guest Services when in truth, he was not. It now appears that you would have him testify, by means of his affidavit, on the very subject matter identified in our Notice.

5. Even so, I am willing to continue to work to resolve this issue without requiring the Court to decide yet another motion. Toward that end, I ask you to immediately provide me all current contact information that you have for Mr. Logue, including all telephone numbers, addresses and e-mail addresses, as well as his middle name, date of birth, current employer and social security number.

6. If he is willing to cooperate, and you do not oppose Capitol Sprinkler having the last word on the briefing, we may be able to avoid pressing the Court for another decision in this case. Please provide the information without further delay. Thank you for your attention to this.

NORMAN H. BROOKS, JR.,
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Thursday, March 20, 2008 11:21 AM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team; Hamilton, Michael

Mr. Brooks,

In your email and in the pleadings you reference a Rule 30(b)(6) notice to depose my client. You will recall that when you sent the notice in October of 2007, you failed to contact me prior to setting the deposition and then attempted to set the deposition on a date that was not available. We discussed the matter on October 12,2007 and agreed that the depositions would not go forward. I confirmed this in a letter dated October 12. During our conversation you requested that I provide you with the last known addresses for Hubbard and Hamm. Pursuant to our agreement, I provided this information. According to my file you never made any timely follow up request for the deposition of a designee of the corporation, and assumed until your recent pleadings that you did not want a deposition of the corporation. If you had wanted a deposition, I would have made a representative available

Mr Logue is no longer an employee of my client and would not have been the Rule 30(b)(6) designee. I do not have the power to produce him as a witness, let alone a 30(b)(6) witness. Further, I believe that you do not understand how the notice to depose a corporation works. You do not get to select the witness. The corporation designates the individual or individuals who will act as the designee. Since Logue is no longer an employee, I am surprised that you have not tried to interview him.

Concerning the request to file an opposition to the reply, I do not believe that any new issues have been raised, but I also do not object to you designating your reply to my opposition to be considered by the court as an opposition to the reply. I am willing to work with you on this issue and consider your filing a narrow response to the reply. I look forward to hearing from you.

Steve Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Wednesday, March 19, 2008 12:14 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Hamilton, Michael
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Re:  <u>Motion to Strike Guest Services' Reply [68]</u>

Mr. Horvath:

1. I anticipate filing a motion to strike Guest Services' Reply [68], which was filed on March 7. The basis for this motion is your 'sandbagging', as Judge Kollar-Kotelly used the term in *Sangar v. Geren*.

2. Specifically, Guest Service has raised in this reply, new factual and legal arguments that were not raised in its Opening memorandum [59]. In the Reply, Guest Services relies *inter alia*, upon the affidavit of Mr. Logue for propositions cited on 7 of its 15 pages.

3. Despite the prominence given to Mr. Logue it in its Reply, Guest Services' Opening memorandum is completely devoid of any reference to him. Moreover, during the discovery phase, counsel for Capitol Sprinkler Noticed the deposition of Guest Services' 30(b)(6) person most knowledgeable about the access it gave to Capitol Sprinkler on the relevant day, and Guest Services was unable to produce anyone with any knowledge of this subject matter. Now, it appears that this gentleman is able to speak to the subject.

4. Assuming *arguendo* that you do not agree to voluntarily withdraw the Reply [68], please let me know whether we can avoid troubling the court with this motion by means of an agreement that permits the reply to stand, but also allows Capitol Sprinkler an opportunity to file a memorandum addressing the new material. In order to do that, we would need you to quickly produce Mr. Logue for a discovery deposition on the subject matter identified in the Rule 30(b)(6) Notice that we filed in October, 2006. Please let me know if you have any interest in an agreement along these lines. If so, I will follow up with my principal for authority. Thank you for your attention to this.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com