**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————— :
:
ST. PAUL MERCURY INSURANCE COMPANY,:
as Subrogee of Gallaudet University                :
:
    Plaintiff                                                   :
:
        vs.                                                :
:
CAPITOL SPRINKLER INSPECTION, INC        :        Civil Action No. 05-2115 (CKK)
:
    Defendant/Third-Party Plaintiff               :                                        :
:
        vs.                                                :
:
GUEST SERVICES, INC.                                  :
:
    Third-Party Defendant                            :
———————————————————— :

**DEFENDANT/THIRD-PARTY PLAINTIFF CAPITOL SPRINKLER, INC.'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THIRD-PARTY**
**DEFENDANT GUEST SERVICES, INC.'S OPPOSITION TO DEFENDANT'S MOTION**
**TO STRIKE THIRD-PARTY DEFENDANT GUEST SERVICES, INC.'S REPLY TO**
**CAPITOL SPRINKLER'S OPPOSITION TO GUEST SERVICES, INC.'S MOTION**
**FOR SUMMARY JUDGMENT**

        Defendant/Third-Party Plaintiff, Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler"),

hereby submits the within Memorandum of Points and Authorities in Reply to Guest Services,

Inc.'s Opposition to Capitol Sprinkler's Motion to Strike Guest Services, Inc.'s Reply to Capitol

Sprinkler's Opposition to Guest Services' Motion for Summary Judgment:

**I.**     **CAPITOL SPRINKLER'S MOTION TO STRIKE SHOULD BE GRANTED**
        **BECAUSE THIRD-PARTY DEFENDANT GUEST SERVICES HAS NO MOTION**
        **FOR SUMMARY JUDGMENT PRESENTLY PENDING BEFORE THE COURT.**

        In its Memorandum of Points and Authorities in Support of its Motion to Strike [73],

Capitol Sprinkler argued that by Order dated January 28, 2008 [56], the Court denied Guest

Services' motion for summary judgment, without prejudice to re-file it on or before February 15,

2008 [56]. That deadline passed without Guest Services re-filing the motion. Rather than re-file any motion, Guest Services filed a [59] Memorandum of Points and Authorities in support of the previously-denied motion [52]. Simply stated: Guest Services' Reply to Capitol Sprinkler's Opposition to Motion for Summary Judgment [68] should be stricken on that basis alone.

On April 4, 2008, Guest Services filed its Memorandum of Points and Authorities in Opposition to Capitol Sprinkler's Motion [74]. Rather than confront the fact that Guest Services has no Motion for Summary Judgment pending before this Court, Guest Services would attempt to deflect the discussion to its non-conforming Memorandum of Points and Authorities filed, February 12, 2008, and treat the issue as a footnote. See: Third-Party Defendant Guest Services' Memorandum in Opposition [74], p. 5, Fn. 2. Guest Services simply offers no response to the facts that 1) on January 28, 2008, the Court entered a paperless Minute Order denying Third-Party Guest Services' Motion for Summary Judgment for failure to comply with LCvR 7(h) and 56.1, and 2) it failed to re-file its motion.

When an opposing party files a response to a motion, but fails to address certain arguments made by the moving party, "the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002), *cit. omit.* In *Stephenson*, the plaintiff filed an opposition to the defendant's motion to dismiss which neither cited nor discussed any law, and which mentioned almost no facts. The Court treated the defendant's motion to dismiss as conceded, and therefore granted it.

## II.   CAPITOL SPRINKLER'S MOTION TO STRIKE SHOULD BE GRANTED BECAUSE THE UNTIMELY USE OF THE LOGUE AFFIDAVIT IS A 'TEXTBOOK EXAMPLE' OF 'SANDBAGGING'.

