# EXHIBIT 1

LAW OFFICES

## TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P. C.

3920 UNIVERSITY DRIVE

FAIRFAX, VIRGINIA 22030
—
POST OFFICE BOX 22

FAIRFAX, VIRGINIA 22038-0022
—
(703) 385-1000

(703) 385-1555 (FAX)

BENJAMIN J. TRICHILO
STEVEN W. BANCROFT
JOHN D McGAVIN •
STEPHEN A. HORVATH •
JULIA B. JUDKINS
MELISSA HOGUE KATZ •
DAWN E. BOYCE •
HEATHER K. BARDOT
MICHAEL E. THORSEN

STEPHEN A. MARSHALL •
JOSEPH S. ABRENIO
MICHAEL J. LOWELL
MICHAEL D. MELLEN

OF COUNSEL
JOSEPH C. VEITH III •

•ALSO ADMITTED IN DC

October 12, 2006

**Via Facsimile**
Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, Delaware 19801

> Re: *St. Paul Mercury Insurance company as Subrogee of Gallaudet University v. Captiol Sprinkler Inspection, Inc. and Guest Services, Inc.*
> U.S. District Court for the District of Columbia
> Case No. 1:05 CV-02115

Dear Mr. Brooks:

This will confirm my statements to you on Thursday, October 12, 2006, that I am not available for depositions on October 16, 2006. I would have appreciated your having called me beforehand to determine my availability.

Further, I will not produce witnesses on such short notice. As you know, Terrance Hubbard is no longer an employee of Guest Services, Inc. It is my understanding that David Hamm has moved out of the area.

Further, on such short notice, I will not be able to locate an appropriate 30 (B) (6) witness. As a result, we have agreed that the depositions will not be going forward on Monday. I have further indicated to you that I will endeavor to provide you with dates for depositions within the next two weeks.

I understand that you have requested an extension of time for the designation of expert witnesses. Since your Expert Witness Designation would have been due on Monday, I am not quite sure how depositions that would have been taken late in

Norman H. Brooks, Jr., Esquire
October 12, 2006
<u>Page 2</u>

the afternoon on Monday, the 16th, would have enabled you to prepare an Expert report, also due on the 16th.

I would have been happy to have worked with you concerning scheduling depositions if I had had more advance notice. However, without more advance notice, I cannot work with you on having the depositions go forward on the 16th, nor can I at this time agree to an extension of time for Expert Designations, particularly in light of the fact that you have indicated that you intend to have an expert testify against Guest Services, Inc.

Sincerely,

Stephen A. Horvath

SAH:ikw
cc:    David J. Groth, Esquire

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ST. PAUL MERCURY INSURANCE COMPANY, :
as Subrogee of Gallaudet University               :
                                          :
      Plaintiff                                        :
                                            :
        vs.                                          :
                                            :
CAPITOL SPRINKLER INSPECTION, INC     :          CASE NO. 1:05CV02115 (CKK)
                                            :
      Defendant                                    :
                                            :
        vs.                                          :
                                            :
GUEST SERVICES, INC.                          :
                                            :
      Third-Party Defendant                        :

### AFFIDAVIT OF VERNON VANE

STATE OF MARYLAND                             :
                                            :
COUNTY OF HOWARD                              :

BE IT REMEMBERED that on this 7th day of February, 2008, personally appeared before me, the Subscriber, a notarial officer authorized to administer oaths in the State and County aforesaid, VERNON VANE, personally known to me as such, and being duly sworn, did depose and attest to the following:

I, *Vernon Vane*, hereby give oath and affirm, under the penalties of perjury, that I am over 18 years of age, *sui juris* and competent to testify in court, and that I have personal knowledge of the matters related herein. I am informed of and believe them to be true, and upon that ground, I declare them to be true and correct to the best of my knowledge and belief:

{DE102611.1}

1.     I am currently employed as the Supervisor of Inspection for Defendant Capitol Sprinkler Inspection, Inc.

2.     I was deposed in this litigation on Monday, August 14, 2006.

3.     Following the incident of January 25, 2003, representatives of Capitol Sprinkler Contracting, Inc. performed certain repairs to the subject fire protection system and restored it to service. As part of that process, Capitol Sprinkler Contracting replaced four sprinkler heads and one "Tee" fitting.

4.     I then returned the original components to an agent of Guest Services, Inc., at the Kellogg Conference Center. The components are identified on the receipt/letter of transmittal, attached as Exhibit 1.

5.     When I returned the components to Guest Services, Inc., I met its agent at the Kellogg Conference Center. He identified himself as Terrance F. Hubbard.

6.     He appeared about 5'10" tall and had a medium build. He appeared in his 30's or 40's.

7.     The color of his skin was dark for a Caucasian, and light for an African American: I would describe his race as being mixed.

