UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CAPITOL SPRINKLER INSPECTION, INC.<br><br>　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>GUEST SERVICES, INC.<br><br>　　Third-Party Defendant. | Civil Action No. 05–2115 (CKK) |

**ORDER**
(September 2, 2008)

For the reasons set forth in an accompanying memorandum opinion, it is, this 2nd day of September, 2008, hereby

**ORDERED** that St. Paul's [48] Motion for Partial Summary Judgment is HELD-IN-ABEYANCE; it is further

**ORDERED** that Guest Services's [59] Motion for Summary Judgment against Capitol Sprinkler is HELD-IN-ABEYANCE; it is further

**ORDERED** that Capitol Sprinkler's [57] Motion for Summary Judgment against St. Paul is HELD-IN-ABEYANCE-IN-PART to the extent that it claims Gallaudet was negligent independent of any actions by Guest Services, and DENIED-IN-PART in all other respects; it is further

**ORDERED** that Capitol Sprinkler's [58] Motion for Summary Judgment against Guest Services is DENIED; it is further

**ORDERED** that Guest Services's [69] Motion for Leave for an Extension of Time to file an Opposition to Capitol Sprinkler's Motion for Summary Judgment is DENIED; it is further

**ORDERED** that Capitol Sprinkler's [73] Motion to Strike Guest Services's Reply in support of its Motion for Summary Judgment is DENIED; it is further

**ORDERED** that, on or before September 29, 2008, Capitol Sprinkler shall submit supplemental briefing to the Court as to the following: for Capitol Sprinkler's breach of contract claim, whether Capitol Sprinkler can establish, without an expert opinion, what duty the "ready accessibility" standard of NFPA 25 imposed on Guest Services and/or Gallaudet; for Capitol Sprinkler's negligence claims, whether Capitol Sprinkler can establish, without an expert opinion, that NFPA 25 establishes the requisite standard of care as to these parties, and whether Capitol Sprinkler can prove the following elements corresponding to its three negligence-based defenses:  (1) the standard of care (i.e., what specific duty was required) that was breached when Guest Services allegedly "thwarted" Capitol Sprinkler's inspection, i.e., whether it was based on a breach of the "ready accessibility" standard, and the meaning of "thwarted" in this context, (2) the basis for Gallaudet's allegedly non-transferrable duty to inspect its sprinkler systems (i.e., that NFPA 25 incorporates the distinction between "authority" and "responsibility" that Capitol Sprinkler identifies), and that Gallaudet's transfer or attempted transfer of this duty caused, in whole or in part, the damages in this case, and (3) the standard of care (i.e., what specific duty was required) that was breached when Guest Services allegedly denied Capitol Sprinkler access to sprinkler system components, and the standard of care (i.e., what specific duty was required) that was breached by not performing the maintenance itself.  Finally, Capitol Sprinkler shall set

forth which of the unidentified escort's statements it would seek to admit into evidence at trial, with a description of Capitol Sprinkler's corresponding theory of admissibility as to the same; it is further

**ORDERED** that St. Paul and Guest Services shall submit its supplemental responsive briefing on or before October 20, 2008; and it is further

**ORDERED** that the Court shall review the parties' supplemental briefing and order Capitol Sprinkler to file a reply only if the Court deems it necessary.

Date: September 2, 2008

                                                                       _/s/_
                                                                      COLLEEN KOLLAR-KOTELLY
                                                                      United States District Judge