**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, as Subrogee of Gallaudet University,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAPITOL SPRINKLER INSPECTION, INC.<br><br>　　　　Defendant/Third-Party Plaintiff,<br><br>　　　　v.<br><br>GUEST SERVICES, INC.<br><br>　　　　Third-Party Defendant. | Civil Action No. 05–2115 (CKK) |

**MEMORANDUM OPINION**
(September 29, 2009)

On January 25, 2003, a tee fitting froze and burst in the dry sprinkler system at the Kellogg Conference Center on the campus of Gallaudet University ("Gallaudet") in Washington, D.C., causing significant water damage. This case is about who is legally responsible for the damage. Plaintiff St. Paul Mercury Insurance Company ("St. Paul") was Gallaudet's property insurer, and has been subrogated for Gallaudet in this litigation. St. Paul filed suit alleging breach of contract and negligence against Defendant Capitol Sprinkler Inspection, Inc. ("Capitol Sprinkler"), the company that was contracted to perform semi-annual inspections of the sprinkler system. Capitol Sprinkler, in turn, filed suit against third-party Defendant Guest Services, Inc. ("Guest Services"), the building management company at the conference center, also for breach of contract and negligence.

On September 2, 2008, the Court issued an Order and Memorandum Opinion that denied Capitol Sprinkler's Motions for Summary Judgment and held in abeyance St. Paul's and Guest Services's Motions for Summary Judgment against Capitol Sprinkler. The Court ordered the parties to file supplemental briefing concerning whether Capitol Sprinkler's arguments concerning breach of contract and negligence were cognizable in the absence of any expert testimony proffered by Capitol Sprinkler. Although the Court's Order identified specific issues for the parties to brief, Capitol Sprinkler ignored the Order and submitted a supplemental brief consisting largely of various case descriptions where courts found expert testimony to be unnecessary, and otherwise making little or no attempt to address the issues identified in the Court's Order.

Notwithstanding Capitol Sprinkler's deficient briefing, on June 15, 2009, the Court issued an Order and Memorandum Opinion finding that Capitol Sprinkler could not establish the necessary elements of its breach of contract and negligence arguments in the absence of expert testimony. Accordingly, the Court granted St. Paul's Motion for Partial Summary Judgment as to its breach of contract claim, granted Guest Services's Motion for Summary Judgment, and dismissed Guest Services from further proceedings in this case. The Court shall fully incorporate its Memorandum Opinions dated September 2, 2008, and June 15, 2009, by reference herein, and shall assume familiarity with them for purposes of this Memorandum Opinion.

Currently pending before the Court is a motion brought by Capitol Sprinkler styled as a [84] Motion for Certification of the Court's June 15, 2009 Order pursuant to Federal Rule of Civil Procedure 54(b). In the course of the parties' briefing it became apparent that, despite the title of the motion, Capitol Sprinkler also intended its motion to be construed as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Upon consideration of the

parties' briefing, relevant case law and statutory authority, and the record of the case as a whole, the Court finds that Capitol Sprinkler is entitled to neither form of requested relief. Capitol Sprinkler's [84] Motion for Certification shall be DENIED.

## LEGAL STANDARDS AND DISCUSSION

*A.      Certification of the Court's June 15, 2009 Order*

The Federal Rules of Civil Procedure authorize a district court in a case with multiple parties or multiple claims to "direct the entry of a final judgment as to one or more, but fewer than all, claims or parties," provided the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 56(b). The United States Supreme Court and the Court of Appeals for the District of Columbia Circuit have explained that certification under Rule 54(b) is an exception and is not routinely granted as a matter of course. *See Bldg. Indus. Ass'n of Superior Calif. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

A court faced with a motion for certification under Rule 54(b) must first determine whether the decision at issue is a "final judgment," in the sense that it is an "ultimate disposition" that "determines a claim for relief." *Id.* at 744. Second, the court must determine whether there is any just reason for delay, taking into account "judicial administrative interests" such as "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen'l Elec. Co.*, 446 U.S. 1, 8 (1980). In this case, the parties do not dispute that the Court's June 15, 2009 Order granting Guest Services's Motion for Summary Judgment and dismissing Guest Services from further proceedings in this case produced a "final judgment"

with respect to Guest Services. Accordingly, the remaining issue is whether there is "just reason for delay[ing]" entry of a final judgment under Rule 54(b). In this regard, the Court finds that entry of a final judgment under 54(b) is entirely inappropriate given the facts in this case.