Guest Services' identification of Mr. Logue as a person who has "factual information in regards to the incident" is not a fair statement that he has *any* knowledge on the narrow issue

concerning access given to Capitol Sprinkler during the subject inspection. Certainly, Capitol Sprinkler was not required to depose any and all persons identified as having "factual information in regards to the incident". Moreover, it's not unusual for a party to take limited depositions on the liability issue or the damages issue. However, Guest Services does not even identify Mr. Logue as generally having information on the issue of damages or liability. Whereas Mr. Logue was not offered as a witness having *any* knowledge on this subject during the discovery phase, whether he was then a current employee or not, Guest Services should not be entitled to rely on his testimony by means of this Affidavit.

Opposing counsel represents that "at Capitol Sprinkler's request, a representative would have been made available on a date agreeable to all parties". Third-Party Defendants' Memorandum in Opposition [74], p.4. If true, why wasn't a witness produced on this subject when Capitol Sprinkler requested it? The dispute is not necessarily tied to Guest Services' Rule 26(A) Disclosure, but more accurately, to the fact that Capitol Sprinkler's 30(b)(6) Notice was very specific. If Mr. Logue had *any* knowledge on this issue, which Guest Services now contends he does have, he should have been produced.

Guest Services' reliance upon Capitol Sprinkler's argument that "at no point did Guest Services suggest the possibility that Mr. Logue had any degree of knowledge on the subject described in the Rule 30(b)(6) Notice of Deposition" is misplaced. It is undisputed that on June 6, 2006, Guest Services filed its Rule 26(A) Disclosures by identifying Mr. Logue as a person having "factual information in regards to the incident." Parenthetically, Fed. R. Civ. Pro. 26(a)(1)(A) provides that a party identify the subjects of the information about which the witness will testify. Capitol Sprinkler's purported "disclosure" that Mr. Logue "has factual information in regards to the incident" is essentially a non-disclosure. To disclose this is

to disclose nothing more than Mr. Logue is likely to have "discoverable information". If Mr. Logue does not have "discoverable information" within the meaning of Rule 26(a)(1)(A), then his identification is unnecessary under the Rule. Obviously, if Mr. Logue has "discoverable information" within the meaning of the Rule, then he must be identified. If he is required to be identified, then the subjects of his testimony must be disclosed.

Guest Services' disclosure that Mr. Logue "will have factual information in regards to the incident" is essentially a non-disclosure as it does not identify the subjects of his information within the meaning of Rule 26(a)(1)(A). Counsel for Capitol Sprinkler was not, and is not, interested in deposing all persons who may have "factual information in regards to the incident. For example, it has previously been pointed out that Capitol Sprinkler has deposed no damages witnesses in this action. The focus in this action has been the liability issue, and specifically, Capitol Sprinkler's ability to access the area that needed service on one particular day, January 9, 2004. Capitol Sprinkler's Rule 30(b0(6) Notice identifies the very narrow issue on which it wanted discovery.

It is undisputed that on June 6, 2006, Guest Services filed its Rule 26A Disclosure by identifying Mr. Logue as someone having "factual information in regards to the incident". He was identified as being Guest Services' Managing Director. And, his address is identified as being the subject conference center on the Gallaudet University campus. It is also undisputed that during the discovery period, Capitol Sprinkler Noticed the deposition of Guest Services' Fed. R. Civ. Pro. 30(b)(6) witness "concerning access to the conference center provided to Defendant by Third-Party Defendant on January 9, 2003". It is also undisputed that by letter faxed October 12, 2006, Guest Services Counsel represented that he was unable to produce Mr. Hubbard or Mr. Hamm for deposition. Moreover, he indicated that "on such short notice, *[he*

*would] not be able to locate an appropriate 30(b)(6) witness*". To describe this as an "agreement" is to force the definition of agreement. The simple fact is that the parties had no alternative but to forego the depositions previously noticed. By letter of the same date, Guest Services' Counsel memorialized the fact that he represented to Capitol Sprinkler's counsel, that *"I will endeavor to provide you with dates for depositions within the next two weeks"*. It is undisputed that Guest Services provided *no dates* for depositions during the following two weeks, or at any time thereafter.