8.     Mr. Hubbard took possession of the original components, vis., the one "Tee" fitting and 4 sprinkler heads that had been removed from the system. At that time, I requested Mr. Hubbard to sign the transmittal, attached as Exhibit 1, in an effort to acknowledge receipt, and he complied.

{DE102611.1}

_VERNON VANE_

SWORN TO and SUBSCRIBED before me the day and year first above written.

_Ann Golden, Notary Public_

My Commission Expires: _12 - 1 - 08_

**CAPITOL SPRINKLER CONTRACTING, INC.**
6550 Dobbin Road
COLUMBIA, MARYLAND 21045

Baltimore (410) 730-4711
Maryland (301) 982-1023

**LETTER OF TRANSMITTAL**

| | |
|---|---|
| DATE *January 24 2003* | JOB NO. |
| ATTENTION *David Ham* | |
| RE: | |

TO *Guest Services*
*% Gallaudet Conference Centre*
*800 Florida Ave NE. Wash D.C. 20002*

RE: *Return of Fittings & Sprinkler Heads*

WE ARE SENDING YOU ☐ Attached ☐ Under separate cover via _____ the following items:

☐ Shop drawings ☐ Prints ☐ Plans ☑ Samples ☐ Specifications
☐ Copy of letter ☐ Change order ☐ _____

| COPIES | DATE | NO. | DESCRIPTION |
|---|---|---|---|
| | | 4 | *Viking Mod M 1994 - Glass Bulb 200° F Brass Upright Sprinklers* |
| | | 1 | *1X1X½ Blk C.I. Tee* |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval     ☐ Approved as submitted     ☐ Resubmit _____ copies for approval
☐ For your use     ☐ Approved as noted     ☐ Submit _____ copies for distribution
☑ As requested     ☐ Returned for corrections     ☐ Return _____ corrected prints
☐ For review and comment     ☐ _____
☐ FOR BIDS DUE _____     ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS _____

COPY TO _____

SIGNED: _____ *Terrence F Hubbard*

If enclosures are not as noted, kindly notify us at once.

# EXHIBIT 3

## Brooks Jr., Norman H.

**From:** Stephen Horvath [SHorvath@tbmhjlaw.com]
**Sent:** Monday, March 24, 2008 6:46 PM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,

    Did I miss something in our exchange? I was trying to work with you on the issue of the request to file a response to the reply, and I am still willing to work with you on this. You should not interpret my prior email as a blanket objection, but rather as an effort to resolve the dispute. If you would like to respond to the merits of my proposal, please let me know. I stand ready to discuss the issues, and come to a reasonable resolution of the issues. I suggest that if you are interested in trying to resolve the issue, please give me a call.

    I can only interpret your paragraph on not agreeing with my representations to mean that you have no facts contrary to what I stated. If I was in error, please let me know. Did you respond to my October letter and state that I was wrong about my understanding that there was an agreement to cancel the depositions? Did you appear at a deposition, and no one else showed up?

    Concerning the request for a Rule 30 (b)(6) deposition, did you ever follow up with another request for such a deposition after we agreed to cancel your notice? Did I miss a request from office to depose Mr. Logue? I note that you feel that it is now necessary to contact Mr. Logue even though his identity had been disclose long ago, and you never once sought to talk to him. I will give you his contact information, but not his social security number or date of birth. Based on all of the problems with identity theft, I do not like to disclose this type of information , and you do not need the confidential information to talk to him.

Steve Logue

115 Nipmuc Road

Framingham, Massachusetts 01702

Phone: 508-872-9006

Are you willing to allow me to talk to the people who have now signed affidavits that you submitted that are contrary to their testimony?

Concerning the "last word" in paragraph 6, I assume that you are referring to your reply to my client's opposition, and I do not object to your being given time to file a reply. Since the opposition and the reply are virtually the same, your reply to my opposition will provide you with the opportunity to fully address the issues with the court.

Steve Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Monday, March 24, 2008 1:47 PM
**To:** Stephen Horvath
**Cc:** NHB Team
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Horvath:

1. I understand your below response to voice your objection to our motion to strike the Reply [68]. Your position now requires Capitol Sprinkler to proceed via the motion.

2. I do not agree with some of your representations. Rather than waste much time responding to them now, we will address pertinent points in the motion.

3. I will take a minute to address your claimed 'surprise' that I have not already tried to interview Mr. Logue off the record, without notice to you. You should not be surprised because in Guest Services' Rule 26A disclosures, filed 6/6/06, you identified Mr. Logue as being Guest Services' Managing Director. I am not in the habit of speaking with other parties' employees off the record or otherwise without notice to their counsel. You represented at that time, that Mr. Logue's address was at Guest Services on the Gallaudet campus. It now appears that that information was false as of the day those representations were made.