Although Capitol Sprinkler argues that its claims against Guest Services are "separable" from the others remaining to be adjudicated and that there is "no risk" of piecemeal appeals, Def.'s Mot. at 4-5, there is no truth to those assertions. As the Court has emphasized in its previous Memorandum Opinions, Capitol Sprinkler's arguments in favor of its Motions for Summary Judgment were the same arguments that it made to defend itself against St. Paul's and Guest Services's Motions for Summary Judgment. As the Court observed in its June 15, 2009 Memorandum Opinion:

> The arguments advanced by Capitol Sprinkler in support of its (1) defenses to St. Paul's breach of contract and negligence claims, (2) claims against Guest Services for breach of contract and negligence, and (3) opposition to Guest Services's Motion for Summary Judgment, are substantially similar. Throughout this Memorandum Opinion, the Court shall refer to Capitol Sprinkler's "arguments," with the understanding that the arguments were made to defend against St. Paul's Motion for Summary Judgment and to support its own Motion for Summary Judgment against Guest Services and St. Paul.

Jun. 15, 2009 Op. at 2 n.1.

Based on this factual and legal overlap, the putative issues Capitol Sprinkler intends to appeal with respect to the Court's June 15, 2009 decision are the same issues that relate to its dismissed claims and pending defenses against St. Paul. Accordingly, the claims are *not* separable but are the *same*, and as a result, there is a high likelihood that the D.C. Circuit would face multiple and/or piecemeal appeals involving the same issues. Certification under Rule 54(b) is therefore inappropriate. *See Bldg. Indus. Ass'n*, 161 F.3d at 745 (explaining that certification under Rule 54(b) is inappropriate where claims "arise from a nexus of fact and law so

intertwined that if [the D.C. Circuit] decide[s] the one [appeal] now, [it] may nonetheless face many of the same questions in determining the other [appeal] later"); *Navajo Nation v. Peabody Holding Co.*, 209 F. Supp. 2d 269, 274 (D.D.C. 2002) ("an entry of final judgment is inappropriate where . . . issues may be raised on appeal that are common to the remaining parties and claims"). The Court also agrees with St. Paul that allowing Capitol Sprinkler to appeal the Court's June 15, 2009 decision notwithstanding this factual and legal overlap "would be prejudicial to plaintiff because there could be a ruling adverse to the plaintiff's interests in this case without plaintiff having the opportunity to participate in the appeal." Pl.'s Opp'n at 3. Accordingly, the Court shall deny Capitol Sprinkler's Motion to the extent that it seeks certification of a final judgment pursuant to Rule 54(b).[1]

    B.    *Reconsideration of the Court's June 15, 2009 Order*

The Federal Rules of Civil Procedure allow a court to revise its decisions at any time prior to entry of a final judgment on all claims as to all parties. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").[2] A court

---

[1] In its Reply, Capitol Sprinkler raised a new argument concerning agency or third-party beneficiary law. *See* Def.'s Reply to Third-Party Opp'n at 2-3. It is unclear why Capital Sprinkler believes that this argument demonstrates that the remaining issues in this case are separable from those that it intends to appeal from the Court's June 15, 2009 decision. In any event, the Court declines to address this new argument because it was inappropriately raised for the first time in Capitol Sprinkler's Reply, thereby depriving the other parties of the opportunity to brief it.

[2] Although Capitol Sprinkler's motion sought reconsideration Federal Rule of Civil Procedure 59(e) (concerning motions to alter or amend judgments), Rule 54(b) provides the appropriate standard of review where reconsideration is sought as to a decision that adjudicates less than all claims as to all parties.

considers a motion for reconsideration under Rule 54(b) using the "as justice requires" standard espoused in *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005).  This standard requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.*  Considerations a court may take into account under the "as justice requires" standard include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred.  *Singh v. George Washington University*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).  The party seeking reconsideration bears the burden of proving that some harm would accompany a denial of the motion to reconsider:  "[i]n order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell*, 355 F. Supp. 2d at 540.