It now appears that Guest Services now concedes that Mr. Hubbard was deceased as of September 10, 2005. Whereas neither Mr. Hubbard nor Mr. Hamm was employed by Guest Services at the time, opposing Counsel's October 12, 2006 letter cannot be read as suggesting that he would endeavor to provide depositions dates for those two witnesses, to the exclusion of any witness that could be produced on the very narrow access issue specified under the 30(b)(6) Notice of Deposition. He responds that he *would* produce a witness in response to the 30(b)(6) Notice. Yet, he produced none.

In sum, the discovery period closed with Capitol Sprinkler having the reasonable understanding that Mr. Logue remained an employee of Guest Services, and that he had some "factual information" in regards to the incident, but that he had no information "concerning access to the conference center provided to Defendant by Third-Party Defendant on January 9, 2003." It now appears that Mr. Logue had *some* information on that issue, according to his Affidavit. That being so, he should have been produced for deposition in response to the Rule 30(b)(6) Notice.

This is a "textbook example" of Rambo-style litigation tactics that prevent the just and speedy determination of a case, as the court used that phrase in *Canady, et al. v. ERBE USA, et*

*al.*, 307 F.Supp. 2d 2 (D.C.C. 2004).  There, both counsel added new exhibits to their reply briefs in support of motions for summary judgment.  The court reminded counsel that in order to rule intelligently in the case, "the parties must place their best arguments ***and supporting evidence*** in their opening briefs rather than selectively discussing some of their points in opening briefs while reserving other missives for closing briefs."  *Canady, supra*. at 7, cit. *Natural Resources Defense Counsel v. United States EPA,* 25 F.3d 1063, 1072 n.4 (D.C.Cir. 1994) and *Corson & Gruman  Co. v. Nat'l Labor Relations Bd.,* 899 F.2d 47, 50 n.4 (D.C.Cir. 1990).  The Logue affidavit is supporting evidence on which Capitol Sprinkler relies in support of its motion for summary judgment.  The only other testimony on which it relies is the testimony of witnesses produced by others.  Whereas Guest Services offered no witnesses throughout this litigation and whereas the only affirmative testimony is that which it offers through this affidavit in its Reply, this is 'textbook' sandbagging.

## III.    GUEST SERVICES, INC.'S CONTENTION THAT THE LOGUE AFFIDAVIT WAS NECESSARY TO RESPOND TO NEW INFORMATION IS WITHOUT MERIT.

Guest Services' contention that the Logue Affidavit was required by the Vane Affidavit is pure subterfuge.  Mr. Vane was properly produced for deposition on August 14, 2006.  Guest Services also contends that the deposition of Michael Bowlin somehow gave rise for the need for the recent Affidavit.   However, Mr. Bowlin was also properly produced for deposition by opposing counsel on August 14, 200<u>6</u>.

Opposing counsel would create the impression that Mr. Vane, through his Affidavit of February 7, 2008, somehow offered testimony concerning the events of January 25, 2003.  He did not.  Noticeably absent from the Vane Affidavit attached as Exhibit 8 to Guest Services' opposition [74],  is the transmittal receipt that Mr. Vane discussed.  The transmittal receipt was

originally attached as Exhibit 1 to the Vane Affidavit.  In the Affidavit, Mr. Vane set forth his involvement in returning the four sprinkler heads and "T" fitting on January 30, 2003.  A review of the Logue Affidavit demonstrates that none of the statements contained in the Logue Affidavit counter the Affidavit of Mr. Vane.

It is undisputed that the Vane Affidavit was produced for the first time in Capitol Sprinkler's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [64], filed February 29, 2008.  However, Mr. Vane was produced for deposition.  According to the transcript, he was deposed for almost 3 hours. Even so, he was not asked any questions about Capitol Sprinkler's return of the subject sprinkler components.  Hence, the need for this Affidavit.