4. It is undisputed that throughout the discovery period, you neglected to update your client's Rule 26A responses by providing Mr. Logue's contact information once you realized that the information provided on 6/6/06 was untrue. The fact that Mr. Logue is no longer employed by Guest Services was not made known during the discovery period.

5. Finally, you misrepresent the facts concerning our Notice to depose your Rule 30(B)(6) witness. We had no discussions of any kind about this in October, 2007. The scope of the deposition was clearly set forth in the Notice. You were required to produce the witness upon whom Guest Services would rely "concerning access to the Conference Center provided to Defendant by the Third Party Defendant on January 9, 2003", without regard to whether the witness is an employee. The simple truth of the matter is that you misrepresented during the relevant time, i.e., during the discovery period, that the witness was employed by Guest Services when in truth, he was not. It now appears that you would have him testify, by means of his affidavit, on the very subject matter identified in our Notice.

5. Even so, I am willing to continue to work to resolve this issue without requiring the Court to decide yet another motion. Toward that end, I ask you to immediately provide me all current contact information that you have for Mr. Logue, including all telephone numbers, addresses and e-mail addresses, as well as his middle name, date of birth, current employer and social security number.

6. If he is willing to cooperate, and you do not oppose Capitol Sprinkler having the last word on the briefing, we may be able to avoid pressing the Court for another decision in this case. Please provide the information without further delay. Thank you for your attention to this.

NORMAN H. BROOKS, JR.,
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Stephen Horvath [mailto:SHorvath@tbmhjlaw.com]
**Sent:** Thursday, March 20, 2008 11:21 AM
**To:** Brooks Jr., Norman H.
**Cc:** NHB Team; Hamilton, Michael
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Mr. Brooks,

In your email and in the pleadings you reference a Rule 30(b)(6) notice to depose my client. You will recall that when you sent the notice in October of 2007, you failed to contact me prior to setting the deposition and then attempted to set the deposition on a date that was not available. We discussed the matter on October 12,2007 and agreed that the depositions would not go forward. I confirmed this in a letter dated October 12. During our conversation you requested that I provide you with the last known addresses for Hubbard and Hamm. Pursuant to our agreement, I provided this information. According to my file you never made any timely follow up request for the deposition of a designee of the corporation, and assumed until your recent pleadings that you did not want a deposition of the corporation. If you had wanted a deposition, I would have made a representative available

Mr Logue is no longer an employee of my client and would not have been the Rule 30(b)(6) designee. I do not have the power to produce him as a witness, let alone a 30(b)(6) witness. Further, I believe that you do not understand how the notice to depose a corporation works. You do not get to select the witness. The corporation designates the individual or individuals who will act as the designee. Since Logue is no longer an employee, I am surprised that you have not tried to interview him.

Concerning the request to file an opposition to the reply, I do not believe that any new issues have been raised, but I also do not object to you designating your reply to my opposition to be considered by the court as an opposition to the reply. I am willing to work with you on this issue and consider your filing a narrow response to the reply. I look forward to hearing from you.

Steve Horvath

---

**From:** Brooks Jr., Norman H. [mailto:nbrooks@mooclaw.com]
**Sent:** Wednesday, March 19, 2008 12:14 PM
**To:** Stephen Horvath
**Cc:** NHB Team; Hamilton, Michael
**Subject:** RE: St.Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler v. Guest Services

Re:  Motion to Strike Guest Services' Reply [68]

Mr. Horvath:

1.  I anticipate filing a motion to strike Guest Services' Reply [68], which was filed on March 7.  The basis for this motion is your 'sandbagging', as Judge Kollar-Kotelly used the term in *Sangar v. Geren*.

2.  Specifically, Guest Service has raised in this reply, new factual and legal arguments that were not raised in its Opening memorandum [59].  In the Reply, Guest Services relies *inter alia*, upon the affidavit of Mr. Logue for propositions cited on 7 of its 15 pages.

3.  Despite the prominence given to Mr. Logue it in its Reply, Guest Services' Opening memorandum is completely devoid of any reference to him. Moreover, during the discovery phase, counsel for Capitol Sprinkler  Noticed the deposition of Guest Services' 30(b)(6) person most knowledgeable about the access it gave to Capitol Sprinkler on the relevant day, and Guest Services was unable to produce anyone with any knowledge of this subject matter. Now, it appears that this gentleman is able to speak to the subject.