Capitol Sprinkler's Motion sets forth four putative arguments for appeal, Def.'s Mot. at 7-10, which Capitol Sprinkler identified in their Reply as the bases on which it seeks reconsideration of the Court's June 15, 2009 Order.  Three of the four arguments were previously raised by Capitol Sprinkler and were rejected by the Court, and all four arguments fail to provide a basis for reconsideration of the Court's June 15, 2009 decision.

First, Capitol Sprinkler argues that the Court erroneously concluded that it was "undisputed that the tee fitting [at the conference center] froze and burst because the drum drip had not been drained during the January 9, 2003 inspection." Def.'s Mot. at 7-8 (quoting Mem. Op. at 6 (Jun. 15, 2009)).  The Court rejects this argument for the same reasons stated in its

September 2, 2008 Memorandum Opinion. *See* Mem. Op. at 7 n.3 (Sept. 2, 2008).

Second, Capitol Sprinkler "disagrees" with the Court's interpretation of the D.C. Code concerning the use of the National Fire Protection Association ("NFPA") 25, a set of standards concerning the inspection, testing, and maintenance of water-based fire protection systems. Def.'s Mot. at 8. The Court rejects as meritless Capitol Sprinkler's disagreement for the reasons stated in its June 15, 2009 Memorandum Opinion. *See* Mem. Op. at 11-24 (Jun. 15, 2009).[3]

Third, Capitol Sprinkler argues that the Court should have submitted all of Capitol Sprinkler's proffered facts or arguments to a jury, irrespective of whether it could have supported those facts or arguments with expert testimony. Def.'s Mot. at 10. The Court rejects this argument for the reasons stated in its June 15, 2009 Memorandum Opinion. *See* Mem. Op. at 11-24 (Jun. 15, 2009).

Capitol Sprinkler's fourth argument – and the only argument the Court has not addressed in its previous Memorandum Opinions – is that the Court "comment[ed] that the testimony of Capitol Sprinkler employee Michael Bowlin '[was] internally inconsistent," which Capitol Sprinkler argues was an "evaluation of the truthfulness and credibility a [sic] witness." Def.'s Mot. at 7. Even a cursory reading of the Court's Memorandum Opinion reveals that, far from evaluating Bowlin's credibility, the Court included the referenced language in the factual background section of its Memorandum Opinion to provide the context for the parties' arguments. The referenced language and Bowlin's credibility were *not* facts on which the Court

---

[3] Although Capitol Sprinkler also argues that this Court misapplied *McNeil Pharmaceutical v. Hawkins*, 686 A.2d 567 (D.C. 1996), because statutes and regulations may be submitted to the jury with "guidance by the Court," Def.'s Mot. at 9, Capitol Sprinkler has provided no basis from which the Court could reasonably find (in the absence of speculation) that the interpretation of NFPA 25 advanced by Capitol Sprinkler's attorneys is correct – as the Court discussed at length in its June 15, 2009 Memorandum Opinion.

relied to resolve the parties' motions. *See* [77] Mem. Op. at 18-47 (Sept. 2, 2008); [83] Mem. Op. at 11-25 (Jun. 15, 2009). Far from "dismissing Mr. Bowlin's testimony due to a single inconsistency," Def.'s Reply to Pl.'s Opp'n at 3, the Court expressly stated that Mr. Bowlin's deposition testimony was "not refuted by contradictory evidence in the record" and the Court made no references to his truthfulness or credibility throughout its Memorandum Opinions. The Court therefore finds this argument to be without merit, and concludes that no reconsideration of its June 15, 2009 Order is warranted.

## CONCLUSION

For the reasons set forth above, the Court shall DENY Capitol Sprinkler's [84] Motion for Certification of the Court's June 15, 2009 Order. An appropriate Order accompanies this Memorandum Opinion.

Date: September 29, 2009

                                               /s/
                                       **COLLEEN KOLLAR-KOTELLY**
                                       United States District Judge