Attached as Exhibit 1 to the Vane Affidavit was the transmittal.  The complete Affidavit, including the exhibit,  is attached hereto as Exhibit 2.  The transmittal speaks for itself in that on January 30, 2003, certain sprinkler components were returned to a representative of Terrance Hubbard.  Guest Services' Rule 26 Disclosures identify Mr. Hubbard as an employee of Guest Services (despite the fact that he was apparently deceased at the time).  Mr. Vane delivered the components to Mr. Hubbard, and required him to acknowledge receipt of same through his signature.  In sum, the Vane Affidavit makes no reference to events occurring on January 25, 2003.  The only reference to that date is to put the timing of the subsequent repair measures in context as Mr. Vane identified the activity described on the Affidavit as "following the incident of January 5, 2003" (Exhibit 2, par. 3).

To the contrary, the Logue Affidavit is entirely silent about Mr. Vane's return of the components on January 30, 2003.  Clearly, the thrust of Mr. Logue's Affidavit is the issue of

access provided by Guest Services to Capitol Sprinkler on January 23, 2004, the very subject of the Rule30(b)(6) Notice.

## IV.     COUNSEL MADE A GOOD FAITH EFFORT TO RESOLVE THE INSTANT MOTION PRIOR TO FILING SAME.

Capitol Sprinkler made a good-faith effort to determine the existence of any opposition to the relief sought and, if so, to narrow the issues of agreement within the meaning of United States District Court for the District of Columbia  LCvR 7(m).  By electronic transmission dated March 19, 2008, (attached as Exhibit 3), Capitol Sprinkler's counsel notified Guest Services' counsel of its intent to move to strike Guest Services' Reply [68].   The transmission clearly identified the basis of the motion as being the new factual and legal arguments raised by Guest Services in its Reply, which were not fairly raised in its Memorandum in Support [59].  The basis for Defendant's contention of 'sandbagging' on the part of Guest Services was set out in Paragraph 3 (3/19/08 e-mail, attached as Exhibit 3).   The defense proposed a reasonable resolution, which could have alleviated the need for a motion, and likely would have required little intrusion upon the Court's time, other than that associated with entering a Stipulated Order. In paragraph 4 of the same transmission, defense counsel suggested a resolution that turned on Guest Services' ability to produce Mr. Logue for deposition.  Counsel was very clear in that if Guest Services could produce him for deposition, and would agree to the filing of a sur-reply, counsel would request authority to resolve the issue in that manner.

Counsel for Guest Services responded the next day (e-mail attached as Exhibit 3), by using the first paragraph to argue the motion, which factual representations are disputed.  There, for the first time, Guest Services disclosed the fact that "Mr. Logue is no longer an employee" of Guest Services.  Instead of working toward a resolution, Opposing Counsel attacked Capitol Sprinkler's counsel's understanding of Fed. R. Civ. Pro. 30(b)(6).   Finally, opposing counsel

claimed "surprise" that Capitol Sprinkler's counsel had not tried to interview Mr. Logue already. There should have been no surprise. Guest Services' Counsel should have been surprised *had* Capitol Sprinkler's Counsel attempted to discuss this matter with Mr. Logue because throughout the discovery period, and at all times during the interim between expiration of the discovery period and Mr. Horvath's 3/20/08 transmission (Exhibit 3), Guest Services represented that Mr. Logue was an employee of Guest Services.

On or about June 6, 2006, Guest Services filed it's Rule 26(A) Disclosures. [21]  In its disclosures, Guest Services represented to the Court and Counsel, that as of the filing of those disclosures on 6/6/06, Mr. Logue was the Managing Director for Guest Services. Consistent with that, Guest Services represented that Mr. Logue's business address was at the subject conference center on the Gallaudet University premises. At no time throughout the discovery period, and at no time prior to the filing of Guest Services' Reply [72] filed on 3/21/08, did Guest Services ever represent that Mr. Logue was no longer employed by it, or that Capitol Sprinkler could contact him. Nor did Guest Services provide his contact information. Capitol Sprinkler was reasonable in its expectation that Guest Services would comply with the rules of discovery by providing accurate, current information in its discovery responses. This is particularly true given the fact that in response to the same interrogatory in Guest Services' Rule 26(A) Disclosures [21], Guest Services identified Nick Dimeglio as a "past employee of Guest Services, Inc." In sum, Mr. Horvath's 3/20 e-mail was very clear in that he made no attempt to arrange for the deposition of Mr. Logue, nor was he inclined to do so.