4. Assuming *arguendo* that you do not agree to voluntarily withdraw the Reply [68], please let me know whether we can avoid troubling the court with this motion by means of an agreement that permits the reply to stand, but also allows Capitol Sprinkler an opportunity to file a memorandum addressing the new material.  In order to do that, we would need you to quickly produce Mr. Logue for a discovery deposition on the subject matter identified in the Rule 30(b)(6) Notice that we filed in October, 2006.  Please let me know if you have any interest in an agreement along these lines.  If so, I will follow up with my principal for authority. Thank you for your attention to this.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

# EXHIBIT 4

## Brooks Jr., Norman H.

**From:**      Stephen Horvath [SHorvath@tbmhjlaw.com]
**Sent:**      Thursday, April 03, 2008 11:12 AM
**To:**        Murphy, Michelle
**Cc:**        NHB Team
**Subject:**   RE: St. Paul Mercury Ins. Co. a/s/o  Gallaudet University v. Capitol Sprinkler Inspection v.
               Guest Services

Mr. Brooks.

     It appears that we will have to let the court decide if your statement in the motion
that "at no point did Guest Services suggest the possibility that Mr. Logue had any degree
of knowledge on the subject described in the Rule 30(b)(6) Notice of Deposition" is an
accurate statement.  The notice asked for a witness to testify about "access to the
conference center provided by Gallaudet University on January 9, 2003."  The Rule 26
statement broadly provided "Mr. Logue will have factual information in regards to the
incident."  Am I to understand that under your interpretation, since I did not say
specifically that Mt Logue would talk about "access...provided by Gallaudet" you did not
think Mr. Logue knew anything about the incident?  Under that sort of
interpretation of the notice, Mr. Logue's affidavit did not discuss in
any way access to the conference center by Gallaudet.  Either your
statement in the motion  that  Guest Services did not suggest the "possibility" of "any"
knowledge is incorrect, or the statement as to the scope of the notice is incorrect.  I am
giving you an opportunity to correct the record.

-----Original Message-----
From: Murphy, Michelle [mailto:mmurphy@mooclaw.com]
Sent: Thursday, April 03, 2008 10:38 AM
To: Stephen Horvath
Cc: NHB Team
Subject: St. Paul Mercury Ins. Co. a/s/o Gallaudet University v. Capitol Sprinkler
Inspection v. Guest Services

Mr. Horvath:  Attached please find our correspondence regarding Defendant's Motion to
Strike.

 <<DE106270.DOC>>

Michelle Murphy
Secretary to Norman H. Brooks, Jr.
Marks, O'Neill, O'Brien & Courtney, P.C.
(302) 658-6538

1

# EXHIBIT 5

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW                                                                    www.mooclaw.com

*DELAWARE OFFICE*                                                      *Norman H. Brooks, Jr.*
*Suite 800*                                                                     Member DE Bar
*913 N. Market Street*                                                      nbrooks@mooclaw.com
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*


April 3, 2008


Steven Horvath, Esquire
Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C.
3920 University Drive
P.O. Box 22
Fairfax, VA 22030

                                                          *VIA ELECTRONIC MAIL*

**Re:**  *St. Paul Mercury Ins. Co. a/s/o Gallaudet University*
         *v. Capitol Sprinkler Inspection v. Guest Services, Inc.*
         **Case No. 1:05 cv-02115 (CKK)**
         **Our File No. 387-76020**

Dear Mr. Horvath:

    This responds to your April 1 letter requesting that I withdraw Defendant's Motion to Strike. I decline to do so for the reasons set forth in the memorandum in support. By request dated March 19, 2008, I specifically requested your position on a motion to strike Guest Services' reply [68], and also proposed alternate relief, which included a discovery deposition of the disputed witness. By reply of March 20, you neither agreed to withdraw the reply [68] nor did you agree to a deposition. That being so, I believe we met the requirements of Local Rule 7(m).

    I do not understand your contention that your identification of Mr. Logue as a person who has "factual information in regards to the incident" as being a fair statement that he has any knowledge on the very narrow issue concerning the access given to Capitol Sprinkler during the subject inspection. I truly expected that if Mr. Logue or any other employee had knowledge on the point, you would have produced the witness in conformity with Fed. R. Civ. P. 30(b)(6).

    In yours of March 24, you ask whether Defendant is willing to permit you to talk to people who have allegedly signed affidavits that are contrary to their testimony. The difference is that I not only accurately identified the deponents in my written discovery, I also produced them for deposition. To the contrary, you neither accurately identified Mr. Logue as a former employee, nor did you ever provide his contact information such that on the Court's authority, I could compel his deposition testimony. If you need a more direct response, the answer is, "No" - - I am not willing to allow you to talk to any employee whom I have already produced for

{DE106270.1}

| Philadelphia | Pennsauken | New York City | Pittsburgh | Towson | Doylestown | Elmsford |
| Pennsylvania | New Jersey | New York | Pennsylvania | Maryland | Pennsylvania | New York |

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
April 3, 2008
Page 2

deposition testimony.  I trust this fairly responds to your letter.  Please let me know if you think it does not.


Sincerely,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**


By:   *Norman H. Brooks, Jr.*
        Norman H. Brooks, Jr.


NHB/mlm