Rather than use the opportunity to discuss resolution of the issue, opposing Counsel preferred to attack Capitol Sprinkler's Counsel's knowledge of the rule. Even so, Capitol Sprinkler's Counsel responded on March 24 (i.e., ten days prior to filing the motion) in an effort

to address Guest Services' arguments. Capitol Sprinkler's Counsel specifically reminded opposing Counsel that we were willing to continue to work to resolve the issue without the need for a motion. However, it became obvious through the deteriorating discussion set out in Mr. Horvath's 3/24/08 reply (Exhibit 3) that Counsel would be unable to resolve the motion. Certainly, Guest Services was in no position to request statements from Capitol Sprinkler's witnesses.

Opposing counsel somehow likened the Affidavit of Mr. Logue to the affidavits attached to Capitol Sprinkler's Memoranda. By making that suggestion, Guest Services' Counsel fails to appreciate the obvious difference between these witnesses. Capitol Sprinkler included affidavits from Vernon Vane, Tom Scott and Mike Bowlin. All three were timely identified in Capitol Sprinkler's discovery responses. Plaintiff chose to depose two of the three. Guest Services Noticed the deposition of none. Tom Scott was identified as the person who accompanied Mr. Bowlin during the subject inspection. By suggesting that Capitol Sprinkler now "allow [Opposing Counsel] to talk to the people who have now signed affidavits that [Capitol Sprinkler] submitted", Guest Services' Counsel fails to appreciate the distinction in the fact that two of the three were in fact deposed, and that the third was properly identified. Whereas Mr. Logue was identified as being an employee of Guest Services throughout the entire discovery phase, and whereas Guest Services did not produce him for a Rule 30(b)(6) deposition on the subject of access, Capitol Sprinkler was reasonable in concluding that Mr. Logue had no knowledge about the access issue, or that it would not rely on him for it. Whereas Capitol Sprinkler was unable to produce any witness having knowledge on the access issue, and whereas, according to the Logue Affidavit, he apparently has *some* knowledge on the issue, he should have been produced for deposition.

In sum, it became obvious as of 3/24/08 that Guest Services would make no effort to arrange for the deposition or any statement by Mr. Logue. Although the parties continued to discuss resolution, the discussion continued to deteriorate. Although Counsel for Guest Services has provided the Court a copy of his April 1 letter, he has not provided a copy of Capitol Sprinkler's response. It was forwarded by e-mail on April 3, 2008. (Exhibit 4). The response (attached as Exhibit 5), again memorialized Capitol Sprinkler's attempt to resolve this motion by means of a deposition of Mr. Logue, among other things. Whereas Guest Services would undertake no effort to produce him, the parties clearly could not reach agreement. Counsel for Guest Services recognized the impasse, replying by e-mail the same day (Exhibit 4), that, "It appears that we will have to let the court decide …".

For the foregoing reasons, Defendant/Third-Party Plaintiff Capitol Sprinkler's Motion to Strike Third-Party Defendant Guest Services Reply [68], should be granted.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

 */s/ Donald R. Kinsley*
Michael T. Hamilton, Esquire (Bar ID No. 474233)
Donald R. Kinsley, Esquire (Bar ID No. 432998)
Norman H. Brooks, Jr., Esquire (PHV)
913 N. Market Street, Ste. 800
Wilmington, DE 19801
*Attorneys for Defendant/Third-Party Plaintiff Capitol Sprinkler Inspection, Inc.*

DATE:  April 11, 2008